IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-067-Z |
| | § | |
| JOSEPH R. BIDEN, JR. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Application for Admission *Pro Hac Vice* (ECF No. 6) filed on April 19, 2021. D. John Sauer is an attorney licensed to practice in the State of Missouri. Mr. Sauer represented to the Court that he has read *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), and the Local Civil Rules for the Northern District of Texas and will comply with the standards set forth in *Dondi* and the Local Rules.[1]

After considering such pleadings, the Court finds that Plaintiffs' Application for Admission *Pro Hac Vice* (ECF No. 6) should be and is hereby **GRANTED**. The Court **ORDERS** that D. John Sauer may represent Plaintiffs in this matter, subject to further order of the Court.

**SO ORDERED**.

May 3, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] Northern District of Texas Local Rule 83.10(a) requires local counsel to reside or maintain the attorney's principal office in this district, *and* the attorney's residence or principal office must be located within 50 miles of the courthouse in the division in which the case is pending. Mr. Sauer's designated local counsel, William Thompson, does not fulfill that requirement as Mr. Thompson maintains his office in Austin, Texas. However, Mr. Thompson is a member of the Texas Attorney General's Office which is exempted from the local counsel requirement. *See* Local R. 83.11. Because of this unique situation, the Court uses its discretionary power under Local Rule 83.1 to dispense with the local counsel requirement in this case.