IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>    *Defendants*. | Civil Action No. 2:21-cv-00067-Z |

## DEFENDANTS' OPPOSED MOTION TO STAY PROCEEDINGS PENDING RULING ON THEIR MOTION TO TRANSFER AND UNOPPOSED MOTION TO EXPEDITE

BRIAN M. BOYNTON
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

EREZ REUVENI
Assistant Director

JOSEPH A. DARROW
Trial Attorney

FRANCESCA GENOVA
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 305-1062
Francesca.M.Genova@usdoj.gov

Defendants respectfully move this Court to stay all briefing and proceedings in this case pending resolution of Defendants' motion to transfer, ECF 11, and expedite briefing of this motion.[1] For the following reasons that establish good cause, Defendants respectfully request that the Court set a briefing schedule of May 24 for Plaintiffs' Response to this Motion and May 28 for Defendants' Reply. Defendants conferred with Plaintiffs, who oppose the motion to stay. Plaintiffs do not oppose the motion to expedite briefing of this stay motion.

On April 13, 2021, Plaintiffs the States of Texas and Missouri filed this lawsuit challenging the suspension of new enrollments in the Migrant Protection Protocols ("MPP") program pending review, which occurred approximately three months earlier, on January 21, 2021. Compl., ECF 1, Compl. Ex. A. On May 3, 2021, the government moved to transfer this case to the Southern District of Texas because the Rio Grande Valley is the largest hub of the activities challenged in this lawsuit and the most appropriate venue for this suit. ECF 11.

Staying the case and all briefing deadlines pending this Court's resolution of that transfer motion would promote the orderly course of justice. As explained below, courts—including the Fifth Circuit—have recognized that a ruling on a motion to transfer should take first priority over any other rulings, both on merits and discovery. That is because any ruling that this Court makes on the preliminary injunction, or any other substantive or procedural issue for that matter, before ruling on the transfer motion would be premature, inefficient, and waste this Court's and the transferee court's resources if this Court were to ultimately grant the motion to transfer.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see United States v. W. Elec.*

---

[1] The government received notice of this Court's order requesting proposed briefing schedules and will file that document by May 20, 2021, per that order. ECF 32. It had already conferred with Plaintiffs on this motion and the unopposed motion to expedite before that order issued.

1

*Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) (that broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar"). Courts consider "the following factors when determining whether to grant a stay of a proceeding: (1) prejudice that the non-moving party will suffer if a stay is granted; (2) hardship and inequity imposed on the moving party if the action proceeds; and (3) interests of judicial economy." *Magana v. Shore Constr., LLC*, No. CV 17-1896, 2017 WL 2911353, at *3 (E.D. La. July 6, 2017); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

Here, all three factors support entering a stay. Addressing the hardship to Defendants and judicial-economy factors first and together, as they substantially overlap here, given Defendants' extant request for transfer of venue to a forum connected to the circumstances challenged in the Complaint, Defendants—and the Court, for that matter—would be harmed if forced to engage in substantive litigation in a forum that ultimately is determined inappropriate and the case is resultantly transferred. *See Magana*, 2017 WL 2911353, at *3.

The Fifth Circuit has held that when a defendant "file[s] its motion to transfer timely and before it file[s] its answer[,] … disposition of that motion should … take[] a top priority in the handling of this case." *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003). That follows from the central purpose of 28 U.S.C. § 1404(a)—the statute under which Defendants have moved to transfer venue—to prevent "wasted time, energy and money" was the paramountcy of "the interest of justice." *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "[T]o undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the

2

transfer issue is decided." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970). Hence, "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *Id.*

Applying this case law, courts routinely stay a case pending resolution of a transfer motion, or decide a transfer motion before any other pending motions, even where other substantive or discovery motion going to the merits is pending. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (finding "no authority ... holding the district court has abused its discretion in denying merits-related discovery pending ruling on a motion for change of venue"); *In re SK hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. 2021) (applying Fifth Circuit law granting mandamus to "stay all proceedings concerning the substantive issues of the case and all discovery" until the district court ruled on the motion to transfer); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (granting mandamus in Eastern District of Texas case to stay proceedings pending resolution of the motion to transfer venue and noting that "when defendants are forced to expend resources litigating substantive matters in an inconvenient venue" it "frustrate[s] 28 U.S.C. § 1404(a)'s intent"); *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (in appeal from the Eastern District of Texas, emphasizing "the importance of addressing motions to transfer at the outset of litigation" because otherwise "Congress' intent 'to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense may be thwarted'") (quoting *Van Dusen*, 376 U.S. at 616); *Klein v. Silversea Cruises, Ltd.*, Case No. 3:14-cv-02699-G, 2014 WL 7174299 (N.D. Tex. Dec.

3

16, 2014) (staying discovery pending resolution of the motion to transfer venue); *Merle Norman Cosms. v. Martin*, 705 F. Supp. 296, 297 (E.D. La. 1988) (deciding section 1404(a) motions to transfer before both previously and subsequently filed motions for preliminary injunctions and summary judgment); *Mobil Oil Corp. v. W. R. Grace & Co.*, 334 F. Supp. 117, 120 (S.D. Tex. 1971) (noting "the Court entered an order staying the submission and/or consideration of discovery and pleading motions until it had acted upon the motions to transfer, sever and stay"); *Louisiana Forestry Ass'n, Inc. v. Solis*, 814 F. Supp. 2d 655, 657 (W.D. La. 2011) (deciding even a subsequently filed motion to transfer venue before denying the first-filed preliminary injunction motion without prejudice to refiling in transferee forum); *Harry Winston, Inc. v. Zale Jewelry Co.*, 191 F. Supp. 686, 693 (S.D.N.Y. 1961) (deciding subsequently filed transfer motion prior to motion for preliminary injunction and staying consideration of the latter pending transfer).

