# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS and | § § § | |
| THE STATE OF MISSOURI, | § § | |
| Plaintiffs, | § § | Case No. 2:21-cv-00067-Z |
| v. | § § | |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*, | § § § § | |
| Defendants. | § | |

## PLAINTIFFS' PROPOSED BRIEFING SCHEDULE

On May 17, 2021, this Court ordered the parties "to s*eparately* propose a briefing schedule with respect to Plaintiffs' Motion for Preliminary Injunction." ECF 32. Plaintiffs propose that the parties follow the schedule established by the local rules: 21 days for Defendants to respond (Friday, June 4) and 14 days for Plaintiffs to reply (Friday, June 18). *See* N.D. Tex. L.R. 7.1(e)–(f). Because Defendants' actions are causing ongoing irreparable harm, *see* ECF 30 at 28–29, extending the briefing schedule would be inappropriate. In fact, Plaintiffs hope to file their reply brief in substantially fewer than 14 days, but as explained below, the feasibility of doing so will depend on issues that have not yet been resolved. Plaintiffs would respectfully request a preliminary injunction hearing at the Court's earliest convenience after briefing is complete.

The Court also ordered the parties to "address whether, and to what extent, expedited discovery is necessary." ECF 32. In Plaintiffs' view, the dispute between the parties is primarily legal, rather than factual, and there is a good chance that discovery will be unnecessary. That said, it is possible that Defendants' response to the Motion for Preliminary Injunction may necessitate

expedited discovery. For example, Plaintiffs do not expect Defendants to dispute the basic factual contentions regarding how Defendants are implementing the January 20 Memorandum and the effect that implementation is having on the number of illegal aliens in the United States. *See, e.g.*, ECF 30 at 4–8. But if Defendants dispute those facts in their response, then expedited discovery of Defendants' records about and knowledge of the ongoing immigration crisis would likely be appropriate.

Similarly, Plaintiffs expect Defendants will certify a short administrative record consisting of the January 20 Memorandum itself. *Cf. Texas v. United States*, No. 6:21-cv-3, 2021 WL 723856, at *41 (S.D. Tex. Feb. 23, 2021) ("[T]he administrative record in this case consists of the two-page Executive Order and the five-page January 20 Memorandum itself."). But if Defendants submit an administrative record with unexpected material or attempt to defend the January 20 Memorandum with material outside the administrative record, *but see* ECF 30 at 10–11, then expedited discovery concerning those materials would likely be appropriate.

On May 19, 2021, the parties conferred regarding Defendants' position on the administrative record and certain evidentiary issues. Defendants informed Plaintiffs that they had not yet reached a decision on those issues. Plaintiffs understand that Defendants will have made those decisions by the time they file their response to the Motion for Preliminary Injunction. As a result, Plaintiffs respectfully suggest the following approach: Within 3 days of Defendants' filing their response to the Motion for Preliminary Injunction, the parties should confer and then file short statements regarding their positions on the need for discovery of Defendants to be conducted.[1]

---

[1] Plaintiffs do not understand Defendants to be seeking discovery from Plaintiffs. *See* ECF 11 at 9 n.6 ("Defendants maintain that no discovery is warranted."). But to the extent Defendants think discovery of Plaintiffs is necessary, that issue should be addressed before Defendants file their response rather than after.

Finally, the Court ordered the parties to "address whether the Court should advance the trial on the merits and consolidate it with the preliminary injunction hearing." ECF 32. As explained above, Plaintiffs understand the dispute between the parties to be primarily legal, not factual. If that turns out to be right, then Plaintiffs believe consolidating the trial and the preliminary-injunction hearing would be appropriate. *See* Fed. R. Civ. P. 65(a)(2); *Alexander v. Cahill*, 5:07-cv-117, 2007 WL 1202402, at \*3 (N.D.N.Y. Apr. 23, 2007) ("Consolidation is favored in this case because the dispute is primarily legal rather than factual and only limited discovery is required."). But Plaintiffs cannot determine whether consolidation is appropriate until they know how Defendants will treat various factual and evidentiary issues, as discussed above. For that reason, Plaintiffs respectfully suggest that the parties address consolidation when they address discovery. The slight delay in resolving the consolidation question would not be an impediment because consolidation can be ordered "[b]efore or after beginning the hearing on a motion for a preliminary injunction." *Id.*

Date: May 20, 2021

Respectfully submitted.

ERIC S. SCHMITT
Attorney General of Missouri

/s/ *D. JOHN SAUER*
D. JOHN SAUER, #58720MO*
Solicitor General

JESUS A. OSETE, #69267MO*
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-8870
Fax (573) 751-0774
John.Sauer@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

*Admitted pro hac vice

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General
Texas Bar No. 24076720

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

/s/ *William T. Thompson*
WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
*Attorney-in-Charge*
Texas Bar No. 24088531

RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov

*Counsel for Plaintiff State of Texas*

**CERTIFICATE OF SERVICE**

I certify that on May 20, 2021, a true and accurate copy of the foregoing document was

filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ William T. Thompson*
William T. Thompson
