IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|  |  |  |
|---|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:21-cv-00067-Z |

**DEFENDANTS' PROPOSED BRIEFING SCHEDULE FOR
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

1

On May 17, 2021, the Court ordered the parties to separately propose briefing schedules for Plaintiffs' Motion for Preliminary Injunction and to address whether the Court "should advance the trial on the merits and consolidate it with the preliminary injunction hearing" under Rule 65(a)(2), and "whether, and to what extent, expedited discovery is necessary." ECF No. 32.

As an initial matter, for the reasons set out in Defendants' Motion to Stay Proceedings Pending Ruling on Their Motion to Transfer, ECF No. 33, Defendants believe that all deadlines and proceedings in this case should be stayed until the Court rules on the transfer motion that will be fully briefed on May 28, 2021, ECF No. 34. If, however, the Court is not inclined to stay proceedings at this juncture, Defendants propose the following.

In this case, the Plaintiff States raise claims under the Administrative Procedure Act ("APA"). *See* ECF No. 1, Compl. ¶¶ 85-98 (Counts I-IV, challenging the January 20 memorandum as "Arbitrary and Capricious Agency Action"). Plaintiffs' remaining claims, alleging violations of the Agreement Between DHS and Texas, the Immigration and Nationality Act ("INA"), specifically 8 U.S.C. § 1225, and the Take Care Clause, are all similarly raised under the APA. *See* ECF No. 1, Compl. ¶ 101 (Count V, arguing the memorandum was issued without following the requirements of the agreement and "is therefore 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'" in violation of the APA); Compl. ¶ 104 (Count VI, arguing the memorandum conflicts with 8 U.S.C. § 1225 and is therefore "agency action" that "[t]he APA prohibits"); Compl. ¶ 113 (Count VII, arguing the memorandum violates the Take Care Clause and that "[u]nconstitutional agency action or inaction violates the APA").

A court reviewing agency action under the APA is limited to reviewing "the whole record or those parts of it cited by the party." 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743-44 (1985). Accordingly, to allow for review of Plaintiffs' claims, Defendants propose

2

that they be given a reasonable amount of time to identify what should be included in and to compile an administrative record for the challenged agency memorandum. Defendants have begun that process and believe that they can compile and produce the administrative record to Plaintiffs within 21 days of the filing of the motion for preliminary injunction, by June 4, 2021. Because Defendants' arguments in response to the motion for preliminary injunction may depend in part on the administrative record, Defendants further propose that they file their response to the motion for preliminary injunction 7 days after producing the record, by June 11, 2021.

On May 19, 2021, the parties conferred on whether discovery is necessary and whether resolution of the motion for preliminary injunction should be consolidated with the merits. Based on that conferral, Defendants' understanding is that the parties may be able to reach an agreement that no discovery is necessary in this case, but it will depend on what the administrative record ultimately looks like. Similarly, whether it is appropriate to consolidate briefing and resolution of the preliminary injunction with briefing and resolution of the merits of the case will depend in part on whether the parties agree that the merits can be resolved based on the administrative record alone. Accordingly, Defendants propose that the schedule provide the parties with time after Defendants produce the administrative record to further confer on discovery and whether the preliminary injunction hearing can be consolidated with the merits. If the parties ultimately agree on these matters they can advise the Court in advance of the States filing their reply in support of their motion for a preliminary injunction, and can notify the Court whether the parties believe any additional briefing will be necessary if the parties agree to treat the motion for preliminary injunction as a motion for summary judgment. If the parties do not agree, they can submit a proposed briefing schedule for resolving any remaining disputes on the sufficiency of the

administrative record and discovery, so that the Court can resolve those issues with the benefit of full briefing.

For these reasons, Defendants respectfully request that, if the Court does not grant Defendants' Motion to Stay Proceedings Pending Ruling on Their Motion to Transfer, ECF No. 33, that the Court set the following schedule and deadlines:

June 4, 2021 –  Defendants produce the administrative record

June 11, 2021 – Defendants' response to the motion for preliminary injunction

June 18, 2021 – Parties confer and either advise the Court that they have reached an agreement on consolidation with the merits and discovery, or propose a briefing schedule for resolving any remaining disputes

June 25, 2021 –  Plaintiffs' reply in support of motion for preliminary injunction (assuming no further briefing results from the parties' conferral)

Date: May 20, 2021

Respectfully submitted,

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

FRANCESCA GENOVA
JOSEPH A. DARROW
*Trial Attorneys*

/s/ Brian C. Ward
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
Email: brian.c.ward@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                              */s/ Brian C. Ward*
                                                              BRIAN C. WARD
                                                              U.S. Department of Justice