UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS and<br><br>THE STATE OF MISSOURI,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br><br>    Defendants. | § § § § § § § § § § § § § § § | Case No. 2:21-cv-00067-Z |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

The Court should deny Defendants' motion to stay. *See* ECF No. 33. A stay pending resolution of their motion to transfer venue would serve no purpose but delay because Defendants' argument for transfer is meritless, as Plaintiffs explain in a separate filing. *See* ECF No. 38.

But even if Defendants were entitled to transfer—and they are not, *see* ECF No. 38—they would not be entitled to a stay. Responding to the preliminary-injunction motion according to the Court's already-ordered schedule, *see* ECF No. 37, will not prejudice them. Defendants will have to respond regardless of whether this case is transferred, and any transfer would include all of the parties' filings. A stay would simply delay consideration of the motion for preliminary injunction without saving Defendants any time or effort.

By contrast, letting this case continue expeditiously will avoid prejudice to Plaintiffs, the public at large, and vulnerable migrants. As the preliminary-injunction motion explains, they face irreparable injury so long as Defendants' unlawful suspension of MPP is allowed to continue. *See* ECF No. 30 at 28–29. Important public and private interests—the health and safety of tens of

thousands of individuals, not to mention the public fisc—will be sacrificed if a stay shuts down this case. The motion to stay should be denied.

## STANDARD

Defendants bear "a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985). Indeed, they "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Because they are requesting a discretionary stay, "something close to genuine necessity should be the mother of its invocation." *Coastal*, 761 F.2d at 203 n.6.

There is no set list of considerations that the Court must address when deciding whether to stay a case. Rather, the factors "vary depending on the context." *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 482 (N.D. Tex. 2016). The Court is charged with exercising its judgment after weighing all of the competing interests as it determines how to "dispos[e] of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254–55. At a general level, this requires looking at the possible damage a stay may cause, the hardship or inequity a party might suffer if it must proceed, and whether "the orderly course of justice" will benefit from the stay. *Fishman Jackson*, 180 F. Supp. 3d at 482–83 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## ARGUMENT

The Court should deny a stay because the lack of a stay does not harm Defendants, because a stay would harm both Plaintiffs and private individuals, and because the public interest favors quick resolution of this case rather than an indefinite stay. With a motion for preliminary injunction

pending, there is no reason for the parties to spin their wheels while the Court considers Defendants' motion to transfer venue.

### A. The Defendants Will Suffer No Harm If the Court Denies a Stay

Defendants have not "ma[d]e out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Indeed, they have not identified a single hardship they would suffer if the case is not stayed. The Defendants' obligations remain the same whether or not this case is ultimately transferred, so a stay would serve no legitimate purpose. For example, the Defendants will have to respond to the preliminary-injunction motion in this Court or another, and a response filed in this Court could be considered by any transferee court as if the response had been filed there.

Defendants rely on cases in which a litigant suffered undue delay because a venue motion was left pending for many months,[1] but that has not occurred here. Defendants moved to transfer only three weeks ago, *see* ECF No. 11, and Plaintiffs are responding according to the schedule established by the local rules, which the Defendants did not seek to expedite.

Defendants make two errors in suggesting that a venue motion must be decided before a motion for preliminary injunction, ECF No. 33 at 2, 5. First, there is no blanket rule prohibiting the Court from holding other proceedings while a transfer motion is pending. Rather, the Court has discretion as to how to handle its docket, and its determinations on how to do so are reviewed only for an abuse of that discretion that produces a patently erroneous result. *See, e.g.*, *In re*

---

[1] ECF No. 33 at 3–4, *citing In re Horseshoe Entmt.*, 337 F.3d 429, 433 (5th Cir. 2003) (venue motion pending for 13 months); *In re SK Hynix, Inc.*, 835 F. Appx. 600, 601 (Fed. Cir. 2021) (pending for eight months); *In re Google, Inc.*, No. 2015-138, 2015 WL 5294800 (Fed. Cir. 2015) (pending for eight months); and *In re EMC Corp.*, 501 F. Appx. 973, 976 (Fed. Cir. 2013) (denying mandamus when judicial economy favored trying claims, pending since 2010, together). *See also In re TracFone Wireless, Inc.*, No. 2021-118, 2021 WL 865353, at *1 (Fed. Cir. Mar. 8, 2021) (venue motion pending for eight months).

*Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008); *In re Apple, Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020); *cf. Google*, 2015 WL 5294800, at *1 ("*lengthy* delays have the ability to frustrate 28 U.S.C. § 1404(a)'s intent") (emphasis added). Indeed, the Court could, when appropriate, proceed and transfer the case after rendering final judgment. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

Second, the Court has given no indication that it intends follow the example of the courts that sat, without explanation, on a transfer motion for several months. *E.g.*, *Horseshoe Entmt.*, 337 F.3d at 433 (district court,"[f]or reasons not readily discernable," "waited some 13 months" before ruling); *SK hynix*, 835 F. App'x at 601 (granting mandamus due to district court's "lengthy delay" in ruling on pending transfer motion and its "continued refusal to give priority to deciding the transfer issues"). The motion to transfer is not even ripe for decision yet; this case is nothing like those where a transfer motion was left pending while a scheduling order or idiosyncratic set of local rules forced parties to conduct extensive discovery as a case rushed toward a potentially dispositive hearing.[2]

Nor will Defendants suffer other harms commonly cited when staying a case. They will not be required to duplicate their efforts or try the same matters twice. *See, e.g.*, *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) ("We . . . recognize that it would be the height of judicial inefficiency to conduct two separate inquiries into the fault arising from the same transaction . . . ."); *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) ("A stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery.").

---

[2] ECF No. 33 at 4, *citing SK Hynix,* 835 F. Appx. 600 at 601 (accelerated discovery toward *Markman* hearing); *Google*, 2015 WL 5294800 (*Markman* hearing held months after transfer motion filed). *See also TracFone*, 2021 WL 865353, at *1 (*Markman* hearing held months after transfer motion filed).

Nor will they be subject to conflicting rulings from this Court and a transferee court. They are seeking a pure transfer of venue, not a transfer for consolidation with another case or absorption into a multi-district litigation where other matters may have already been decided or other obligations already imposed. *See, e.g.*, *Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 978–79 (S.D. Tex. 2011) (staying case to prevent potential conflicting decisions regarding remand); *cf. D&S Marine Servs., LLC v. Lyle Props., LLC*, 586 F. App'x 636, 641 (5th Cir. 2013) (affirming refusal to stay because of lack of danger of inconsistent rulings).

Moreover, while none of the parties currently anticipate that discovery will be necessary, *see* ECF No. 35 at 1–2; ECF No. 36 at 3, any discovery the parties conduct would be as useful before a transferee court as it would be before this Court. In any event, the typical expenses of litigation are not an undue harm warranting a stay, as recognized in one of the cases Defendants cited. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013) (denying stay because "the outcome of a Section 1404(a) motion does not [affect] the ultimate need to conduct discovery"); *Magana v. Shore Constr. LLC*, No. 17-cv-1896, 2017 WL 2911353, *5 (E.D. La. July 6, 2017) (cited at ECF No. 33 at 3) (typical litigation expenses not an undue harm).

**B.      Both the States and Private Individuals Would Be Harmed by a Stay**

A stay would impose significant injuries on both the States and private individuals. As explained in the Motion for Preliminary Injunction, the Defendants' continued unlawful suspension of MPP imposes additional irrecoverable costs each day it is allowed to continue. *See, e.g.,* ECF No. 30 at 18–25. A delay will only exacerbate these irreparable injuries. There is more than a "fair possibility" that a stay would "work damage" to the States. *Landis*, 299 U.S. at 255. So too will a delay exacerbate unspeakable injuries to private individuals. *See, e.g.*, ECF No. 33 at 4–8 (discussing evidence of human trafficking, rape, forced prostitution of children, and swelling

5

numbers of unaccompanied minors); ECF No. 31-2, Ex. D (App.401-13) (discussing exploitation of vulnerable populations through the migrant crisis).

The Defendants do not dispute these harms. They simply assert that the harms cannot be serious because the States did not move for a preliminary injunction on the Defendants' preferred schedule. They are wrong. Unexplained delay may undermine claims of irreparable harm, but delay standing alone does not. *See Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 297 (5th Cir. 2012) (analyzing what "caused" the plaintiff's "four-month delay" and rejecting the defendant's argument that the plaintiff was "not suffering irreparable harm").

Here, the timing of Plaintiffs' suit is easily explicable. As the border crisis has worsened over time, "Texas's and Missouri's interests in combating human trafficking have become more urgent." ECF No. 1 ¶ 5. Plaintiffs of course had to gather evidence about the border crisis, much of which only recently became available.[3] And Defendants' numerous other unlawful actions have forced Plaintiffs to devote scarce litigation resources to avoiding irreparable harm in other cases as well. *See, e.g.*, *Texas v. United States*, No. 6:21-cv-3 (S.D. Tex.) (filed Jan. 2, 2021); *Texas v. Biden*, No. 3:21-cv-65 (S.D. Tex.) (filed Mar. 17, 2021); *Texas v. United States*, 6:21-cv-16 (S.D. Tex.) (filed Apr. 6, 2021); *Texas v. Yellen*, No. 2:21-cv-79-Z (N.D. Tex.) (filed May 3, 2021); *Texas v. Richter*, No. 6:21-cv-191 (E.D. Tex.) (filed May 14, 2021). Defendants' repeated disregard of limits on their authority may force Plaintiffs to litigate many cases at once, but it is not a reason they should avoid responding to Plaintiffs' motion in this case.

