**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

|  |  |  |
|---|---|---|
| STATE OF TEXAS, STATE OF MISSOURI, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Civil Action No. 2:21-cv-00067-Z |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, | ) ) ) ) ) | |
| *Defendants.* | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS
PENDING RULING ON THEIR MOTION TO TRANSFER**

BRIAN M. BOYNTON
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

EREZ REUVENI
Assistant Director

JOSEPH A. DARROW
Trial Attorney

FRANCESCA GENOVA
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 305-1062
Francesca.M.Genova@usdoj.gov

As the government explained in its motion to stay, ECF 33, a stay in this case is warranted pending the resolution of Defendants' transfer motion, as all three stay factors—prejudice to the non-moving party, hardship imposed on the moving party in continuing litigation before a ruling on the transfer motion, and the interests of judicial economy—weigh in favor of a stay. Against this, Plaintiffs contend that a stay is unwarranted because (1) the government will not be harmed in proceeding to litigate in this jurisdiction when the case may ultimately be transferred, (2) Plaintiffs and "private individuals" would be harmed by the stay, and (3) a stay would harm the public interest and not promote judicial efficiency. *See generally* ECF 40. Each of these contentions is incorrect.

*First,* the government will be harmed absent a stay. As it explained in its motion to transfer, ECF 11, and reply, ECF 43, Plaintiffs have informed the Court that they may seek discovery in this case if the government disagrees with Plaintiffs' basic framing of the case: "it is possible that Defendants' response to the Motion for Preliminary Injunction may necessitate expedited discovery" if "Defendants … dispute the basic factual contentions regarding how Defendants are implementing the January 20 Memorandum and the effect that implementation is having on the number of illegal aliens in the United States" or "Defendants submit an administrative record with unexpected material or attempt to defend the January 20 Memorandum with material outside the administrative record." ECF 35 at 1-2. And Texas has sought discovery in similar cases. *See, e.g.,* Scheduling Order, *Texas v. Biden*, Case No. 6:21-cv-3, ECF 44 (S.D. Tex. Jan. 30, 2021) (ordering limited discovery). As the government explained, any discovery and litigation surrounding that discovery would be more convenient in the Southern District of Texas, where MPP was implemented and new enrollments were suspended. *See generally* ECF 11, ECF 43. Moreover, any argument on the preliminary injunction or the merits would require duplicative efforts if this

Court grants transfer, as the government would need to reproduce its argument on the issues that this Court would have preliminarily considered to get the transferee court up to speed. *See ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967); ECF 40 at 4 (citing same). And the Fifth Circuit has made clear that timely transfer motions should take precedence over other motions, which is particularly appropriate where, as here, Plaintiffs waited months to file their preliminary injunction motion while the government moved quickly on its transfer motion. *See In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003).[1]

*Second,* Plaintiffs and "private individuals" would not be harmed by a brief stay pending this Court's ruling on the transfer motion. Plaintiffs filed their preliminary injunction motion *four months* after new enrollments in MPP were suspended; as such, any slight delay in this case pending this Court's consideration of the transfer motion will not unduly prejudice Plaintiffs. *See Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 297 (5th Cir. 2012) (a long delay shows that a preliminary injunction was unwarranted). The motion to transfer is now fully briefed, so the stay would only be as long as the Court would need to decide it. Moreover, Plaintiffs lack a cognizable interest in the interests of "private individuals"—here, meaning migrants who are in Mexico but may attempt to enter the United States now that new enrollments in MPP have been suspended—against the federal government. *See, e.g.*, *Massachusetts v. Mellon*, 262 U.S. 447, 485-86 (1923); *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 610 (1982) ("A State does not have standing as parens patriae to bring an action against the Federal Government."); *see generally Arizona v. United States*, 567 U.S. 387, 394 (2012) (discussing how the federal government has "broad, undoubted power over the … status of aliens"). Nor can they

---

[1] While mandamus is an extraordinary remedy and so applies in extraordinary cases, the Fifth Circuit's case law emphasizing the prioritization of a transfer motion is still good law before this Court.

assert the interest of non-parties. *See Kowalski v. Tesmer*, 543 U.S. 125, 131 (2004). Further, Plaintiffs do not explain how the suspension of new enrollments in MPP harms those migrants, instead referencing in parentheticals trafficking of migrants. ECF 40 at 5-6. But they provide no evidence that the suspension of new enrollments in MPP has increased those potential harms to migrants.

*Third,* a stay would be in the interest of judicial efficiency, which supports the public interest. In ruling on a preliminary injunction motion, this Court would need to consider for the first time in a preliminary-injunction posture all the preliminary injunction evidence, questions about the scope of the record, and the likelihood of success on the merits. If this case ultimately gets transferred, the transferee court would need to reconsider all these issues anew, wasting both this Court's and the transferee court's resources. *See In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013).

Thus, for the reasons laid out in Defendants' motion to stay and in this reply, this Court should grant a stay of proceedings while considering Defendants' motion to transfer.

Date: May 28, 2021

Respectfully submitted,

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

JOSEPH A. DARROW
*Trial Attorney*

*/s/ Francesca Genova*
FRANCESCA GENOVA
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 305-1062
Francesca.M.Genova@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Francesca Genova*
Francesca Genova
Trial Attorney
United States Department of Justice
Civil Division
