IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, <br> STATE OF MISSOURI, <br><br> *Plaintiffs,* <br><br> v. <br><br> JOSEPH R. BIDEN, JR., <br> in his official capacity as <br> President of the United States, *et al.*, <br><br> *Defendants.* | Civil Action No. 2:21-cv-00067-Z |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR A PRELIMINARY INJUNCTION AND SUGGESTION OF MOOTNESS**

On April 13, 2021, Plaintiffs, the States of Texas and Missouri, filed this lawsuit solely challenging a January 20, 2021 Department of Homeland Security ("DHS") memorandum titled "Suspension of Enrollments in the Migrant Protection Protocols Programs." *See generally* Compl., ECF No. 1. That memorandum suspended new enrollments in the Migrant Protection Protocols ("MPP") to allow the agency to review and evaluate the program. *See* ECF No. 45 at 001. On May 14, 2021, Plaintiffs moved for a "preliminary injunction preventing Defendants from implementing the January 20 Memorandum." ECF No. 30, at 32.

The January 20 memorandum was followed by an Executive Order issued by President Biden directing the Secretary of DHS to "promptly consider a phased strategy for the safe and orderly entry into the United States, consistent with public health and safety and capacity constraints, of those individuals who have been subjected to MPP for further processing of their asylum claims," and "to promptly review and determine whether to terminate or modify the program known as the Migrant Protection Protocols." Executive Order 14010, 86 Fed. Reg. 8267,

1

Creating a Comprehensive Regional Framework To Address the Causes of Migration, To Manage Migration Throughout North and Central America, and To Provide Safe and Orderly Processing of Asylum Seekers at the United States Border (Feb 2, 2021). On June 1, 2021, the Secretary of Homeland Security announced that DHS had completed its review of the program and issued a new memorandum that terminated MPP and rescinded the January 20 memorandum Plaintiffs challenge in this lawsuit, as well as the earlier January 25, 2019 memorandum that implemented MPP. *See* "Termination of the Migrant Protection Protocols Program" (June 1, 2021), available at: https://www.dhs.gov/sites/default/files/publications/21_0601_termination_of_mpp_program.pdf.

In light of these events, which have resulted in the rescission of the January 20 memorandum, there is no possibility of Plaintiffs' obtaining any of the relief they sought in their initial complaint and through their motion for preliminary injunction based on the claims in that complaint. As such, their claims challenging the January 20 memorandum and request to enjoin that memorandum are moot. Because those claims are moot, Plaintiffs lack any personal stake in further litigation of those claims or their motion for preliminary injunction, cannot show that they are likely to succeed on their claims challenging the January 20 memorandum, and cannot assert any ongoing harm caused by that memorandum. And likewise there is no remaining live dispute presented by Plaintiffs' desire to set aside a memorandum that is no longer in effect.

Because the claims on which Plaintiffs' motion depends are now moot, the Court should deny Plaintiffs' motion for a preliminary injunction on that basis. *See Spell v. Edwards*, 962 F.3d 175, 178-79 (5th Cir. 2020). Additionally, because no federal-court jurisdiction exists for a moot claim, the Court should dismiss Plaintiffs' claims challenging the January 20 memorandum, including any such claims contained in Plaintiffs' amended complaint, ECF No. 48. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."); *see also Nianga v. Wolfe*, 453 F. Supp. 3d 739, 741, 746 (N.D. Tex. Jan. 27, 2020) (dismissing claims after determining, in the context of the briefing on plaintiff's request for a temporary restraining order, that jurisdiction did not exist for the plaintiff's claims); *Timberlawn Mental Health Sys. v. Burwell*, No. 3:15-CV-2556-M, 2015 WL 4868842, at *1, 5 (N.D. Tex. Aug. 13, 2015) (same).

## ARGUMENT

Plaintiffs' request that "the Court issue a preliminary injunction preventing Defendants from implementing the January 20 Memorandum," Mot. 32, is moot now that the memorandum is no longer in effect and the claims in Plaintiffs' initial complaint no longer present a live dispute. "Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies." *Payne v. Progressive Fin. Servs.*, 748 F.3d 605, 607 (5th Cir. 2014). "This clause requires that parties seeking to invoke federal-court jurisdiction demonstrate that they have a legally cognizable interest or personal stake in the outcome of the case," and "[a] live controversy must exist at every stage of the litigation." *Id*. (citation omitted). "If an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the action or makes it impossible for the court to grant any effectual relief whatever to the prevailing party, the case must be dismissed as moot." *Id*. (citation omitted). A moot claim "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

