IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-067-Z |
| JOSEPH R. BIDEN, JR. *et al.*, | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is the parties' Joint Status Update (ECF No. 50) responsive to this Court's order. *See* ECF No. 46. After reviewing the parties' positions regarding the mootness of Plaintiffs' Motion for Preliminary Injunction, the Court **DENIES** Plaintiffs' Motion as moot and enters a new scheduling order.

**BACKGROUND**

On April 13, 2021, Plaintiffs Texas and Missouri filed this lawsuit challenging a January 20, 2021 Department of Homeland Security ("DHS") memorandum titled "Suspension of Enrollments in the Migrant Protection Protocols Programs." ECF No. 1. That memorandum suspended new enrollments in the Migrant Protection Protocols ("MPP") pending further review of the program. *See* ECF No. 45 at 001.

On May 14, 2021, Plaintiffs moved for a "preliminary injunction preventing Defendants from implementing the January 20 Memorandum." ECF No. 30 at 32. On June 1, 2021, the Secretary of Homeland Security announced that DHS had completed its review of the program and issued a new memorandum that terminated MPP and rescinded the January 20 memorandum, as well as the earlier January 25, 2019 memorandum that implemented MPP. *See* "Termination of

the Migrant Protection Protocols Program" (June 1, 2021), available at: https://www.dhs.gov/sites/default/files/publications/21_0601_termination_of_mpp_program.pdf.

**LEGAL STANDARDS**

At the outset, the Court must determine if jurisdiction exists to rule on Plaintiff's Motion. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (quotation omitted). Otherwise, the Court is without power to advance to the merits. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

"Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies." *Payne v. Progressive Fin. Servs.*, 748 F.3d 605, 607 (5th Cir. 2014). "This clause requires that parties seeking to invoke federal-court jurisdiction demonstrate that they have a legally cognizable interest or personal stake in the outcome of the case," and "[a] live controversy must exist at every stage of the litigation." *Id.* (citation omitted). "If an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the action or makes it impossible for the court to grant any effectual relief whatever to the prevailing party, the case must be dismissed as moot." *Id.* (citation omitted). A moot claim "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

**ANALYSIS**

Plaintiffs' challenges to the January 20 memorandum are moot. The purpose of the January 20 memorandum was to permit "review of the program" by the agency. ECF No. 45 at 001. The June 1 memorandum announced that DHS has completed that review and rescinded the January 20 memorandum.

The January 20 memorandum therefore no longer has any effect for two reasons: (1) by its own terms, the January 20 memorandum expired upon the completion of DHS's review of the program; and (2) the June 1 memorandum explicitly rescinded the January 20 memorandum.

Accordingly, even if the Court declares the June 1 memo invalid at the end of this litigation, the January 20 memorandum will not be reinstated. A declaration of invalidity would only remove the second reason enumerated above. The first reason still would prevent the January 20 memorandum from springing back to life.[1] *See Spell v. Edwards*, 96 F.3d 175, 179 (5th Cir. 2020) ("But a statute that *expires by its own terms* does not implicate [mootness] concerns. Why? Because its lapse was predetermined and thus not a response to litigation. So unlike a postsuit repeal that might not moot a case, a law's automatic expiration does.") (emphasis added).

**SCHEDULING ORDER**

Thus, the Court finds Plaintiff's Motion and claims related to the January 20 memorandum to be moot. But that is not the end of this case. Plaintiffs have already amended their complaint to include a challenge to the June 1 memorandum bringing the same causes of action as before. *See* ECF No. 48. Consequently, a new scheduling order is needed to process Plaintiffs' forthcoming motion for preliminary injunction.

---

[1] This should allay the fears of Plaintiffs who argued "they must continue to challenge the January 20 memo to ensure that any relief against the June 1 memo does not reinstate the January 20 memo." ECF No. at 3.

The Court considered the parties' dueling positions on the adequate amount of time to brief the forthcoming preliminary injunction motion. Plaintiffs argue briefing should be completed by June 18 while Defendants urge for a briefing schedule that ends on July 13. The Court finds a date between these two poles to be appropriate. Most of the facts and legal arguments are unchanged (*i.e.*, claims related to standing and the causes of action) compared to the first motion. The only major difference is the administrative record of the June 1 memorandum and its conformity to the demands of the APA. "In judicial review of agency action, 'the focal point for judicial review should be the administrative record ... the agency presents to the reviewing court.'" *Franciscan All., Inc. v. Burwell*, 7:16-cCv-108-O, 2016 WL 9281524, at *5 (N.D. Tex. Nov. 1, 2016) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)).

Defendants maintain that at least fourteen days will be needed to assemble the new administrative record. The Court will grant that request as the Court finds that the inclusion of the administrative record will provide a firm basis for the Court's analysis of Plaintiffs' APA claims. Furthermore, this should allow for the consolidation of the preliminary injunction motion with the resolution of the merits. FED. R. CIV. P. 65(a)(2). The parties are thus **ORDERED** to adhere to the following schedule:

- Plaintiffs shall file a new, replacement motion for preliminary injunction no longer than 50 pages by **Tuesday, June 8.**

- Defendants shall produce the administrative record by **Tuesday, June 22.**

- Defendants shall file a response no longer than 50 pages by **Friday, June 25.**

- The parties shall meet, confer, and file a *joint* statement regarding the position of the parties on the necessity of expedited discovery and consolidation of trial under Fed. R. Civ. P. 65(a)(2) by **Monday, June 28.** If necessary, the parties shall propose a briefing schedule for resolving any remaining disputes.

- Plaintiffs shall file their reply by **Wednesday, June 30.** The reply shall be no longer than 25 pages. *Cf.* N.D. TEX. L.R. 7.2(c).

The Court will issue an order, if necessary, scheduling a hearing on the motion for preliminary injunction upon the receipt of all briefing required by this order.

**SO ORDERED**.

June 7, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE