IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 16 2021

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-067-Z |
| | § | |
| JOSEPH R. BIDEN, JR. *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Immigration Reform Law Institute's ("IRLA") Application for Admission *Pro Hac Vice* (ECF No. 41) filed on May 27, 2021. Matt. A. Crapo is an attorney licensed to practice in the District of Columbia. Mr. Crapo represented to the Court that he has read *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), and the Local Civil Rules for the Northern District of Texas and will comply with the standards set forth in *Dondi* and the Local Rules.[1]

After considering such pleadings, the Court finds that IRLA's Application for Admission *Pro Hac Vice* (ECF No. 6) should be and is hereby **GRANTED.** The Court **ORDERS** that Matt A. Crapo may represent IRLA in this matter, subject to further order of the Court.

**SO ORDERED**.

June 16, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] Northern District of Texas Local Rule 83.10(a) requires local counsel to reside or maintain the attorney's principal office in this district, *and* the attorney's residence or principal office must be located within 50 miles of the courthouse in the division in which the case is pending. Mr. Crapo did not designate an appropriate local counsel his Application. But because counsel is appearing as an *amicus curiae* and local counsel will not add value to this case, the Court uses its discretionary power under Local Rule 83.1 to dispense with the local counsel requirement in this case.