**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 2:21-cv-00067-Z |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXTRA RECORD MATERIAL
SUBMITTED IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Defendants hereby respectfully move this Court to strike Plaintiffs' extra record evidence, and all references thereto in their briefing, in the form of Plaintiffs' Appendix in Support of their Motion for a Preliminary Injunction ("App."), ECF No. 54, 54-1, 54-2.  In this case, Plaintiffs challenge under the Administrative Procedure Act ("APA") Defendants' decision to terminate the Migrant Protection Protocols ("MPP"). The Court must assess challenges to that decision – including the likelihood of success of Plaintiffs' claims for purposes of the motion for a preliminary injunction presently before the Court, ECF No. 53 at 10-21 – on the basis of the record considered by the agency in making its decision, rather than a new record created by Plaintiffs. Because Plaintiffs' Appendix constitutes irrelevant and extra-record evidence, the Court can and

1

should strike it, and Plaintiffs' references to it, and decline to consider their proposed document in deciding Plaintiffs' motion for a preliminary injunction, ECF No. 53.

## BACKGROUND

In APA cases, the Court reviews the administrative record to determine whether an agency has complied with the APA. *See, e.g.*, *Medina Cty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010).

In this case, Plaintiffs challenge Defendants' June 1, 2021 Memorandum terminating MPP under the APA as: arbitrary and capricious under 5 U.S.C. § 706(2)(A), and in violation of statute (8 U.S.C. § 1225), the Constitution (Take Care Clause), and a Memorandum of Understanding between Texas and the United States, *see* 5 U.S.C. § 706(2)(A)&(B) (providing APA review of actions "not otherwise in accordance with law" or "contrary to constitutional right"). *See generally* ECF No. 48. Each of Plaintiffs' claims is based on the APA. *See* ECF No. 48, ¶¶ 95-141. Even Plaintiffs' statutory and Take Care Clause claims are claims raised under the APA. *See* ECF No. 48 ¶ 129 (Count IV "Violation of Section 1225," raising claim under APA, 5 U.S.C. § 706(2)(A), (C)); ¶ 140 (Count VII, "Failure to Take Care that the Laws be Faithfully Executed," arguing that "[u]nconstitutional agency action or inaction violates the APA. *See* 5 U.S.C. § 706").

The subject matter of Plaintiff's challenge, MPP, was a program announced in 2018 under which DHS would employ the discretionary contiguous-territory-return authority in § 1225(b)(2)(C) to return to Mexico certain noncitizens arriving in the United States by land from Mexico, pursuant to section 1225(b)(2)(C), for the duration of their removal proceedings. *See* 84 Fed. Reg. 6811 (Feb. 28, 2019). On June 1, 2021, the Secretary of DHS terminated this particular use of the section 1225(b)(2)(C) return authority for a myriad of reasons, including border management and security concerns, administrative backlogs, foreign relations, humanitarian

2

considerations, and access-to-justice concerns, to name a few. ECF No. 61, Certified Administrative Record ("AR") AR001-007. Plaintiffs claim that the termination of MPP violates the law because the agency allegedly failed to consider certain relevant factors or adequately account for various effects of such termination, such as alleged economic burdens on some States. *See generally* ECF No. 48.

Plaintiffs filed a motion for a preliminary injunction on June 8, 2021. ECF No. 53. Plaintiffs attached to their motion an Appendix with numerous exhibits containing material outside the administrative record, notwithstanding the limited scope of record review under the APA. *See* ECF Nos. 54, 54-1, 54-2. For the reasons set out below, the Court should strike this extra-record evidence because it is improper to consider evidence outside the record when evaluating the merits of claims under the APA.

## LEGAL STANDARD

The Court may strike "any redundant, immaterial, impertinent, or scandalous matter." *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (quoting Fed. R. Civ. P. 12(f)). Thus, material may be stricken if it has "has no possible relation to the controversy" *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotations omitted). If a party inappropriately includes evidentiary material in support of a motion or along with pleadings, the court may strike that material. *See, e.g.*, *Salcido as Next Friend of K.L. v. Harris Cty., Texas*, No. CV H-15-2155, 2018 WL 4690276, at *14 (S.D. Tex. Sept. 28, 2018) (granting motion to strike "DOJ Findings Letter" as "inadmissible as evidence against the DCCT defendants because it is not relevant to any of the claims that the plaintiffs have asserted against them"); *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 474 (M.D. La. 2020) (declining to strike photographs in a non-APA case that were "not immaterial to the

Plaintiffs' claims" and not "prejudicial or confusing"); *see also Oceana, Inc. v. Locke*, 674 F. Supp. 2d 39, 44-45 (D.D.C. 2009) (granting motion to strike testimony that post-dated the challenged agency decision); *Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs*, No. 04-cv-10273, 2005 WL 691775 (D.D.C. Mar. 23, 2005) (same).

