# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS and | § | |
| | § | |
| THE STATE OF MISSOURI, | § | |
| | § | |
| Plaintiffs, | § | Case No. 2:21-cv-00067-Z |
| | § | |
| v. | § | |
| | § | |
| JOSEPH R. BIDEN, JR., in his official | § | |
| capacity as President of the United States | § | |
| of America, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## JOINT STATEMENT REGARDING DISCOVERY AND CONSOLIDATION

Pursuant to the Court's scheduling order of June 7, 2021, ECF No. 52, the parties submit the following joint statement regarding the need for expedited discovery, consolidation under Federal Rule of Civil Procedure 65(a)(2), and a briefing schedule to address any remaining disputes.

The parties have conferred and agree that the motion for a preliminary injunction, ECF No. 53, can be resolved on the basis of the record filed with the Court.  Accordingly, the parties agree that there is no need for discovery at this time.

The parties generally agree that consolidation of the motion for preliminary injunction with resolution on the merits under Fed. R. Civ. P. 65(a)(2) would be appropriate, although, as explained below, Defendants' agreement is contingent on the opportunity to file a short supplemental brief addressing issues unique to summary judgment not yet briefed by the parties.

Should the Court agree and proceed with consolidation under Fed. R. Civ. P. 65(a)(2), the parties agree that there is no need for Defendants to file an Answer prior to that determination.

The parties note that Defendants filed a motion to strike Plaintiffs' evidentiary appendix. *See* ECF No. 62. That motion challenges the propriety of considering the appendix "when evaluating the merits of claims under the APA." *Id.* at 3. It does not raise evidentiary objections (*e.g.*, authenticity). As a result, the parties respectfully suggest that any hearing could be devoted to legal argument rather than live testimony from witnesses.

The parties otherwise set forth their positions as follows:

**<u>Plaintiffs' Position:</u>**

Plaintiffs believe supplemental briefing is unnecessary. The parties have long known that the court might order consolidation under Rule 65. *See, e.g.*, ECF No. 32. If Defendants believe their brief does not adequately address issues related to consolidation, the parties can address those matters at a hearing after the Court provides notice of its ruling on consolidation. *See* Fed. R. Civ. P. 65(a)(2) (noting that the court can consolidate "[b]efore or after beginning the hearing on a motion for a preliminary injunction"). Plaintiffs believe that Defendants' arguments about the summary judgment standard are irrelevant because a trial on the merits under Rule 65 is not the same as summary judgment under Rule 56, including with respect to factual disputes. *See, e.g.*, *H&W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 177 (5th Cir. 1988) ("[T]he issues which are considered in the preliminary injunction hearing are entirely different from the focus of a summary judgment adjudication."); *New England Anti-Vivisection Soc'y, Inc. v. U.S. Surgical Corp., Inc.*, 889 F.2d 1198, 1200–01 (1st Cir. 1989) (distinguishing appellate review of a consolidated hearing and trial from review of summary judgment).

To the extent the court permits supplemental briefing, Plaintiffs respectfully request that it be strictly limited to issues related to consolidation. Plaintiffs' reply brief should be the last word on issues raised by their motion. "Sur-replies are highly disfavored, as they usually are a strategic

effort by the nonmovant to have the last word on a matter." *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-CV-601-O, 2016 WL 9244824, at *1 (N.D. Tex. June 6, 2016) (O'Connor, J.).

**Defendants' Position:**

Defendants' position is that the merits of the claims at issue must be resolved on the basis of the administrative record filed with the Court.  *See* ECF No. 62. Additionally, although Defendants agree with Plaintiffs that consolidation under Fed. R. Civ. P. 65(a)(2) is appropriate here, that agreement is contingent on the opportunity to submit a short supplemental filing addressing issues unique to summary judgment not previously briefed. *See, e.g.*, *March for Life v. Burwell*, 128 F.Supp.3d 116, 124 (D.D.C. 2015) (explaining that in determining whether a decision on the merits under Rule 65(a)(2) is appropriate, a court should consider whether, at this stage, "the record is sufficient for a determination on the merits under the *summary judgment standard*") (emphasis added). Plaintiffs' citation to *H&W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 176-77 (5th Cir. 1988) in fact supports this conclusion, as the Fifth Circuit there clarified that where the Court wishes to "rule on the merits following the preliminary injunction hearing" it must give "notice to the parties that a decision on the merits will occur" because otherwise "the court is rendering *sua sponte summary judgment* without providing notice or conducting a summary judgment hearing as required by Fed.R.Civ.P. 56." *Id.* (emphasis added).

