UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| The State of Texas and <br><br> The State of Missouri, <br><br>    Plaintiffs, <br><br> v. <br><br> Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et al.*, <br><br>    Defendants. | Case No. 2:21-cv-00067-Z |

**JOINT STATEMENT REGARDING HEARING**

Pursuant to the Court's Order, ECF 66, the Parties jointly file this statement addressing the structure and format of the consolidated hearing on the pending motion for preliminary injunction and trial on the merits.

**I.   ANTICIPATED LENGTH OF TIME**

Based on the recommendations below about the format of the presentation, the parties believe that four hours would be appropriate for the hearing. If the Court prefers a different format, the parties believe that more time may be needed.

**II.   FORMAT OF PRESENTATION**

In an effort to streamline the process, the parties agree, subject to the following caveat, that the evidentiary materials attached to their previous briefs are authentic, can be admitted without a sponsoring witness, and are presumptively admitted as "part of the trial record and need not be repeated at trial." Fed. R. Civ. P. 65(a)(2). This approach would allow the Court to consider the submitted declarations without the need for live testimony. If the Court prefers live testimony, the

parties are happy to provide it. This agreement does not waive any argument that certain evidence should be given no weight, including Defendants' argument that the Court should not "consider evidence outside the record when evaluating the merits of claims under the APA." ECF No. 62 at 3. This Agreement also does not waive the parties' ability to raise individual objections to specific documentary submissions at the hearing as appropriate.

The parties propose the following sequence of argument: (1) one-and-a-half hours for Plaintiffs' opening presentation; (2) two hours for Defendants' presentation; and (3) half an hour for Plaintiffs' rebuttal presentation.

Of course, the parties would be happy to adopt any format of presentation that is useful to the Court.

### III.   PROPOSED DATES FOR THE HEARING

Plaintiffs believe that they face ongoing irreparable injury and therefore request a hearing at the Court's earliest convenience after the final briefing is submitted on July 9, 2021. Plaintiffs are available any day the week of July 12, any day the week of July 19, and any day the week of July 26. Plaintiffs are happy to expedite their response to Defendants' Motion to Strike if the Court would find that helpful.

Defendants request a hearing any date on or after July 22, 2021. Undersigned counsel for the government, who will be handling the argument, will be on previously scheduled leave from July 9 through July 18, and traveling to visit family he has not seen in some time due to the pandemic. He will require additional time following that leave to prepare for the argument and to travel to Amarillo. In addition, as noted above, Defendants have a pending Motion to Strike Plaintiffs' Extra Record Material Submitted in Support of Their Motion for Preliminary Injunction, ECF No. 62, that will affect the scope of the evidence this court should consider in resolving Plaintiffs' motion, and thus the evidence that will be relevant at this hearing. Accordingly,

argument after July 30, 2021, when the motion to strike will be fully briefed, may be preferable. Alternatively, this Court could set an accelerated briefing schedule for the motion to strike, such that Plaintiffs' response would be due July 14, and Defendant's reply in support of the motion would be due July 21. To the extent Plaintiffs would like their claims resolved quickly, Defendants have already agreed to substantially advance the course of this case by agreeing to consolidate the motion for a preliminary injunction with resolution of the merits of the case.

## IV. ANTICIPATED DISPUTED QUESTIONS OF LAW AND FACT

Below, the parties have attempted to categorize anticipated disputed questions of law and fact by the major issues to which they relate, but some questions listed under one heading will likely be relevant to issues described in other headings.

### Defendants' Position on Questions of Fact

Defendants note that for many of the questions of disputed fact there is likely insufficient evidence in the record to permit a finding of no genuine issue of material fact, given that the parties have only submitted evidence in support or opposing a motion for preliminary injunction. *See, e.g.*, *H & W Industries, Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 177 (5th Cir. 1988) ("the often incomplete evidence adduced at a preliminary injunction hearing" may not be "sufficient to determine whether a claimant is entitled to judgment as a matter of law"). As another court in this Circuit has explained:

> A court must be cautious in adopting findings and conclusions from the preliminary injunction stage in ruling on a motion for summary judgment for two reasons. First, a court's findings of fact and conclusions of law at the preliminary injunction stage are often based on incomplete evidence and a relatively hurried consideration of the issues. 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2950 (1973). Second, the questions focused on differ in deciding a motion for preliminary injunction and in deciding a motion for summary judgment. In the former a court considers whether there is a reasonable likelihood that the moving party will prevail on the merits; in the latter a court considers whether there is any issue of

3

> material fact remaining after construing the facts in a light most favorable to the non-moving party. 11 C. Wright & A. Miller, Federal Practice And Procedure: Civil § 2950 (1973); *see also Technical Publishing Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984) (there is no inconsistency in denying plaintiff's motion for preliminary injunction and denying defendant's motion for summary judgment).

