UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS and <br><br> THE STATE OF MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § § § Case No. 2:21-cv-00067-Z |

## PLAINTIFFS' SUPPLEMENTAL BRIEF

Plaintiffs submit the following supplemental brief pursuant to the Court's Order dated June 29, 2021, ECF No. 66, to address matters related to the Court's consolidation of Plaintiffs' Motion for Preliminary Injunction with a trial on the merits under Federal Rule of Civil Procedure 65(a)(2). Specifically, Plaintiffs explain: (1) a consolidated hearing pursuant to Fed. R. Civ. P. 65(a)(2) really is a trial on the merits, regardless of the challenge pursued; (2) Plaintiffs can prove Article III standing by a preponderance of the evidence; and (3) a nationwide injunction is the default remedy here.[1]

---

[1] This Court ordered that supplemental "briefs shall be *strictly* limited to issues related to consolidation—*i.e.*, the propriety of the ultimate relief requested and Defendants' contention that the typical summary-judgment standard is the appropriate standard." ECF No. 66 at 1. Defendants' brief goes beyond those limitations. *See* ECF No. 70 at 4 ("As explained already, ECF No. 63 . . . ."). In an attempt to follow the Court's order, Plaintiffs will not here respond to Defendants' contentions that (1) "the APA standard governing the Court's review of the merits is 'highly deferential'"; (2) agency action must be upheld if it "conform[s] to minimal standards of rationality"; and (3) the June 1 Memorandum "easily meets this standard." ECF No. 70 at 4. Plaintiffs have addressed these issues in their previous briefing and will address them in oral argument.

## I. The Consolidated Hearing Really Is a Trial on the Merits

Defendants first claim that "the Court's merits determination should be governed by the summary judgment standard particular to [APA] cases[.]" ECF No. 70 at 1. This is incorrect.

As this Court has aptly observed, consolidation of Plaintiffs' Motion for Preliminary Injunction, ECF Nos. 53, 67, with trial on the merits under Federal Rule of Civil Procedure 65(a)(2) is just that: "a trial on the merits." ECF No. 66 at 1 (citing 11A WRIGHT & MILLER, FED. PRAC. & PROC. § 2950 ("[A consolidated hearing] really is a trial on the merits.") (alteration in original)). This is true in Administrative Procedure Act ("APA") cases and non-APA cases.

Where, as here, the district court has properly consolidated the preliminary injunction hearing with trial on the merits, an appellate court would *not* review the appeal "as an appeal from an order granting a motion for summary judgment." *New England Anti-Vivisection Soc., Inc. v. U.S. Surgical Corp.*, 889 F.2d 1198, 1200 n.2, 1201 (1st Cir. 1989); *see* Fed. R. Civ. P. 52(a). While many challenges involving the APA are resolved in a summary-judgment posture, that does not mean that every APA challenge can only be resolved in such a posture. *See Fath v. Texas Dep't of Transportation*, 924 F.3d 132, 136 (5th Cir. 2018) (per curiam) (bench trial in APA case).

To the extent Defendants do not dispute Plaintiffs' factual contentions, the difference between summary judgment and trial is unlikely to matter. In either procedure, the Court interprets the law and applies it to the undisputed facts.

But Defendants seem to dispute some of Plaintiffs' factual contentions, *see* ECF No. 70 at 5, so applying the summary judgment standard could lead to an insoluble problem: What happens if neither side is entitled to summary judgment? To be sure, Plaintiffs believe they should prevail even under the higher standard associated with moving for summary judgment. But if the Court

2

concludes that there are factual issues that could "reasonably be resolved in favor of either party," then summary judgment is inappropriate, and "a finder of fact" must resolve them. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). That is the purpose of a trial. A court applying the summary-judgment standard to disputed facts at a bench trial would find itself unable to resolve the case.

Defendants' brief offers no explanation for how this would work. Instead, it cites a series of inapposite cases, none of which hold that the summary-judgment standard exclusively governs when a court consolidates a hearing on a preliminary-injunction motion with trial on the merits. Indeed, not a single case Defendants cite involved the posture of this case—where neither party has moved for summary judgment and instead agreed to advance trial on the merits. *Compare, e.g.*, *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1222 (D.C. Cir. 1993) (no preliminary injunction requested nor consolidation; complaint dismissed for failure to state a claim); *Nat'l Propane Gas Ass'n v. U.S. Dep't of Transp.*, 43 F. Supp. 2d 665, 673 (N.D. Tex. 1999) (after consolidation occurred, "[t]he parties then filed cross-motions for summary judgment"); *Texas v. EPA*, 389 F. Supp. 3d 497, 499–500 (S.D. Tex. 2019) (preliminary injunction without consolidation, so plaintiffs moved for summary judgment); *Blue Ocean Inst. v. Gutierrez*, 585 F. Supp. 2d 36, 41 (D.D.C. 2008) (parties only filed cross-motions for summary judgment); *Brackeen v. Haaland*, 994 F.3d 249, 290 (5th Cir. 2021) (en banc) (plaintiffs moved for summary judgment); *Tex. Comm. on Nat. Res. v. Van Winkle*, 197 F. Supp. 2d 586, 591 (N.D. Tex. 2002) (parties only filed cross-motions for summary judgment); *New Lifecare Hosps. of Chester Cty. LLC v. Azar*, 417 F. Supp. 3d 31, 41 (D.D.C. 2019) ("The parties consented to a consolidation of the motion for injunctive relief with a hearing on the merits pursuant to Fed. R. Civ. P. 65(a)(2)" and filed "cross-motions for summary judgment[,]" "thereby converting

