UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS and <br><br> THE STATE OF MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-00067-Z |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................... ii

Table of Authorities ............................................................................................................. iii

Introduction .......................................................................................................................... 1

Background .......................................................................................................................... 1

Legal Standard ..................................................................................................................... 1

Argument ............................................................................................................................. 2

    I.     Plaintiffs' Motion Is Not a "Pleading" That Can Be Stricken ............................... 2

    II.    Defendants Have Not Identified Material to Be Stricken with Sufficient Specificity ............................................................................................................ 4

    III.   The Record Rule Does Not Limit the Evidence Available to Resolve Many Questions .................................................................................................. 5

          A.    The Record Rule Does Not Apply to Standing ........................................ 6

          B.    The Record Rule Does Not Apply to Remedial Questions ....................... 7

          C.    The Record Rule Does Not Apply to Most of Plaintiffs' Claims .............. 8

    IV.   The Record Rule Is Far Narrower than Defendants Contend, Even When Evaluating Agency Decisionmaking ..................................................................... 9

Conclusion .......................................................................................................................... 13

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias-Zeballos v. Tan*,
   No. 1:06-cv-1268, 2006 WL 3075528 (S.D.N.Y. Oct. 26, 2006) ............................................ 4

*Arkla Expl. Co. v. Tex. Oil & Gas Corp.*,
   734 F.2d 347 (8th Cir. 1984) .............................................................................................. 11

*Asarco, Inc. v. EPA*,
   616 F.2d 1153 (9th Cir. 1980) ............................................................................................ 11

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,
   306 F.2d 862 (5th Cir. 1962) ................................................................................................ 1

*BAT LLC v. TD Bank, N.A.*,
   No. 15-cv-5839, 2018 WL 4922736 at *17 (E.D.N.Y. July 31, 2018), *report and recommendation adopted*, 2018 WL 4693644 at *13 (E.D.N.Y., Sept. 28, 2018) ................................................................................................................................ 4

*Brown v. Maxwell*,
   929 F.3d 41 (2d Cir. 2019) ................................................................................................... 2

*Camp v. Pitts*,
   411 U.S. 138 (1973) .......................................................................................................... 5, 8

*Davis Mountains Trans-Pecos Heritage Ass'n v. FAA*,
   116 F. App'x 3 (5th Cir. 2004) ............................................................................................. 7

*Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*,
   249 F. Supp. 2d 763 (N.D. Tex. 2003) ...................................................................... 7, 10, 11

*East Bay Sanctuary Covenant v. Trump*,
   354 F. Supp. 3d 1094 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), *aff'd sub nom. East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021) ................................................................................................................................... 7

*Eco Tour Adventures, Inc. v. Zinke*,
   249 F. Supp. 3d 360 (D.D.C. 2017) ...................................................................................... 7

*Envtl. Def. Fund, Inc. v. Costle*,
   657 F.2d 275 (D.C. Cir. 1981) ............................................................................................ 10

*Esch v. Yeutter*,
   876 F.2d 976 (D.C. Cir. 1989) .............................................................................................. 7

*Euzebio v. McDonough*,
    989 F.3d 1305 (Fed. Cir. 2021)..........................................................................8, 9, 12

*Grill v. Quinn*,
    No. 2:10-cv-757, 2012 WL 174873 (E.D. Cal. Jan. 20, 2012) ...................................8

*Groden v. Allen*,
    No. 3:03-cv-1685-D, 2009 WL 1437834 (N.D. Tex. May 22, 2009).........................3

*Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engineers*,
    No. 3:13-cv-126, 2015 WL 1883522 (S.D. Tex. Apr. 20, 2015) (Costa, J.) .................9, 10, 12

*Hanks v. Shinseki*,
    No. 3:08-1594-G, 2010 WL 3000835 (N.D. Tex. July 28, 2010) ..............................3

*Hernandez-Butler v. Ikea U.S. E., LLC*,
    435 F. Supp. 3d 816 (S.D. Ohio 2020) .......................................................................3

*Jacobs v. Tapscott*,
    No. 3:04-cv-1968-D, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004)
    (Fitzwater, J.)N.D. Tex. 1993), *aff'd on other grounds*, 277 F. App'x 483 (5th
    Cir. 2008) ...................................................................................................................2