The same applies to the present case. Before the motion to transfer has been fully briefed and ruled upon, any briefing or consideration of Plaintiffs' preliminary injunction motion is premature and could likely waste judicial and the parties' resources. As Defendants explained in the motion to transfer, the Southern District of Texas is the most appropriate and convenient venue, as the locus of events related to this lawsuit has taken place there and that district is familiar with MPP and other border cases, and so transfer should occur in the interests of justice under section 1404. *See generally* ECF 11. It would be a waste of this Court's and the parties' resources to engage in full briefing and analysis of the merits of this case, and potential expedited discovery related to the preliminary injunction motion, when this case may be transferred to a court that would need to consider those issues anew.

The final factor, prejudice to the nonmovant, also supports a stay because staying other deadlines and expediting resolution of this motion will not prejudice Plaintiffs. *See Magana*, 2017

4

WL 2911353, at *3. To start, Plaintiffs at least must have anticipated that their preliminary injunction motion would follow a determination on transfer, as the Fifth Circuit has been clear that a motion to transfer once filed should take priority in the litigation. *In re Horseshoe Ent.*, 337 F.3d at 433. That remains true here, as Defendants' transfer motion was filed before Plaintiffs' preliminary injunction motion.

Moreover, Plaintiffs' four-month delay in seeking preliminary relief suggests that any slight delay to resolution of the preliminary-injunction motion arising from the Court's consideration first of the transfer motion is unlikely to significantly prejudice Plaintiffs. As the Fifth Circuit has recognized, a "'long delay by plaintiff after learning of the threatened harm may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.'" *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 297 (5th Cir. 2012) (quoting 11A Charles Alan Wright et al., Federal Practice and Procedure § 2948.1 (2d ed. 1995)). Thus, the Fifth Circuit has held that where a plaintiff "waited three months before petitioning the district court for temporary relief," the delay was "evidence" of a lack of irreparable harm, *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975). That is precisely the situation here: Plaintiffs cannot seriously contend that they will suffer harm during the short period of time needed to resolve this stay motion and the transfer motion where they waited nearly three months after the then-Acting Secretary's decision to suspend new enrollments in MPP to initiate suit challenging that decision, and where they waited another full month before filing any motion for preliminary injunction. That four-month delay means that Plaintiffs cannot plausibly claim that resolution of the preliminary injunction motion should take precedence over the transfer motion or that they will be irreparably harmed if their preliminary-injunction motion is not immediately decided prior to potential transfer. *See, e.g., Flywheel Fitness, LLC v. Flywheel Sports, Inc.*, No.

5

13-48, 2013 U.S. Dist. LEXIS 195275, at *12 (E.D. Tex. Feb. 6, 2013) (three-month delay in seeking injunctive relief "defeats any claim of irreparable harm"); *accord Ronaldo Designer Jewelry, Inc. v. Cox*, No. 17-2, 2017 U.S. Dist. LEXIS 143047, at *26-27 (N.D. Miss. Sep. 5, 2017) (collecting Fifth Circuit cases); *cf. In re Radmax*, 720 F.3d 285, 289 (5th Cir. 2013) ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer."). The motion to transfer will be fully briefed and ripe for disposition by June 7, 2021, and so need not significantly postpone disposition of the preliminary injunction motion. Indeed, Plaintiffs did not notify Defendants of their intention to file a motion for preliminary injunction until May 14, 2021. By contrast, the Defendants have moved with dispatch, having filed their transfer motion on May 3, 2021, and this motion one business day after Plaintiffs' filing of their preliminary injunction motion. Therefore, Plaintiffs would not be harmed by a brief stay pending disposition of the transfer when they filed the preliminary injunction motion in full knowledge that the motion to transfer was pending.

    In conclusion, for the foregoing reasons, Defendants respectfully request a stay of all briefing and proceedings in this case pending resolution of Defendants' motion to transfer, ECF 11, and to expedite briefing and consideration of this motion, as explained above.

Date: May 17, 2021                                  Respectfully submitted,

                                                    BRIAN M. BOYNTON
                                                    *Acting Assistant Attorney General*

                                                    WILLIAM C. PEACHEY
                                                    *Director*
                                                    Office of Immigration Litigation
                                                    District Court Section

                                                    EREZ REUVENI
                                                    *Assistant Director*

                                                    JOSEPH A. DARROW
                                                    *Trial Attorney*

                                                    */s/ Francesca Genova*
                                                    FRANCESCA GENOVA
                                                    *Trial Attorney*
                                                    U.S. Department of Justice
                                                    Civil Division
                                                    Office of Immigration Litigation
                                                    District Court Section
                                                    P.O. Box 868, Ben Franklin Station
                                                    Washington, DC 20044
                                                    Tel.: (202) 305-1062
                                                    Francesca.M.Genova@usdoj.gov

7

## CERTIFICATE OF CONFERNCE

This is to certify that I have conferred with counsel for Plaintiffs about the relief requested herein and they oppose this motion to stay. Plaintiffs do not oppose the motion to expedite.

> */s/ Francesca Genova*
> Francesca Genova
> Trial Attorney
> United States Department of Justice
> Civil Division

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

> */s/ Francesca Genova*
> Francesca Genova
> Trial Attorney
> United States Department of Justice
> Civil Division