---

[3] *See, e.g.,* ECF No. 30 at 5 (statistics on unlawful migrants and unaccompanied minors crossing the border in March and April 2021); ECF No. 31-1, Ex. A-6 (App.34) (Secretary Mayorkas March 16 statements); ECF No. 31-1, Ex. A-7 (App.45) (Border Patrol March 31 statements); ECF No. 31-1, Ex. A-8 (App.57) (CBP border-encounter data, available May 2021); ECF No. 31-1, Ex. A-9 (App.81) (evidence of migrant releases as of April 1); ECF No. 31-1, Ex. A-11 (App.104) (April 1 statements of former ambassador to Mexico); ECF No. 31-1, Ex. A-22 (App.289) (immigration statistics that became available early May 2021); ECF No. 31-2, Ex. D ¶ 25 (App. 411) (discussing a communication from April 2).

In the end, Plaintiffs have certainly acted with "reasonable diligence," and that is all that is required. *Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) (finding lack of reasonable diligence due to the "plaintiffs' unnecessary, years-long delay in asking for preliminary injunctive relief").

Defendants also rely on *Boire v. Pilot Freight Carriers, Inc.*, which rejected equitable relief when the plaintiff's delay meant that prospective relief "at th[at] point" would no longer redress the effects of past decisions that had "already taken their toll." 515 F.2d 1185, 1193 (5th Cir. 1975). That is not true here. Defendants' unlawful suspension of MPP has ongoing effects every time additional illegal aliens are allowed into the United States. Relief from this Court would end that ongoing harm.

### C. A Stay Would Harm the Public Interest

Finally, a stay would harm the public interest—an interest that the Defendants' motion does not address, or even acknowledge. As a baseline matter, a stay would postpone judicial review of unlawful agency action, and "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016); *see also Texas v. United States*, No. 6:21-cv-3, 2021 WL 723856, at *51 (S.D. Tex. Feb. 23, 2021). Beyond that, the facts on the ground demonstrate the public harms: The suspension of MPP has caused an unprecedented crisis on the southern border. The capacity and facilities of both the Border Patrol and HHS are overwhelmed. Illegal aliens with meritless asylum claims continue to be released into the United States, imposing upon the other States the same costs that led Texas and Missouri to file this suit.

And a stay would do nothing to promote judicial efficiency. Even if this Court eventually transfers this case, its previous orders would operate as if issued by the transferee court. A transferred case "remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched whatever has been already done." *Magnetic Eng'g & Mfg. v. Dings*

7

*Mfg.*, 178 F.2d 866, 868 (2d Cir. 1950) (L. Hand, J.); *see also Tel-Phonic Servs., Inc. v. TBS Intl., Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Contrary to Defendants' suggestion, a transferee court would not "need to consider those issues anew." ECF No. 33 at 4. It could simply let this Court's preliminary decisions stand and proceed with any remaining issues.

## CONCLUSION

Plaintiffs respectfully request that the Court deny the motion to stay.

| | |
|---|---|
| Date: May 24, 2021 | Respectfully submitted. |
| ERIC S. SCHMITT<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| /s/ *D. John Sauer*<br>D. JOHN SAUER, #58720MO*<br>Solicitor General | BRENT WEBSTER<br>First Assistant Attorney General |
| JESUS A. OSETE, #69267MO*<br>Deputy Solicitor General | JUDD E. STONE II<br>Solicitor General<br>Texas Bar No. 24076720 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-8870<br>Fax (573) 751-0774<br>John.Sauer@ago.mo.gov | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Texas Bar No. 00798537 |
| | /s/ *William T. Thompson*<br>WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>*Attorney-in-Charge*<br>Texas Bar No. 24088531 |
| *Counsel for Plaintiff State of Missouri* | RYAN D. WALTERS<br>Special Counsel<br>Texas Bar No. 24105085 |
| *Admitted pro hac vice | JEFFREY M. WHITE<br>Special Counsel<br>Texas Bar No. 24064380 |
| | OFFICE OF THE ATTORNEY GENERAL<br>SPECIAL LITIGATION UNIT<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>ryan.walters@oag.texas.gov<br>jeff.white@oag.texas.gov |
| | *Counsel for Plaintiff State of Texas* |

## CERTIFICATE OF SERVICE

I certify that on May 24, 2021, a true and accurate copy of the foregoing document was filed by CM/ECF and served on all counsel of record.

/s/ *William T. Thompson*
William T. Thompson