Plaintiffs' challenges to the January 20 memorandum are moot and there is no basis to argue otherwise now that the memorandum has been rescinded and there is no possibility that it will be reinstated. The January 20 memorandum's express purpose was to permit "review of the program," ECF No. 45 at 001, by the agency. And further, the President subsequently directed the agency "to promptly review and determine whether to terminate or modify the program known as

the Migrant Protection Protocols." Executive Order 14010, 86 Fed. Reg. 8267. Now that the June 1 memorandum has announced that DHS has completed that review, permanently ended MPP, and clarified that it has "no intention to resume MPP in any manner similar to the program as outlined in the January 25, 2019 Memorandum and supplemental guidance," Termination of the Migrant Protection Protocols Program" (June 1, 2021), at 7, there is no basis for DHS to reinstate the January 20 memorandum pausing new enrollments in MPP and no basis to argue a voluntarily cessation exception to mootness. *See, e.g.*, *Spell*, 962 F.3d at (5th Cir. 2020) ("A matter is moot when it is impossible for a court to grant any effectual relief" such as in a case challenging a "statute, executive order," or other government action that "has expired or been repealed." (internal citations omitted)); *Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018) ("Ordinarily, a[n] [action] challenging a statute would become moot by the legislature's enactment of a superseding law.").

When an agency announces a change in policy, and represents that it will not reinstate the earlier policy, it is entitled to "a presumption of good faith" with respect to those representations. *Yarls v. Bunton*, 905 F.3d 905, 910-11 (5th Cir. 2018). Thus, in the absence of "evidence to the contrary," "voluntary governmental cessation" of a particular policy that represents "formally announced changes to official governmental policy" are entitled to a presumption that they "are not mere litigation posturing." *Id*. As a result, courts regularly hold that challenges to an interim agency policies or rules are moot when superseded by a new policy of final rule. *See, e.g.*, *Safari Aviation Inc. v. Garvey*, 300 F.3d 1144, 1152 (9th Cir. 2002) (appeal challenging interim final rule was moot "because the interim rule has since expired"); *Nat'l Mining Ass'n v. United States DOI*, 251 F.3d 1007, 1011 (D.C. Cir. 2001) ("The old set of rules, which are the subject of this lawsuit, cannot be evaluated as if nothing has changed. A new system is now in place. We therefore must vacate this aspect of the district court's decision as moot."); *California v. Azar*, 911 F.3d 558, 569

(9th Cir. 2018) (explaining that when "final rules supersede the IFRs" challenge to interim final rules would be moot); *Save Our Cumberland Mountains, Inc. v. Clark*, 725 F.2d 1422, 1432 n. 27 (D.C. Cir. 1984). ("There is no question that a case can be mooted by promulgation of new regulations or by amendment or revocation of old regulations."). "It is hardly improper for an agency head to come into office with policy preferences and ideas, discuss them with affected parties, sound out other agencies for support, and work with staff attorneys to substantiate the legal basis for a preferred policy." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2575 (2019). That is similar to what happened here—the agency temporarily suspended new enrollments in MPP to evaluate the program, the President then directed the agency to consider modifying or rescinding the program, and then the agency issued an entirely new decision following that review. The possibility that Plaintiffs' challenges to the January 20 memorandum—which by its nature was always intended to be temporary—would become moot was a known risk given that they waited nearly three months to file suit and nearly four months to move for a preliminary injunction.

Now that the January 20 memorandum has been rescinded, there is no longer a live dispute about the legality of that memorandum and Plaintiffs' motion for preliminary injunctive relief pending resolution of their legal challenges in their initial complaint—all of which similarly relate solely to the January 20 memorandum—should be dismissed as moot as a result. To obtain a preliminary injunction, the moving party must show, among other things, "a likelihood of success on the merits," and "a likelihood of irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A "preliminary injunction is 'an extraordinary remedy' which should only be granted if the party seeking the injunction has 'clearly carried the burden of persuasion' on all" requirements. *Karaha Bodas Co. v. Perusahaan*

5

*Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). Plaintiffs cannot meet this burden.

First, all of Plaintiffs' claims in their initial complaint related exclusively to the now-rescinded January 20 memorandum. *See* ECF No. 1, Compl. ¶¶ 85-114 (challenging the January 20 memorandum as violating the Administrative Procedure Act, a purported agreement with Texas, the Immigration and Nationality Act, and the Take Care Clause); *see also id*. at 39 (Prayer for Relief) (requesting that the Court "[h]old unlawful and set aside the January 20 Memorandum," "[d]eclare" the memorandum "unlawful," and enjoin Defendants "from enforcing and implementing the January 20 Memorandum"). As all of these claims are now moot and the Court can no longer grant Plaintiffs the relief they seek on these claims—an order setting aside the January 20 memorandum—Plaintiffs cannot meet their burden to show a likelihood of success on the merits of any of those claims. *See, e.g.*, *Spell v. Edwards*, 962 F.3d 175, 178-79 (5th Cir. 2020) (A "motion for preliminary injunction" "is moot" where "it is impossible for a court to grant any effectual relief" because case challenged "statute, executive order," or other government action that "has expired or been repealed."); *Univ. of Texas v. Camenisch*, 451 U.S. 390, 394 (1981) (noting that "the issue of the appropriateness of injunctive relief is moot" where the underlying claim is moot). If a plaintiff cannot demonstrate that he is "likely to succeed on the *merits*," *Winter*, 555 U.S. at 20 (emphasis added), then a court may not reach the question of the proper preliminary remedy for the merits issues raised in the complaint. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 219 (1945).