## ARGUMENT

Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The function of the district court is to assess the lawfulness of the agency's action based on the reasons offered by the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 50 (1983). "In reviewing administrative agency decisions, the function of the district court is to determine whether as a matter of law, *evidence in the administrative record* permitted the agency to make the decision it did ...." *Texas Comm. on Nat. Res. v. Van Winkle*, 197 F. Supp. 2d 586, 595 (N.D. Tex. 2002) (emphasis added) (internal quotation omitted); *accord, e.g., Delta Talent, LLC v. Wolf*, 448 F. Supp. 3d 644, 650 (W.D. Tex. 2020) (same). "Nor are the courts permitted to consider evidence outside the administrative record. ... Agency action is to be upheld, if at all, on the basis of the record before the agency at the time it made its decision." *Lousiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988) (internal citations omitted). Thus, Plaintiffs may not create a new record for purposes of review of the merits of their APA challenges, such as they seek to do here, by attaching materials to support the likelihood of success on the merits aspect of establishing their alleged entitlement to preliminary junctive relief. *See* 5 U.S.C. § 706.

Plaintiffs have not disputed the record rule, did not move to depart from it, and have made no showing that would be sufficient to justify such a departure. *See, e.g.*, ECF No. 35 at 1-2 (acknowledging that "the dispute between the parties is primarily legal, rather than factual" and anticipating that the preliminary injunction would be decided on the basis of a "short administrative record," suggesting discovery might only be appropriate if Defendants supply "unexpected material" or "material outside of the record"). However, Plaintiffs cite extra-record evidence throughout their motion for a preliminary injunction, including in their arguments that they are likely to succeed on the merits of their APA claims. *See generally* ECF No. 53 at 10-21. In doing so, they cite to extra-record declarations, news articles and website information to argue that the June 1 Memorandum is arbitrary and capricious. This is improper. The June 1 Memorandum must be judged based on the evidence that was actually before the agency at the time it made its decision, and cannot be found arbitrary or capricious based on an argument that the agency failed to adequately consider or address unverified news articles or other information that was not actually before the agency. *See Verity*, 853 F.2d at 327.

Doing otherwise would not only improperly assess the agency's decision based on information not before it at the time, it would also risk judging the agency's decision against potentially inaccurate information, and thereby be prejudicial to Defendants and potentially confusing.  *See Bayou Bridge Pipeline*, 335 F.R.D. at 474 (citing 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1218 (3d ed. 2020)).

For example, Plaintiffs repeatedly cite a CBP webpage which contained inaccurate information in support of their arguments about agency parole practices. *See* ECF No. 53 at 16-

18.  The current data on the webpage no longer carries any such footnote,[1] and this webpage was not part of the record considered by DHS in deciding to terminate MPP.  *See generally* ECF No. 61. Indeed, Plaintiffs do not directly challenge DHS parole policies in this case.[2]  *See* ECF No. 48. Similarly, Plaintiffs cite a Polaris Project report on human trafficking with data running only through December 2018, before MPP was initiated.  *See* ECF No. 53 at 11 (citing App. 240); App. 242. Not only was this third-party paper outside the record considered by Defendants, *see* ECF No. 61, but the now-outdated information, predating even the beginning of MPP, is likely no longer accurate and has no bearing on the current data assessed by DHS in terminating MPP in 2021. Examining the outdated and irrelevant extra-record materials Plaintiffs provided in their Appendix and rely on in their merits arguments is, therefore, not only improper under the record rule, but risks prejudice and confusion due to its inaccuracy.  *See Verity*, 853 F.2d at 327; *Bayou Bridge Pipeline*, 335 F.R.D. at 474.

Further, even had Plaintiffs requested leave to supplement the record before filing the extra-record material, which they did not, Plaintiffs have no basis to supplement the record for the following reasons.

"[T]he designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *City of Dallas, Tex. v. Hall*, No. CIV.A. 307CV0060-P, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007) (citing *Bar MK*

---

[1] https://www.cbp.gov/newsroom/stats/custody-and-transfer-
statistics?_ga=2.76933852.814532733.1623877543-1381518115.1623877543.

[2] The June 1 Memorandum is concerned only with the termination of MPP, a program for returning certain noncitizens to contiguous countries during their removal proceedings under section 1252(b)(2)(C), and does not concern or address the standard or circumstances for releasing noncitizens detained *within* the United States during their removal proceedings. AR001-007.  However, it is release of noncitizens within the United States served with Notices to Appear in removal proceedings that the CBP webpage chart footnote that Plaintiffs provided addresses, with no mention of returns under MPP or section 1252(b)(2)(C).  *See* Pls.' App. 328 & 330 n.7, ECF No. 54-2.

*Ranches v. Yeutter*, 994 F.2d 735, 740 (10th Cir. 1993)); *Oceana, Inc. v. Ross*, 920 F.3d 855, 865

(D.C. Cir. 2019) (same). "The court assumes the agency properly designated the administrative

record absent clear evidence to the contrary." *Id.* (citing *Bar MK Ranches*, 994 F.2d at 740);

*accord, e.g.*, *In re United States,* 875 F.3d 1200, 1206 (9th Cir.) ("The administrative record

submitted by the government is entitled to a presumption of completeness which may be rebutted

by clear evidence to the contrary."), *vacated on other grounds*, 138 S. Ct. 443 (2017); *In re United*

*States Dep't of Def.*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016) (same); *CESC*

*Plaza Ltd. P'ship v. U.S. Dep't of Com.*, 215 F.3d 1317 (4th Cir. 2000) (same); *Cone v. Caldera*,

223 F.3d 789, 793 (D.C. Cir. 2000) (same); *see also Butler v. Principi*, 244 F.3d 1337, 1339 (Fed.

Cir. 2001) (presumption of regularity in discharge of official duties); *Kephart v. Richardson*, 505

F.2d 1085, 1090 (3d Cir. 1974) (same). "A court is ordinarily limited to evaluating the agency's

contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce*

*v. New York*, 139 S. Ct. 2551, 2573 (2019).

"Supplementation of the administrative record is not allowed unless the moving party

demonstrates 'unusual circumstances justifying a departure' from the general presumption that

review is limited to the record compiled by the agency." *Medina Cty. Env't Action Ass'n*, 602 F.3d

at 706 (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)); *see Air*

*Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011) (party may

not supplement the record absent "a significant showing—variously described as a strong,

substantial, or prima facie showing—that it will find material in the agency's possession indicative

of bad faith or an incomplete record").   The Fifth Circuit permits supplementation of the record

with outside material only when:

> (1) the agency deliberately or negligently excluded documents that may have been
> adverse to its decision, ... (2) the district court needed to supplement the record with

"background information" in order to determine whether the agency considered all of the relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Medina Cty. Env't Action Ass'n*, 602 F.3d at 706.  Moreover, the Supreme Court and Fifth Circuit have explained that, where the agency's "'finding is not sustainable on the administrative record made,'" then the proper remedy is that that "'[agency]'s decision must be vacated and the matter remanded … for further consideration'" and record development.  *Bank of Com. of Laredo v. City Nat. Bank of Laredo*, 484 F.2d 284, 288 (5th Cir. 1973) (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)); *see Fleming Companies, Inc. v. U.S. Dep't of Agric.*, 322 F. Supp. 2d 744, 755 (E.D. Tex. 2004) ("[I]f the reviewing court deems the administrative record incomplete or concludes that the agency has failed to file the entire record, the court should remand the matter to the administrative agency for further consideration.") (citing *Camp*, 411 U.S. at 143), *aff'd*, 164 F. App'x 528 (5th Cir. 2006).

Under this precedent, supplementation of the record – even had Plaintiffs properly requested it before attaching and relying on immaterial, outdated documents, which they did not – would not be proper.  First, Plaintiffs have not alleged that the extra-record material they supplied in their Appendix was "deliberately or negligently excluded" from the record because it was adverse to the agency's decision.  *See id.* Nor would any such argument be plausible: as illustrated, much of this extra-record evidence is outdated and inaccurate and pertains to parole and other topics unconnected to DHS's determination regarding MPP on June 1, 2021.

Second, there has been no request for or finding that the Court must supplement the record with extra-record material to provide "background information" to ensure the agency considered all the factors.  *See Medina Cty. Env't Action Ass'n*, 602 F.3d at 706.  And even had Plaintiffs sought to supplement the record for purposes of providing this as "background information," as

explained *supra*, much of the material would be unhelpful, inaccurate, and without bearing on the validity of Defendants' termination of MPP.

Third, there has been no allegation or showing that DHS failed to explain its termination of MPP so as to frustrate judicial review. *See Medina Cty. Env't Action Ass'n*, 602 F.3d at 706. Rather, the June 1 Memorandum explains the agency's consideration of relevant factors and the rationale for its decision, including MPP's lack of effectiveness in promoting border management and clearing asylum backlogs, high in-absentia rate, failure to reduce the burden on border security personnel and resources and stop illegal crossings, humanitarian considerations, impact on border communities and other stakeholders, and effect on the diplomatic relationship between the United States and Mexico, etc. AR001-007.

In sum, outside of unusual circumstances not presented here, the Court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co.*, 470 U.S. at 743-44. However, the extra-record materials Plaintiffs attached in their Appendix and rely on in their merits arguments in their motion for a preliminary injunction are unequivocally not part of the record of materials considered by the agency, *see generally* ECF No. 61. Plaintiffs are improperly attempting to have the Court judge the validity of the MPP termination on a record Plaintiffs created out of whole cloth. *See Verity*, 853 F.2d at 327. Moreover, as explained, much of Plaintiffs' extra-record evidence is outdated and irrelevant, and would risk prejudice and confusion.  Even had Plaintiffs moved to supplement the record previously, they could not have shown that any of the narrow exceptions permitting record supplementation in an APA case pertained here.[3]   Accordingly, the Court should strike the extra-record evidence

---

[3] And even had they made such a showing, the appropriate remedy is not for Plaintiffs to supply material to create the record before this Court, as they seek to do, but rather for the Court to remand the matter to the agency for further record development. *See Bank of Com. of Laredo*, 484 F.2d at 288.

contained in Plaintiffs' Appendix, ECF No. 54, 54-1, 54-2, and all of Plaintiffs' references thereto in support of their merits arguments in their preliminary injunction motion, ECF No. 53 at 10-21, and decline to consider this material for purposes of deciding that motion.

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' extra record evidence in their Appendix, ECF No. 54, 54-1, 54-2, and all references thereto in their merits briefing, ECF No. 53 at 10-21, and decline to consider the documents and other extra-record materials cited by Plaintiffs in support of their motion for a preliminary injunction, ECF No. 53.

Date:  June 25, 2021                    Respectfully submitted,

PRERAK SHAH                             BRIAN M. BOYNTON
*Acting United States Attorney*         *Acting Assistant Attorney General*

BRIAN W. STOLZ                          WILLIAM C. PEACHEY
*Assistant United States Attorney*      *Director*
                                        Office of Immigration Litigation
                                        District Court Section

                                        EREZ REUVENI
                                        *Assistant Director*

                                        FRANCESCA GENOVA
                                        *Trial Attorney*

                                        */s/ Joseph A. Darrow*
                                        JOSEPH A. DARROW
                                        *Trial Attorney*
                                        U.S. Department of Justice
                                        Civil Division
                                        Office of Immigration Litigation
                                        District Court Section
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, DC 20044
                                        Tel.: (202) 598-7537
                                        Joseph.a.darrow@usdoj.gov

**CERTIFICATE OF CONFERNCE**

This is to certify that I have conferred with counsel for Plaintiffs about the relief requested herein and they oppose Defendants' request to strike their extra-record material contained in their Appendix.

>   */s/ Joseph A. Darrow*
>   JOSEPH A. DARROW
>   Trial Attorney
>   United States Department of Justice
>   Civil Division

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

>   */s/ Joseph A. Darrow*
>   JOSEPH A. DARROW
>   Trial Attorney
>   United States Department of Justice
>   Civil Division