Defendants therefore respectfully request the opportunity to file a supplemental brief to address issues that differ when addressing a motion for a preliminary injunction versus a final judgment on the merits at the summary judgment stage.  For example, Defendants require an opportunity to address the propriety of the ultimate relief requested, as opposed to the preliminary relief requested in Plaintiffs' motion. As Defendants would explain at the summary judgment posture, the appropriate relief, if any, if the Court found in Plaintiffs' favor, would be vacatur, and

remand without vacatur, or other noninjunctive relief, as opposed to the injunction Plaintiffs request. *See, e.g.*, *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) (reversing issuance of injunction in APA case where a "less drastic remedy" like a "partial or complete vacatur" of the challenged decision is sufficient, and noting that injunction must "have [a] meaningful practical effect independent of its vacatur"); *Cent. & S. W. Servs., Inc. v. U.S. E.P.A.*, 220 F.3d 683, 692 (5th Cir. 2000) (explaining when "remand, without vacatur" is an appropriate summary judgment remedy). In addition, if the pending motion is consolidated with the merits, Plaintiffs would face a heightened burden in demonstrating Article III standing under the relevant summary judgment standard. *See, e.g.*, *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, at *10 (U.S. June 25, 2021) ("A plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Defendants need an opportunity to explain the propriety of the relevant forms of relief at summary judgment and whether Plaintiffs satisfy their burden under Article III under the relevant summary judgment standard. At the time Defendants filed their preliminary-injunction opposition, it was not clear how the remainder of the case would be resolved. Accordingly, Plaintiffs are incorrect in contending that clear and unambiguous notice was given that Defendants must address summary judgment specific issues in their preliminary injunction opposition. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("Before such an order [under Rule 65(a)(2)] may issue . . . "the parties should normally receive clear and unambiguous notice of the court's intent to consolidate the trial and the hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases."). Rather, Defendants were directed to respond specifically to the motion for a preliminary injunction, and separately to

confer with Plaintiffs whether consolidation could be appropriate.  *See* ECF No. 52.  Were the Court to consolidate under Fed. R. Civ. P. 65(a)(2), it would no longer be ruling merely on Plaintiff's motion for preliminary injunction, but granting a final judgment, and it would be inequitable to do so without granting the parties an equal opportunity to brief issues relating to this final judgment under the relevant summary judgment standard. *See Camenisch*, 451 U.S. at 395 ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. . . . A party thus is not required to prove his case in full at a preliminary-injunction hearing.").

Accordingly, Defendants propose that, should the court elect to consolidate the preliminary injunction motion with the merits under Rule 65(a)(2), that the parties be afforded an opportunity to file supplemental briefs addressing issues they believe relevant to deciding the case at summary judgment, by July 7, 2021. No party will be prejudiced by this request, as both parties may file supplemental briefs.

Date: June 28, 2021

ERIC S. SCHMITT
Attorney General of Missouri

/s/ D. JOHN SAUER
D. JOHN SAUER, #58720MO*
Solicitor General

JESUS A. OSETE, #69267MO*
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-8870
Fax (573) 751-0774
John.Sauer@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

*Admitted pro hac vice

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General
Texas Bar No. 24076720

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

/s/ William T. Thompson
WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
*Attorney-in-Charge*
Texas Bar No. 24088531

RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov

*Counsel for Plaintiff State of Texas*

PRERAK SHAH
*Acting United States Attorney*

BRIAN W. STOLZ
*Assistant United States Attorney*

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

BRIAN C. WARD
*Senior Litigation Counsel*

FRANCESCA GENOVA
*Trial Attorney*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov


*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2021, a true and accurate copy of the foregoing document was

filed electronically (via CM/ECF) and served on all counsel of record.

_/s/_____

Name