*Murphy v. Collier*, 468 F. Supp. 3d 872, 879 (S.D. Tex. 2020) (quoting and citing *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir. 1985) and *H & W Industries, Inc.*, 860 F.2d at 177); *see* 11A Fed. Prac. & Proc. Civ. § 2950 (3d ed.) ("the facts adduced at a Rule 65(a) hearing often will not be sufficient to permit an informed determination of whether a direction for the entry of judgment is appropriate"). Given that all factual issues and inferences must be construed in favor of the non-moving party—that is, the Defendants—where insufficient evidence exists in the record with respect to disputed factual issues, or that evidence stands in equipoise, those facts must be construed as favoring Defendants' position. *See, e.g.*, *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ("[The] court construes all facts and inferences in the light most favorable to the nonmoving party.").

### A. Whether the Termination of MPP Violates the APA

The parties do not anticipate unique factual disputes for this claim, but Plaintiffs believe the factual disputes discussed elsewhere may bear on this claim, and Defendants posit that none of the evidence Plaintiffs submit outside of the certified administrative record may be considered in evaluating this claim.

Question of Law No. 1:    Was the June 1 Memorandum arbitrary and capricious?

### B. Whether the Termination of MPP Violates 8 U.S.C. § 1225

Question of Law No. 1 (Plaintiffs' Version):    Is the termination of MPP unlawful because it leads to more violations of the mandatory-detention provisions in 8 U.S.C. § 1225?

Question of Law No. 1 (Defendants' Version):    Whether 8 U.S.C. § 1225 sets any limits on or requirements for when DHS must use the

contiguous-country-return authority in 8 U.S.C. § 1225(b)(2)(C)?

Plaintiffs also believe the following factual disputes may bear on this claim. As noted above, Defendants believe there is insufficient evidence in the record to resolve these disputes, or resolve them in Plaintiffs' favor, and that these disputes are not material to resolution of the disputed question of law above. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material. ... Factual disputes that are irrelevant or unnecessary will not be counted" as genuine disputes of material fact for summary judgment purposes.) (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, pp. 93-95 (1983)).

Question of Fact No. 1:   Does DHS release aliens into the United States, through parole or otherwise, who are subject to mandatory detention under 8 U.S.C. § 1225 or would have been if not granted parole?

Question of Fact No. 2:   Does DHS do so due to limited detention resources?

Question of Fact No. 3:   Does the termination of MPP increase the number of aliens so released?

### C. Whether the Termination of MPP Violates the Take Care Clause

The parties do not anticipate any unique factual disputes for this claim, though Plaintiffs believe that the factual disputes discussed elsewhere may bear on this claim.

Question of Law No. 1:   Is a claim under the Take Care Clause justiciable?

Question of Law No. 2:   Is there an equitable cause of action, separate from the APA, that allows plaintiffs to sue federal officials for prospective relief against unlawful conduct?

Question of Law No. 3:   Does the June 1 Memorandum violate the Take Care Clause?

### D. Whether the Termination of MPP Violates the Agreement with Texas

Plaintiffs do not dispute that Defendants purported to rescind the Agreement on February 2, 2021. Defendants do not dispute that they did not follow the procedures set out in the Agreement in issuing the June 1 Memorandum or in purporting to rescind the Agreement immediately. The parties' dispute focuses on whether the Agreement is binding and enforceable and, if so, what remedy, if any, is available to Plaintiffs.

Question of Law No. 1:   Did DHS validly enter into the Agreement with Texas?

Question of Law No. 2:   Is the Agreement covered by the Tucker Act?

Question of Law No. 3: Does sovereign immunity bar Texas's claim?

Question of Law No. 4: Does the complaint seek specific performance of the Agreement?

### E. Whether Plaintiffs Have Standing to Bring their Claims

Question of Law No. 1: Are Plaintiffs' claimed injuries cognizable injuries in fact?

Question of Law No. 2: Are Plaintiffs' claimed injuries traceable to the June 1 Memorandum?

Question of Law No. 3: Are Plaintiffs' claimed injuries redressable?

Question of Law No. 4: Are States precluded from having *parens patriae* standing against the federal government in these circumstances?

Plaintiffs also believe the following factual disputes may bear on this issue. As noted above, Defendants believe there is insufficient evidence in the record to resolve these issues, or resolve them in Plaintiffs' favor, and that these questions would require speculation and cannot be definitively resolved here. Moreover, Defendants note that the Fifth Circuit has treated questions of standing as legal questions, or at most mixed questions of fact and law, that are subject to de novo review. *See, e.g. Scott v. Schedler*, 771 F.3d 831, 836-37 (5th Cir. 2014).

Question of Fact No. 1: Does the termination of MPP increase the number of illegal aliens present in the United States, Texas, and Missouri relative to what that number would be if MPP were in place?

Question of Fact No. 2: Does the termination of MPP increase the number of border crossings by illegal aliens?

Question of Fact No. 3: Does an increased number of illegal aliens impose costs on the States?

### F. Whether the Termination of MPP is Subject to Judicial Review

The parties do not anticipate unique factual disputes for this issue, but Plaintiffs believe the factual disputes discussed elsewhere may bear on this issue.

Question of Law No. 1: Does a statute "preclude judicial review" under 5 U.S.C. § 701(a)(1)?

Question of Law No. 2: Is the termination of MPP an action "committed to agency discretion by law" under 5 U.S.C. § 701(a)(2)?

### G. Whether the Termination of MPP Constitutes Final Agency Action

The parties do not anticipate unique factual disputes for this issue, but Plaintiffs believe

the factual disputes discussed elsewhere may bear on this issue.

Question of Law No. 1:    Is the June 1 Memorandum final agency action under 5 U.S.C. § 704?

### H. Whether States Have a Cause of Action under the APA Based on the INA

The parties do not anticipate unique factual disputes for this issue, but Plaintiffs believe the factual disputes discussed elsewhere may bear on this issue.

Question of Law No. 1:    Whether Plaintiffs lack a cause of action under the APA because, according to Defendants, Congress has specified that only noncitizens may challenge immigration enforcement actions affecting them and statutes preclude review of discretionary enforcement actions?

Question of Law No. 2:    Are Plaintiffs within the zone of interests of the APA and the INA?

### I. Whether Plaintiffs Face Irreparable Harm from the Termination of MPP

The parties do not anticipate any unique factual disputes for this issue, though Plaintiffs believe that the factual disputes discussed elsewhere may bear on this issue.

Question of Law No. 1:    Are Plaintiffs' claimed injuries irreparable?

### J. Whether the balance of equities and public interest favor injunctive relief

The parties do not anticipate any unique factual disputes for this issue, though the factual disputes discussed elsewhere may bear on this issue.

Question of Law No. 1:    Are the interests of Plaintiffs, Defendants, and the public relevant to the Court's consideration of permanent injunctive relief?

Question of Law No. 2:    Considering the interests of Plaintiffs, Defendants, and the public, is injunctive relief appropriate?

### K. What Relief is Appropriate if Plaintiffs Succeed on Any of their Claims

Question of Law No. 1:    If the Court holds that Plaintiffs succeed on the merits of any of their claims, what is the appropriate remedy: declaratory relief; remand without vacatur; vacatur without an injunction; or, if the Court concludes an injunction is necessary, is a nationwide injunction appropriate?

Plaintiffs also believe the following factual disputes may bear on this issue.

Question of Fact No. 1:    Will at least some aliens released into the United States as a result

        of the June 1 Memorandum move across state lines, including from border states to Missouri and from other border states to Texas?

Question of Fact No. 2:  Would geographically limited relief fully and effectively redress Plaintiffs' injuries?

| | |
|---|---|
| Date: July 2, 2021 | Respectfully submitted. |
| | |
| ERIC S. SCHMITT | KEN PAXTON |
| Attorney General of Missouri | Attorney General of Texas |
| | |
| /s/ *D. John Sauer* | BRENT WEBSTER |
| D. JOHN SAUER, #58720MO* | First Assistant Attorney General |
| Solicitor General | |
| | JUDD E. STONE II |
| JESUS A. OSETE, #69267MO* | Solicitor General |
| Deputy Solicitor General | Texas Bar No. 24076720 |
| | |
| OFFICE OF THE ATTORNEY GENERAL | PATRICK K. SWEETEN |
| Supreme Court Building | Deputy Attorney General for Special Litigation |
| 207 West High Street | Texas Bar No. 00798537 |
| P.O. Box 899 | |
| Jefferson City, Missouri 65102 | */s/ William T. Thompson* |
| Tel. (573) 751-8870 | WILLIAM T. THOMPSON |
| Fax (573) 751-0774 | Deputy Chief, Special Litigation Unit |
| John.Sauer@ago.mo.gov | *Attorney-in-Charge* |
| | Texas Bar No. 24088531 |
| *Counsel for Plaintiff State of Missouri* | |
| | RYAN D. WALTERS |
| *Admitted pro hac vice | Special Counsel |
| | Texas Bar No. 24105085 |
| | |
| | OFFICE OF THE ATTORNEY GENERAL |
| | SPECIAL LITIGATION UNIT |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 463-2100 |
| | Fax: (512) 457-4410 |
| | patrick.sweeten@oag.texas.gov |
| | will.thompson@oag.texas.gov |
| | ryan.walters@oag.texas.gov |
| | |
| | *Counsel for Plaintiff State of Texas* |

8

PRERAK SHAH
*Acting United States Attorney*

BRIAN W. STOLZ
*Assistant United States Attorney*

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

FRANCESCA GENOVA
JOSEPH A. DARROW
*Trial Attorneys*

/s/ *Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov


*Counsel for Defendants*

9

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I certify that on July 2, 2021, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ William T. Thompson*
William T. Thompson