plaintiffs' motion to one for summary judgment"); *NAACP v. DeVos*, 485 F. Supp. 3d 136, 138 (D.D.C. 2020) ("Before the Court is the plaintiffs' motion for preliminary injunction or, in the alternative, summary judgment,"); *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 79 (D.D.C. 2006) ("cross-motions for summary judgment"); *March for Life v. Burwell*, 128 F.Supp.3d 116, 134 (D.D.C. 2015) (parties cross-moved for summary judgment); *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1078 (D.C. Cir. 2001) (involving denial of preliminary injunction but no consolidation).

That this case involves an APA challenge does not meaningfully distinguish it from others. APA cases may be less likely to turn on factual disputes, but nothing in the APA purports to alter the standard for resolving whatever relevant factual disputes arise on issues like standing. This Court should follow the standard approach to such issues. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1044–45 (6th Cir. 2015) ("With the parties' consent, the court consolidated the hearing on the motion for the preliminary injunction with a bench trial on the merits, *see* Fed. R. Civ. P. 65(a)(2), and heard arguments. … The following day, the district court held [state statute] invalid and issued a permanent injunction."); *id.* (standard of review after bench trial is de novo over district court's legal conclusions, clear error over its factual findings, and abuse of discretion over "the scope of the injunctive relief granted by the district court"); *Green v. UPS Health & Welfare Package for Retired Emps.*, 595 F.3d 734, 736–37 (7th Cir. 2010) (plaintiffs brought "class-action lawsuit and brought a motion for temporary and preliminary injunctive relief, which the parties converted to a bench trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2)"); *id.* (reviewing after a bench trial "the district court's conclusions of law *de novo* and its findings of fact for clear error"); *McCullen v. Coakley*, 571 F.3d 167, 174 (1st Cir. 2009) (noting that "the court consolidated the preliminary injunction hearing with the hearing on

the merits, *see* Fed. R. Civ. P. 65(a)(2), and began a bench trial"); *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 235 (2d Cir. 2001) (noting that "district court converted the evidentiary hearing on the motion [for preliminary injunction] to a trial on the merits under Fed. R. Civ. P. 65(a)(2)" and then issued permanent injunction after entering findings of fact and conclusions of law); *id.* (applying preponderance of the evidence standard at trial); *id.* at 237 (reviewing entry of permanent injunction "for abuse of discretion, which may be found where the Court, in issuing the injunction, relied on clearly erroneous findings of fact or an error of law").

## II. Plaintiffs Can Prove Article III Standing by a Preponderance of the Evidence

Defendants concede that factual disputes related to standing should be resolved by the "preponderance of the evidence." ECF No. 70 at 6. That is inconsistent with their position that the Court should apply the summary-judgment standard. Asking what "reasonable [factfinders] could find by a preponderance of the evidence"—the summary-judgment standard—differs from finding a fact by the preponderance of the evidence oneself. *Anderson*, 477 U.S. at 252.

In any event, Plaintiffs can readily meet the preponderance of the evidence standard at trial for the same reasons they could meet the preliminary-injunction standard. *See Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 384 n.9 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018) ("Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely than not. Thus, to prove a fact or claim by a preponderance of the evidence, a party must prove that it is more likely than not that its version of the facts is true.") (citations omitted).

## III. The Court Should Enjoin Defendants and Vacate the June 1 Memorandum

Finally, Defendants claim that "any remedy should be limited, at most, to remand to the agency for further explanation, not vacatur or entry of an injunction." ECF No. 70 at 1. This is

wrong as a matter of law. Mere remand would not provide Plaintiffs with a full remedy.

Nationwide injunctive relief has been the standard remedy in analogous immigration cases. *See Texas v. United States*, 809 F.3d 134, 187–88 (5th Cir. 2015); *Texas v. United States*, No. 6:21-cv-3, 2021 WL 2096669, at *51–52 (S.D. Tex. Feb. 23, 2021). The same relief is warranted here. *See* ECF No. 53 at 34–35; ECF No. 67 at 24–25.

"The 'scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class.'" ECF No. 67 at 25 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). As Judge Tipton recently held, "nationwide relief is appropriate in the immigration context because 'the Fifth Circuit's precedent in this area is applicable and controlling.'" ECF No. 53 at 35 (quoting *Texas*, 2021 WL 2096669, at *52, and citing *Texas v. United States*, No. 6:21-cv-3, 2021 WL 247877, at *7–8 (S.D. Tex. Jan. 26, 2021)). "A geographically limited injunction would be improper because federal immigration law must be uniform." *Id.* (citing *Texas*, 809 F.3d at 187–88, and *Arizona v. United States*, 567 U.S. 387, 401 (2012) (explaining that federal law contemplates a "comprehensive and unified" immigration policy)). Thus, "a fragmented immigration policy would run afoul of the constitutional and statutory requirement for uniform immigration law and policy." *Washington v. Trump*, 847 F.3d 1151, 1166-67 (9th Cir. 2017) (per curiam); *see also Texas*, 2021 WL 247877, at *8 (enjoining government from executing 100-day moratorium on the removal of aliens everywhere in the United States).

"A geographically limited injunction would also be 'ineffective' for redressing Plaintiffs' injuries 'because [aliens] would be free to move among states.'" ECF No. 53 at 35 (quoting *Texas*, 809 F.3d at 188). Thus, "[o]nce inside the United States, the mobility of migrants among the States would make any relief granted on a limited geographical basis ineffective." *Id.*

6

at 14. In short, a "'geographically-limited injunction would be ineffective' for fully redressing Plaintiffs' injuries." ECF No. 67 at 25 (quoting *Texas*, 2021 WL 2096669, at *51 (quoting *Texas*, 809 F.3d at 188)).

But with or without injunctive relief, the June 1 Memorandum terminating MPP should be vacated in its entirety because it is invalid. The APA provides that "[t]he reviewing court *shall* . . . hold unlawful and set aside agency action" that violates the standard in Section 706. 5 U.S.C. § 706(2) (emphasis added). Applying this provision, this Court has concluded that "district courts have a duty to vacate unlawful agency actions." *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 945 (N.D. Tex. 2019) (O'Connor, J.). The D.C. Circuit takes a similar approach. *See, e.g.*, *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action."); *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 (D.C. Cir. 2001) (party with standing who prevails on APA claim "is entitled to relief under that statute, which normally will be a vacatur of the agency's order"); *Nat'l Min. Ass'n v. U.S. Army Corps of Engineers*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (unlawful agency regulations are vacated); *Gen. Chem. Corp. v. United States*, 817 F.2d 844, 848 (D.C. Cir. 1987) ("The APA requires us to vacate the agency's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]'").

Defendants argue that "remand" is an appropriate remedy, but precedent supports remand *in addition* to other relief, not remand alone. *See Camp v. Pitts*, 411 U.S. 138, 143 (1973) ("If that finding is not sustainable on the administrative record made, then the Comptroller's decision must be vacated and the matter remanded to him for further consideration."); *O'Reilly v. U.S. Army Corps of Engineers*, 477 F.3d 225, 240 (5th Cir. 2007) (affirming an injunction as amended and remanding to the agency); *Texas*, 389 F. Supp. 3d at 499-500 (granting summary judgment

and remanding to agency but leaving injunction "in place pending the proceedings on remand").

Defendants argue vacatur is improper because "there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so." ECF No. 70 at 7 (quoting *Texas Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n*, 989 F.3d 368, 389–90 (5th Cir. 2021)). But Defendants have already *twice* failed to substantiate their decision. Neither the January 20 Memorandum nor the June 1 Memorandum did so. Defendants are not entitled to a third bite at the apple.

Remand without vacatur would be particularly inappropriate here because the June 1 Memorandum is substantively unlawful, not just insufficiently explained. *See* ECF No. 53 at 16–18. A remand would not solve that problem. And Defendants' failure to follow the notice-and-consultation process required by agreement "is a fundamental flaw that normally requires vacatur of the rule." *Nat. Res. Def. Council v. Wheeler*, 955 F.3d 68, 85 (D.C. Cir. 2020) (vacating due to lack of notice and comment).

| | |
|---|---|
| Dated: July 9, 2021 | Respectfully submitted, |
| ERIC S. SCHMITT<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| D. JOHN SAUER, #58720MO*<br>Solicitor General | BRENT WEBSTER<br>First Assistant Attorney General |
| /s/ *Jesus A. Osete*<br>JESUS A. OSETE, #69267MO*<br>Deputy Solicitor General | JUDD E. STONE II<br>Solicitor General<br>Texas Bar No. 24076720 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-8870<br>Fax (573) 751-0774<br>John.Sauer@ago.mo.gov | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Texas Bar No. 00798537<br><br>/s/ *William T. Thompson*<br>WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>*Attorney-in-Charge*<br>Texas Bar No. 24088531 |
| *Counsel for Plaintiff State of Missouri*<br><br>*Admitted pro hac vice | RYAN D. WALTERS<br>Special Counsel<br>Texas Bar No. 24105085<br><br>OFFICE OF THE ATTORNEY GENERAL<br>SPECIAL LITIGATION UNIT<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>ryan.walters@oag.texas.gov<br><br>*Counsel for Plaintiff State of Texas* |

### CERTIFICATE OF SERVICE

I certify that on July 9, 2021, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ William T. Thompson*
WILLIAM T. THOMPSON