*Jordan v. Wiley*,
    No. 1:07-cv-498, 2008 WL 4861923 (D. Colo. Nov. 10, 2008).................................8

*Lands Council v. Powell*,
    395 F.3d 1019 (9th Cir. 2005) ..................................................................................11

*Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*,
    602 F.3d 687 (5th Cir. 2010) ....................................................................................10

*Meyer v. Panera Bread Co.*,
    No. 1:17-cv-2565, 2018 WL 5017747 (D.D.C. Oct. 16, 2018)...........................3, 4

*Monsanto Co. v. Geertson Seed Farms*,
    561 U.S. 139 (2010)....................................................................................................6

*N.M. Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv.*,
    No. 1:02-cv-199, 2004 WL 3426421 (D.N.M. Aug. 31, 2004)...........................5, 8

*Nat'l Fed'n of Indep. Bus. v. Perez*,
    No. 5:16-cv-66-C, 2016 WL 3766121 (N.D. Tex. June 27, 2016) (Cummings,
    J.)............................................................................................................................7, 10

*Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*,
    117 F.3d 1520 (9th Cir. 1997) ....................................................................................6

*Oceana, Inc. v. Pritzker*,
   126 F. Supp. 3d 110 (D.D.C. 2015) ..............................................................................................11

*Porter v. Califano*,
   592 F.2d 770 (5th Cir. 1979) ..........................................................................................................8

*Rydeen v. Quigg*,
   748 F. Supp. 900 (D.D.C. 1990) ....................................................................................................8

*San Luis & Delta-Mendota Water Auth. v. Locke*,
   776 F.3d 971 (9th Cir. 2014) ........................................................................................................11

*SEC v. Faulkner*,
   No. 3:16-cv-1735-D, 2019 WL 2515000 (N.D. Tex. June 18, 2019)
   (Fitzwater, J.) ..................................................................................................................................2

*Sierra Club v. EPA*,
   292 F.3d 895 (D.C. Cir. 2002) .......................................................................................................6

*Sierra Club v. Marsh*,
   976 F.2d 763 (1st Cir. 1992) ........................................................................................................11

*Sierra Club v. Yeutter*,
   911 F.2d 1405 (10th Cir. 1990) .....................................................................................................6

*Silva v. Swift*,
   333 F.R.D. 245 (N.D. Fla. 2019) ...................................................................................................3

*Texas v. United States*,
   328 F. Supp. 3d 662 (S.D. Tex. 2018) .........................................................................................12

*Texas v. United States*,
   809 F.3d 134 (5th Cir. 2015) .......................................................................................................12

*Texas v. United States*,
   86 F. Supp. 3d 591 (S.D. Tex. 2015) ...........................................................................................12

*Theodore Roosevelt Conservation P'ship v. Salazar*,
   616 F.3d 497 (D.C. Cir. 2010) .......................................................................................................6

*Topps Co., Inc. v. Koko's Confectionery & Novelty*,
   482 F. Supp. 3d 129 (S.D.N.Y. 2020) ............................................................................................3

*United States v. Akzo Coatings of Am., Inc.*,
   949 F.2d 1409 (6th Cir. 1991) .....................................................................................................11

*Zaidi v. Ehrlich*,
   732 F.2d 1218 (5th Cir. 1984) .......................................................................................................3

**Other Authorities**

5C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1380 (3d ed.) ...................... 3, 4

33 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 8304 (2d ed.) .......................... 9

Fed. R. Civ. P. 7(a) ................................................................................................................. 2, 3

Fed. R. Civ. P. 7(b) ................................................................................................................. 2, 4

Fed. R. Civ. P. 12(f) ...................................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 15(a) .................................................................................................................. 3

**INTRODUCTION**

The Court should deny Defendants' motion to strike for four reasons. First, Rule 12(f) empowers the Court to strike pleadings only, not the documents at issue here. Second, Defendants have not identified the allegedly objectionable material with the requisite specificity. Third, Defendants rely on the "record rule," but that rule does not apply to many of the issues before the Court. Fourth, even where the record rule does apply, it is subject to important exceptions, including one that allows the Court to consider extra-record evidence demonstrating the importance of factors Defendants failed to consider.

**BACKGROUND**

On June 8, 2021, Plaintiffs filed their Motion for Preliminary Injunction and an appendix containing evidence in support of their motion. *See* ECF Nos. 53, 54, 54-1, 54-2. Defendants, who had refused to file the administrative record before Plaintiffs filed their Motion for Preliminary Injunction, filed an administrative record on June 22. *See* ECF No. 61. Defendants then filed the instant motion to strike asking "this Court to strike Plaintiffs' extra record evidence, and all references thereto in their briefing, in the form of Plaintiffs' Appendix in Support of their Motion for a Preliminary Injunction." ECF No. 62 at 1. Though Defendants' motion is sweeping in scope, it does not extend to Defendants' own extra-record evidence, which they submitted along with their response to Plaintiffs' Motion for Preliminary Injunction. *See* ECF No. 64.

**LEGAL STANDARD**

"[T]he action of striking a pleading should be sparingly used by the courts" and "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th

Cir. 1953)). Courts look unfavorably on motions to strike material from pleadings when the material at issue is "*solely*" "impertinent and immaterial" rather than "also 'scandalous.'" *Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019) (emphasis deleted).

"Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted," *Jacobs v. Tapscott*, No. 3:04-cv-1968-D, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.) (quoting *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)), *aff'd on other grounds*, 277 F. App'x 483 (5th Cir. 2008).

### ARGUMENT

### I. Plaintiffs' Motion Is Not a "Pleading" That Can Be Stricken

Defendants move this Court to strike portions of Plaintiffs' preliminary injunction motion and their evidentiary appendix, but the rule on which they rely—Federal Rule of Civil Procedure 12(f), *see* ECF No. 62 at 3—does not apply to such documents. Under Rule 12(f), "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Rule 12(f) . . . only applies to pleadings." *SEC v. Faulkner*, No. 3:16-cv-1735-D, 2019 WL 2515000, at *1 (N.D. Tex. June 18, 2019) (Fitzwater, J.).

The word "pleadings" does not encompass Plaintiffs' motion for preliminary injunction or the evidence attached thereto. The Rules expressly distinguish between "pleadings" on the one hand and "motions" on the other. *Compare* Fed. R. Civ. P. 7(a) ("Pleadings"), *with* Fed. R. Civ. P. 7(b) ("Motions and Other Papers"). Indeed, Rule 7(a) enumerates seven types of pleadings—none of which includes a motion or evidence—and expressly provides that "[o]nly these pleadings are allowed." Fed. R. Civ. P. 7(a). As a result, the Fifth Circuit has held that motions are not

2

"pleadings" for purposes of Rule 15(a). *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984).

The same logic applies to Rule 12(f). This Court has held that Rule 12(f) "does not permit the Court to strike motions or matters within them because the rule applies only to pleadings." *Groden v. Allen*, No. 3:03-cv-1685-D, 2009 WL 1437834, at *3 (N.D. Tex. May 22, 2009) (Fitzwater, C.J., adopting the magistrate judge's findings and recommendations). Similarly, "Rule 12(f) does not empower the court to strike materials from a party's appendix." *Hanks v. Shinseki*, No. 3:08-1594-G, 2010 WL 3000835, at *4 n.33 (N.D. Tex. July 28, 2010).

Other courts agree: "Based on this plain language, courts have held that documents not identified in Rule 7 (such as the declarations at issue here) cannot be struck pursuant to Rule 12(f)." *Meyer v. Panera Bread Co.*, No. 1:17-cv-2565, 2018 WL 5017747, at *3 (D.D.C. Oct. 16, 2018).[1] So does a leading treatise: "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." 5C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1380 (3d ed.).

Instead of grappling with the text of Rule 12(f), Defendants simply omit key portions of it from their motion. *See* ECF No. 62 at 3. They offer no argument for applying Rule 12(f) to anything other than pleadings. Nor do they argue that the documents they seek to strike are pleadings. As a result, Defendants have not shown that Rule 12(f) applies, much less that striking anything is appropriate.

---

[1] *See, e.g.*, *Hernandez-Butler v. Ikea U.S. E., LLC*, 435 F. Supp. 3d 816, 832–33 (S.D. Ohio 2020) (finding cases rejecting use of Rule 12(f) to strike exhibits attached to summary judgment motion as "better reasoned"); *Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 133 n.1 (S.D.N.Y. 2020) ("Motions, declarations, and affidavits are not pleadings" and are therefore not subject to Rule 12(f)) (citations omitted); *Silva v. Swift*, 333 F.R.D. 245, 247–48 (N.D. Fla. 2019) ("Plaintiff's motion to strike asks this court to strike two motions, not pleadings. Rule 12(f) does not authorize such relief.").

3

**II.     Defendants Have Not Identified Material to Be Stricken with Sufficient Specificity**

"To invoke Rule 12(f), a party must identify with specificity the portion of a pleading that it seeks to strike, and failure to do so bars relief under the rule." *BAT LLC v. TD Bank, N.A.*, No. 15-cv-5839, 2018 WL 4922736, at *17 (E.D.N.Y. July 31, 2018), *report and recommendation adopted*, 2018 WL 4693644, at *13 (E.D.N.Y. Sept. 28, 2018). "[A] lack of specificity is sufficient on its own to warrant denial of the motion." *Id.*; *see also* 5C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1380 (3d ed.) ("A motion to strike must comply with the requirement in Rule 7(b) that motions state with particularity the grounds therefor and set forth the nature of relief or type of order sought.") (footnote omitted).

That makes sense. "In the rare instance that a motion to strike is granted, the submission to which it is directed should be pruned with care, rather than completely scrapped." *Meyer*, 2018 WL 5017747, at *3–4 (cleaned up). By failing to specifically identify the objectionable parts of a pleading, the movant prevents the Court from "prun[ing] with care." *Id.* at *4.

In this case, Defendants have filed "a sweeping, indiscriminate motion to strike." *Arias-Zeballos v. Tan*, No. 1:06-cv-1268, 2006 WL 3075528, at *10 (S.D.N.Y. Oct. 26, 2006). They ask the Court to strike all "extra record evidence in [Plaintiffs'] Appendix and all references thereto in Plaintiffs' merits briefing in support of their motion for a preliminary injunction." ECF No. 62-1 (citation omitted).

But Defendants do not seem to mean that literally all "extra record evidence" should be stricken. For example, much of the extra-record evidence in question supports Plaintiffs' standing. *See, e.g.*, ECF No. 54-2, Exs. D–I. Defendants do not argue that the Court cannot consider extra-record evidence relevant to standing. Their argument seems to depend on whether it is proper "to consider evidence outside the record when evaluating *the merits* of claims under the APA." ECF No. 62 at 3 (emphasis added).

4

Indeed, on the same day they filed their motion to strike, Defendants argued that Plaintiffs "have the burden of establishing standing." ECF No. 63 at 5. Defendants cannot have it both ways. Plaintiffs required to prove their standing cannot be expected to rely on whatever materials Defendants happen to certify as the administrative record, especially when one of their claims is that Defendants failed to consider the costs their decision would impose on Plaintiffs. *See* ECF No. 53 at 13.

Similarly, Defendants' requested relief would strike the agreement between DHS and Texas, *see* ECF No. 54-2, Ex. B-3, even though considering the agreement is necessary for this Court to resolve Texas's claim that Defendants breached the agreement. *See* ECF No. 53 at 19–21. Indeed, Defendants' argument in response to this claim requires them to characterize "the provision of the purported agreement Texas relies on." ECF No. 63 at 43. For the Court to consider Defendants' argument, it will have to be able to read that provision.

Thus, Defendants' motion leaves both Plaintiffs and the Court guessing exactly which evidence they believe should be stricken. In light of its uncertain scope and argument, Defendants' motion should be denied.

**III.    The Record Rule Does Not Limit the Evidence Available to Resolve Many Questions**

At its core, the record rule is about arbitrary-and-capricious review. "In applying [the arbitrary-and-capricious] standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "The purpose of the Administrative Record rule during judicial review of the merits of an agency action is to prevent the Court from substituting its judgment for that of the agency." *N.M. Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv.*, No. 1:02-cv-199, 2004 WL 3426421, at *5 (D.N.M. Aug. 31, 2004). Thus, the record rule does not govern issues like standing, the non-merits factors for injunctive relief, or non-arbitrary-and-capricious claims.

5

### A.  The Record Rule Does Not Apply to Standing

Defendants move to strike all of "Plaintiffs' extra record evidence, and all references thereto," ECF No. 62 at 1, but the record rule does not apply to non-merits issues like standing. Evidence about such issues does not implicate the record rule because courts consider it "not in order to supplement the administrative record on the merits, but rather to determine [their own] jurisdiction." *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997); *see also Sierra Club v. Yeutter*, 911 F.2d 1405, 1421 (10th Cir. 1990). Courts routinely rely on extra-record evidence to support standing in APA cases. *See, e.g.*, *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153–54 (2010) (relying on declarations to find that plaintiffs had Article III standing in an APA case); *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 507 (D.C. Cir. 2010) (same).

At times, Defendants seem to implicitly concede that the record rule is limited to certain merits issues. *See* ECF No. 62 at 3 (arguing about what the Court should do "when evaluating the merits"). Any other rule would make it impossible to challenge unlawful agency action. An administrative record certified by a federal agency will not often include evidence of standing. Even if the agency had reason to consider particular would-be plaintiffs, "Article III's standing requirement does not apply to agency proceedings," so there is "no reason to include facts sufficient to establish standing as a part of the administrative record." *Nw. Envtl. Def. Ctr.*, 117 F.3d at 1527–28. Only when a plaintiff "later seeks judicial review, [does] the constitutional requirement that it have standing kick[] in." *Sierra Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir. 2002). Then, as the litigation proceeds, the plaintiff must "supplement the record to the extent necessary to explain and substantiate its entitlement to judicial review." *Id.* at 899–900. That is exactly what Plaintiffs have done here. *See* ECF No. 53 at 21–28; ECF No. 67 at 12–16.

6

### B. The Record Rule Does Not Apply to Remedial Questions

The record rule also does not limit the evidence this Court can consider when determining the propriety of injunctive relief. "[I]n cases where relief is at issue, especially at the preliminary injunction stage," courts may consider extra-record evidence. *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). When this Court announced the same rule, *see Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*, 249 F. Supp. 2d 763, 776 (N.D. Tex. 2003), the Fifth Circuit concluded that "the district court correctly stated the law." *Davis Mountains Trans-Pecos Heritage Ass'n v. FAA*, 116 F. App'x 3, 16 (5th Cir. 2004) (citing 249 F. Supp. 2d at 775–76 and reversing on other grounds); *accord Nat'l Fed'n of Indep. Bus. v. Perez*, No. 5:16-cv-66-C, 2016 WL 3766121, at *23 (N.D. Tex. June 27, 2016) (Cummings, J.).

The APA thus permits courts to assess "the balance of the equities and the public interest" for injunctive relief using extra-record evidence. *East Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1106–08 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), *aff'd sub nom. East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021). There would be no other way to do it. "[I]njunctive relief is generally not raised in the administrative proceedings below and, consequently, there usually will be no administrative record developed on these issues." *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 369 n.7 (D.D.C. 2017) (quotation omitted). "Thus, it will often be necessary for a court to take new evidence to fully evaluate claims of irreparable harm and claims that the issuance of the injunction is in the public interest." *Id*. (quotation omitted).

Defendants themselves implicitly recognized this rule when they submitted extra-record evidence regarding the propriety of injunctive relief. *See* ECF No. 64. But Defendants nonetheless move to strike Plaintiffs' evidence showing that the public interest favors injunctive relief. *See* ECF No. 62 at 6 (arguing the Polaris Project report should be stricken because it was not

7

"considered by Defendants"); ECF No. 53 at 33–34 (citing the Polaris Project report to show that the public interest in preventing human trafficking favors injunctive relief). Defendants' proposed double standard is not the law.

### C. The Record Rule Does Not Apply to Most of Plaintiffs' Claims

"The record rule's purpose is to guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review." *Euzebio v. McDonough*, 989 F.3d 1305, 1322 (Fed. Cir. 2021) (cleaned up). That purpose does not apply to Plaintiffs' other claims, which do not depend on the arbitrary-and-capricious standard.

None of Plaintiffs' claims, other than their arbitrary-and-capricious claim, turn on the "judgment . . . of the agency," so "[t]he purpose of the Administrative Record rule" is not implicated. *N.M. Cattle Growers Ass'n*, 2004 WL 3426421, at *5. In those claims, Plaintiffs are not arguing that an administrative "finding is not sustainable on the administrative record made." *Camp*, 411 U.S. at 143. Instead, Plaintiffs argue that the June 1 Memorandum violates a federal statute, the Constitution, and a binding agreement, questions Defendants did not consider in the administrative record.

For this reason, courts reviewing other types of claims are not limited by the record rule. A court reviewing the constitutionality of agency action, for example, must make "an independent assessment of a citizen's claim of constitutional right." *Porter v. Califano*, 592 F.2d 770, 780 (5th Cir. 1979). Because "[a] direct constitutional challenge is reviewed independent of the APA," a "court is entitled to look beyond the administrative record in regard to this claim." *Grill v. Quinn*, No. 2:10-cv-757, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012). Thus, courts allow extra-record evidence on constitutional claims. *See, e.g., Jordan v. Wiley*, No. 1:07-cv-498, 2008 WL 4861923, at *2 (D. Colo. Nov. 10, 2008) (allowing a plaintiff to pursue discovery on constitutional claims while adjudication of APA claims was pending); *Rydeen v. Quigg*, 748 F. Supp. 900, 906

8

(D.D.C. 1990) (permitting plaintiffs to rely on extra-record written testimony because "[w]hen reviewing constitutional challenges to agency decisionmaking, courts make an independent assessment of the facts and the law").

Defendants argue that all of Plaintiffs' claims are under the APA, *see* ECF No. 62 at 2, but even if that were enough to trigger the record rule (it is not), the argument would not help Defendants here. Plaintiffs can assert each of their claims, other than the arbitrary-and-capricious claim, without the APA. *See* ECF No. 53 at 19 (explaining that Plaintiffs have a claim "at equity" outside the APA); ECF No. 67 at 7–8 (same); ECF No. 54-2, Ex. B-3 § 8 (providing that violations of the agreement between DHS and Texas "may be adjudicated in a United States District Court located in Texas"); 33 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 8304 (2d ed.) (describing "nonstatutory review of agency action" that does not depend on the APA).

### IV. The Record Rule Is Far Narrower than Defendants Contend, Even When Evaluating Agency Decisionmaking

Even where the record rule applies, it "is not without exceptions." *Euzebio v. McDonough*, 989 F.3d 1305, 1322 (Fed. Cir. 2021). The exceptions are applied in light of "[t]he record rule's purpose": "to guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review—not to preclude effective judicial review entirely." *Id.* (cleaned up). Thus, "in certain circumstances a court may permit supplementation of the record or the introduction of extra-record evidence to enable effective judicial review." *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engineers*, No. 3:13-cv-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015) (Costa, J.).

The Fifth Circuit has identified three circumstances in which consideration of extra-record evidence is appropriate:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision,

9

>(2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
>(3) the agency failed to explain administrative action so as to frustrate judicial review.

*Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (alteration omitted). But this list is not exhaustive and "did not explicitly purport to overrule prior decisions concerning exceptions." *Gulf Coast*, 2015 WL 1883522, at *3. Courts have also recognized a more detailed list of "eight exceptions":

>(1) when agency action is not adequately explained in the record before the court;
>
>(2) when the agency failed to consider factors which are relevant to its final decision;
>
>(3) when an agency considered evidence which it failed to include in the record;
>
>(4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly;
>
>(5) in cases where evidence arising after the agency action shows whether the decision was correct or not;
>
>(6) in cases where agencies are sued for a failure to take action;
>
>(7) in cases arising under NEPA; and
>
>(8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Id.* at *2 (footnote omitted); *accord Nat'l Fed'n of Indep. Bus.*, 2016 WL 3766121, at *23.

Most important here, courts allow extra-record evidence when it is necessary to determine whether the agency "considered all the relevant factors." *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981). "[A]n adequate record can sometimes only be determined 'by looking outside the [administrative record] to see what the agency may have ignored.'" *Davis Mountains*,

10

249 F. Supp. 2d at 776 (quoting *Cty. of Suffolk v. Sec'y of Interior*, 562 F.2d 1368, 1384 (2d Cir. 1977)); *see also Davis Mountains*, 116 F. App'x at 15–16 (finding district court abused its discretion by excluding extra-record evidence "necessary to determine" whether agency "took a hard look" at a factor).

"[I]t will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980). Consideration of extra-record evidence is also permitted "when supplementing the record is necessary to explain technical terms or complex subject matter." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quotations omitted).

Thus, courts may supplement the administrative record with "affidavits, depositions, or other proof of an explanatory nature" if necessary to "explain the record and [] determine the adequacy of the procedures followed and the facts considered" by the agency. *Arkla Expl. Co. v. Tex. Oil & Gas Corp.*, 734 F.2d 347, 357 (8th Cir. 1984); *see also, e.g., Sierra Club v. Marsh*, 976 F.2d 763, 772 (1st Cir. 1992); *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1428 (6th Cir. 1991). In other words, such evidence is admissible "to educate the court and to illuminate the administrative record, not to substitute the court's judgment for the [agency's]." *Arkla Expl. Co.*, 734 F.2d at 357; *see San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014). Such extra-record evidence is particularly appropriate in cases not involving formal adjudications or rulemakings—such as here—where Plaintiffs lacked an "opportunity to submit such evidence" into the administrative record. *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113–14 (D.D.C. 2015).

11

This approach makes sense. The administrative record lists "the nonprivileged documents considered by DHS." ECF No. 61 (certification). One of Plaintiffs' arguments is that Defendants ignored critical factors, including their own previous analyses of MPP. *See, e.g.*, ECF No. 67 at 2–3. That such information is not in the administrative record is not only no surprise but evidence that the June 1 Memorandum is arbitrary and capricious. Defendants ask the Court "to preclude effective judicial review entirely" by striking all evidence of the information they ignored precisely because they ignored it. *Euzebio*, 989 F.3d at 1322 (cleaned up).

Materials in the Appendix are also relevant "to enable effective judicial review . . . when agency action is not adequately explained in the record before the court and [because this] case is so complex that a court needs more evidence to enable it to understand the issues clearly." *Gulf Coast*, 2015 WL 1883522, at *2. For example, one reason Defendants' termination of MPP is unlawful is the way it interacts with Defendants' detention practices (including parole). *See* ECF No. 53 at 16–18; ECF No. 67 at 6–7. Thus, the Court can consider extra-record evidence concerning Defendants' detention practices, even though they omitted this information from the administrative record.

This use of extra-record evidence in APA cases is not unprecedented in immigration cases. Courts reviewing the lawfulness of both DAPA and DACA have considered evidence outside the administrative record. *See Texas v. United States*, 86 F. Supp. 3d 591, 666–670 (S.D. Tex. 2015) (considering evidence of the exercise of discretion to evaluate whether DAPA violated the APA); *Texas v. United States*, 809 F.3d 134, 171–76 (5th Cir. 2015) (same); *Texas v. United States*, 328 F. Supp. 3d 662, 732–34 (S.D. Tex. 2018) (considering evidence of the exercise of discretion to evaluate whether DACA violated the APA).

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike.

Dated: July 9, 2021

ERIC S. SCHMITT
Attorney General of Missouri

/s/ D. JOHN SAUER
D. JOHN SAUER, #58720MO*
Solicitor General

JESUS A. OSETE, #69267MO*
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-8870
Fax (573) 751-0774
John.Sauer@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

*Admitted pro hac vice

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General
Texas Bar No. 24076720

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

/s/ William T. Thompson
WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
*Attorney-in-Charge*
Texas Bar No. 24088531

RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov

*Counsel for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that, on July 9, 2021, a true and correct copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ William T. Thompson*
WILLIAM T. THOMPSON