In order for a court to have jurisdiction to consider a motion for a preliminary injunction, the "request for preliminary injunction must [ ] be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex.

6

May 15, 2019), *report and recommendation adopted*, 2019 WL 2249719 (N.D. Tex. May 24, 2019). A court cannot grant a preliminary injunction if there are no potentially meritorious claims contained in the complaint on which it is based because "[a] court's equitable power lies only over the merits of the case or controversy before it," so where "a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 632 (9th Cir. 2015); *see also, e.g.*, *De Beers Consol. Mines*, 325 U.S. at 219-220 (holding that preliminary injunction can be granted based only on relief of the "same character" that might be granted at the end of the suit if there will later be a likely basis to conclude that the "conduct asserted in the underlying complaint" is unlawful); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("To secure preliminary injunctive relief, a petitioner must demonstrate a substantial likelihood of prevailing on at least one of the causes of action he has asserted."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Accordingly, because none of the claims in the complaint on which the preliminary injunction motion is based continue to raise a live controversy or a basis to conclude that Plaintiffs are likely to succeed on the merits, there is no basis to grant a preliminary injunction.[1]

---

[1] To the extent Plaintiffs have also included their claims related to the January 20 memorandum in their amended complaint, it makes no difference. For the reasons explained above, any challenge

Second, all of Plaintiffs' allegations of harm in their initial complaint are similarly alleged to be based on the suspension of new enrollments in MPP contained in the January 20 memorandum, *see generally* ECF No. 1, as is their argument that they will be irreparably harmed if the Court does not enjoin the January 20 memorandum, *see* ECF No. 30, Mot. at 28-29 (arguing that "the January 20 Memorandum cause[s] States irreparable harm," and that "Texas and Missouri face particular harm because [of] the rushed implementation of the January 20 Memorandum"). Putting aside the merits of those allegations, the January 20 memorandum cannot cause any future harm to Plaintiffs as it no longer has any effect whatsoever. An order setting aside the January 20 memorandum would similarly have no effect. Because a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Plaintiffs must show that the injunction they seek will prevent "irreparable injury" that "is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (citing *Los Angeles v. Lyons*, 461 U.S 95, 103 (1983)). Plaintiffs cannot identify any harm that is likely to occur in the absence of a preliminary injunction setting aside the January 20 memorandum because that memorandum has already been set aside, and therefore they have no basis to seek equitable relief related to that memorandum. *Lyons*, 461 U.S. at 102-03 (holding that "[p]ast …conduct does not in itself show a present case or controversy regarding injunctive relief" and that "case or controversy considerations obviously shade into those determination whether the complainant states a sound basis for equitable relief" (quotations and citations omitted)); *id*. at 105 (finding no "case or controversy … that would justify the equitable relief sought" because the plaintiff failed to show that "he was likely to suffer future injury" from the same source).

---

to the January 20 memorandum, regardless of where it is asserted, is moot and provides no basis for granting preliminary injunctive relief.

As setting aside the January 20 memorandum is the only relief Plaintiffs seek, the Court should deny the motion for a preliminary injunction as moot.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion for a preliminary injunction. The absence of a live case or controversy related to any of the claims Plaintiffs raised in their initial complaint prevents them from establishing the factors required for preliminary injunctive relief, and from seeking any relief whatsoever on those now-moot claims. Both the preliminary injunction motion and the underlying claims it is premised on are now moot and should be dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 618 (N.D. Tex. 2007) ("[T]he court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary."); *see also Nianga*, 453 F. Supp. 3d at 741, 746; *Timberlawn*, 2015 WL 4868842, at *1, 5.

| | |
|---|---|
| Dated: June 4, 2021 | Respectfully submitted, |

PRERAK SHAH
*Acting United States Attorney*

BRIAN W. STOLZ
*Assistant United States Attorney*

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

FRANCESCA GENOVA
JOSEPH A. DARROW
*Trial Attorneys*

/s/ *Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, I electronically filed this response with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice