IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2:21-cv-00067-Z<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' EXTRA RECORD MATERIAL SUBMITTED IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

The Court should grant Defendants' Motion to Strike Plaintiffs' Extra-Record Evidence, ECF No. 62. Plaintiffs' contrary arguments, ECF No. 72, are not persuasive.

    **I.**    **The Court May Strike Defendants' Evidence Even If Not a Pleading.**

Plaintiffs argue that the Court cannot strike their extra-record evidence because it is not a pleading. ECF No. 72 at 2-3. However, as Defendants explained, courts commonly strike documents that contain immaterial evidence or argument or otherwise fail to conform with the applicable standard. *See, e.g.*, *Tesoro Ref. & Mktg. Co. LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. SA 13-CV-931-DAE, 2015 WL 1206936, at *3 (W.D. Tex. Mar. 16, 2015) (granting motion to strike "Plaintiff's statement of undisputed facts" because it "contains extensive legal argument and in many cases does not clearly admit or deny the stated facts"); *Salcido as Next*

1

*Friend of K.L. v. Harris Cty., Texas*, No. CV H-15-2155, 2018 WL 4690276, at *14 (S.D. Tex. Sept. 28, 2018) (granting motion to strike "DOJ Findings Letter" as "inadmissible as evidence against the DCCT defendants because it is not relevant to any of the claims that the plaintiffs have asserted against them"); *Spoon v. Bayou Bridge Pipeline*, *LLC*, 335 F.R.D. 468, 474 (M.D. La. 2020) (declining to strike photographs in a non-APA case that were "not immaterial to the Plaintiffs' claims" and not "prejudicial or confusing"); *see also Oceana, Inc. v. Locke*, 674 F. Supp. 2d 39, 44-45 (D.D.C. 2009); *Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs*, No. 04-cv-10273, 2005 WL 691775, at *12 (D.D.C. Mar. 23, 2005).

Plaintiffs' authority suggesting otherwise is distinguishable because it relies on civil procedure principles from non-APA cases.[1] However, striking material outside the record, that does not fall within any recognized exceptions, is a commonly accepted tool for enforcing the record rule in APA cases. *See, e.g.*, *Oceana, Inc.*, 674 F. Supp. 2d at 45 (striking attachment of testimony that did not fall within an exception to the record rule); *Nat'l Wilderness Inst.*, 2005 WL 691775, at *12 ("Because none of the four exceptions to the general rule of declining supplementation of the administrative record are implicated, this Court will strike Exhibits 3, 4, and 5."). A contrary rule cannot be squared with longstanding APA principles—if Plaintiffs' view is correct, then courts and litigants lack any mechanism under the Federal Rules of Civil Procedure to enforce the limits of the record review in APA cases. Their suggested rule would eviscerate the record rule and turn APA litigation on its head.

---

[1] *See, e.g.*, *Groden v. Allen*, No. 3:03-CV-1685-D, 2009 WL 1437834, at *2 (N.D. Tex. May 22, 2009) (copyright and defamation action); *Hanks v. Shinseki*, No. 3:08-1594-G, 2010 WL 3000835, at *1 (N.D. Tex. July 28, 2010) (Title VII suit); *Meyer v. Panera Bread Co.*, No. 17-CV-2565 (EGS/GMH), 2018 WL 5017747, at *1 (D.D.C. Oct. 16, 2018) (Fair Labor Standards Act action).

The extra-record evidence submitted by Plaintiffs in support of their merits arguments falls outside of the administrative record upon which the agency made its determination. *See Lousiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988) ("Nor are the courts permitted to consider evidence outside the administrative record."). Regardless of whether the Court decides that Rule 12(f)'s focus on pleadings applies to this APA case, Plaintiffs are ultimately bound by the record rule. *See id.* Their extrinsic evidence does not qualify under any exception to the record rule, *see infra*, and should be struck.

## II.     The Majority of Plaintiffs' Evidence is Extra-Record Evidence.

A*ll* of Plaintiffs' extra record evidence in their Appendix, to the extent that they rely on it for their merits arguments, runs afoul of the record rule and must be disregarded by the Court. *See, e.g.*, ECF No. 62 at 10 (requesting the Court strike evidence in Plaintiffs' Appendix and referenced in their motion "in support of their merits arguments" in their preliminary injunction motion). Defendants have identified the extra-record documents Plaintiffs rely on to challenge the agency's determination to end MPP – as opposed to evidence submitted by Plaintiffs to show an injury to themselves[2] – but Plaintiffs maintain this identification lacked sufficient specificity. *See* ECF No. 72 at 4-5. While Defendants disagree, to avoid any confusion, Defendants specifically request that the Court strike the following documents from Plaintiffs' Appendix, ECF No. 54-1, 54-2:

---

[2] Given that the Court has consolidated the preliminary injunction motion with the merits determination under Fed. R. 65(a)(2), evidence concerning irreparable harm and other preliminary-injunction factors is no longer relevant and admissible. It is well-settled that "consolidation of [] motions for preliminary-injunctive relief and summary judgment under Federal Rule of Civil Procedure 65 effectively moots the Court's consideration of the preliminary injunctive factors because the court will enter judgment on the merits." *Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018), *rev'd on other grounds*, 933 F.3d 764 (D.C. Cir. 2019). In other words, if the preliminary injunction is combined with "a full hearing" on a plaintiff's claim, "considerations of irreparable harm are out the window." *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 445 (7th Cir. 1990). Therefore, Plaintiffs' evidence concerning injury may properly only be considered for the standing and remedy inquiries. If Plaintiffs rely on evidence concerning injury for purposes other than standing and remedy, Defendants reserves their right to raise admissibility objections at the hearing on the merits.

documents A-1, A-2, A-3, A-4, A-7, A-8, A-9, A-10, A-11, A-12, A-13, A-14, A-15, A-17, A-18, A-19, A-20, A-21, A-22, B-1, B-3, B-4, B-5, B-6, B-7, B-8, B-9, B-10, C, F-1, and G-1. The Court should also strike all references to these exhibits in Plaintiffs' briefing on the merits, ECF No. 53 at 10-21, and decline to consider these documents in the Court's determination on the merits.

### III.   All of Plaintiffs' Merits Arguments Are Subject to the Record Rule.

Defendants do not take issue with Plaintiffs' assertions that they may supply evidence to address standing and remedy.[3] As Defendants explained, the purpose of the motion is to ensure the merits of the agency's decision is judged on the basis of the record before the agency and not a different record Plaintiffs create in this Court. ECF No. 62 at 4-5.

Thus, all of Plaintiffs' merits arguments are subject to the record rule. Each of Plaintiffs' claims identify sections of the APA and/or its "arbitrary and capricious" review as their basis. *See* ECF No. 48 ¶¶ 95-141. This includes Plaintiffs' claims citing additional sources:

- Count V, "Failure to Provide Notice to, and Consult with, Texas" under the discontinued Agreement is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "without observance of procedure required by law," citing 5 U.S.C. §§ 706(2)(A), (D). ECF No. 48 ¶¶ 124-26.

- Count IV, "Violation of Section 1225," raises its claim under the APA, 5 U.S.C. § 706(2)(A), (C)); ECF No. 48 ¶ 129.

- Count VII, "Failure to Take Care …," argues "[u]nconstitutional agency action or inaction violates the APA" and cites 5 U.S.C. § 706. ECF No. 48 ¶ 140.

Plaintiffs contend that these three claims do not implicate the record rule because they do not turn on the judgment of the agency. ECF No. 72 at 8-9. Plaintiffs, however, cannot avoid the structure and limitations of APA review. Plaintiffs do not identify a separate waiver of sovereign immunity

---

[3] However, none of Plaintiffs' evidence actually supports their remedy argument, i.e., it does not establish that noncitizens would move among the states in any substantially different number absent a nationwide injunction restoring MPP. *See* ECF No. 63 at 46-50.

or cause of action for a State to sue the United States under 8 U.S.C. § 1225, because not exists. *See San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1096-97 (9th Cir. 2005) (allowing plaintiffs "to proceed directly under a federal statute" and "sidestep the traditional requirements of administrative review under the APA without express Congressional authorization … makes little sense in light of the administrative review scheme set out in the APA"); *see also, e.g., Ayuda, Inc. v. Reno*, 7 F.3d 246, 250 (D.C. Cir. 1993) (organizational plaintiff could not challenge INS policies "that bear on an alien's" removal). Further, even assuming *arguendo* that section 1225 provided a cause of action independent from the APA, such a claim would be entirely statutory in nature, and thus would not justify consideration of extra-record evidence either. *See, e.g.*, *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) ("[W]e agree with the district court that the ... argument that the challenged provisions violate the [statute] can be resolved with nothing more than the statute and its legislative history.").

Plaintiffs also cannot obtain review outside of the record because Congress has not waived sovereign immunity for their claim based on the rescinded Agreement. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Thus, an agency "may not waive the government's immunity through its actions unless expressly authorized by Congress." *United Am., Inc. v. N.B.C.-U.S.A. Hous., Inc. Twenty Seven*, 400 F. Supp. 2d 59, 65 (D.D.C. 2005) (collecting cases holding that only Congress may waive sovereign immunity). Congress neither authorized DHS to enter such an agreement nor expressly authorized a waiver to enforce this Agreement. Plaintiffs do not identify a contrary statutory provision, and the Fifth Circuit has recognized that the United States has not waived sovereign immunity for contract claims seeking specific performance. *See Ala. Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1229-30 (5th Cir. 1976).

Plaintiff's constitutional claim also is intertwined with the Court's APA review and governed by the record rule. Statutory or constitutional challenges to agency action are assessed under the principles of administrative law when such challenges are directed at a federal agency. *See, e.g.*, *Jobs, Training & Servs., Inc. v. E. Tex. Council of Gov'ts*, 50 F.3d 1318, 1323, 1324-25 (5th Cir. 1995) (holding that claims styled as "statutory or constitutional challenges to DOL's method of JTPA enforcement" they were bound by the APA's limitation of review to final agency action); *Am. Stewards of Liberty v. Dep't of the Interior*, 370 F. Supp. 3d 711, 730 (W.D. Tex. 2019) (applying limitations on APA review to summary judgment review of "Commerce Clause, the Necessary and Proper Clause, and Tenth Amendment" claims in APA case). Courts around the country recognize that "when a constitutional challenge to an agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency." *Bellion Spirits*, *LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) (collecting cases).[4] Plaintiffs cannot dress up their statutory claim in constitutional garb—especially when they have decided to plead their claim as an APA claim, ECF No. 48 ¶ 140—and then contend that they may circumvent the record rule. The same rule applies, because they challenge the substance of the agency's decision.[5]

---

[4] *Accord Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004); *Ketcham v. U.S. Nat'l Park Serv.*, No. 16-17, 2016 WL 4268346, at *1–2 (D. Wyo. Mar. 29, 2016); *Alabama-Tombigbee Rivers Coal. v. Norton*, 2002 WL 227032, at *5–6 (N.D. Ala. Jan. 29, 2002).

[5] Plaintiffs rely on *Porter v. Califano*, 592 F.2d 770 (5th Cir. 1979). However, in stating "that courts should make an independent assessment of a citizen's claim of constitutional right when reviewing agency decision-making," *Porter* did not indicate that a constitutional claim should be evaluated outside of the administrative record, but only that the record should not be evaluated under a deferential standard enumerated by the APA for non-constitutional challenges. *Id.* at 780-781 ("[W]here constitutional rights are in issue an independent examination of the record will be made ….") (citation and quotation marks omitted). The contrary district court cases Plaintiffs cite on this point are thus wrongly decided.

This is especially true because Plaintiffs' constitutional argument is redundant of their other claims. They argue that terminating MPP violates the Take Care Clause because it will lead to violations of the statutory provision for detention of certain noncitizens, that is, of section 1225. *Compare* ECF No. 48 ¶ 138 (description of Take Care Clause violation) *with id.* ¶¶ 129-135 (description of section 1225 violation). It would not make sense to permit Plaintiffs to evaluate a claim wholly redundant of their other claims outside of the administrative record. *See San Carlos Apache Tribe,* 417 F.3d at 1096-97. Moreover, because the constitutional claim is redundant of the statutory claim, the Court must decide it on the statutory grounds. "Before deciding the constitutional question, it was incumbent on th[e] courts to consider whether the statutory grounds might be dispositive." *New York City Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979); *accord State of Tex. v. Grundstrom*, 404 F.2d 644, 648 (5th Cir. 1968). Because Plaintiffs' constitutional claim duplicates their statutory claim, the Court can and must decide the issue based on the statute, eliminating any basis for claiming extra-record evidence is necessary because the case allegedly presents a constitutional question. Thus, to the extent Plaintiffs' claims are cognizable at all, they are governed by the record rule.

**IV.     None of the Exceptions Plaintiffs Invoke to the Record Rule Apply Here.**

As Defendants explained, the Fifth Circuit has recognized some narrow exceptions to the record rule, but none of them apply here. ECF No 62 at 7-10. That is, supplementation of the record with other evidence is permissible only where Plaintiffs affirmatively demonstrate that:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, ... (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review.

7

*Medina Cty. Env't Action Ass'n v. Surface Transp. Bd.,* 602 F.3d 687, 706 (5th Cir. 2010). Further, supplementation of the administrative record is not allowed unless the moving party demonstrates "unusual circumstances justifying a departure" from the record rule. *Id.* (quotation omitted).

Plaintiffs do not maintain any of these factors recognized in *Medina* are present, nor do they demonstrate how this case presents "unusual circumstances" different from other APA challenges to agency action. Instead, their argument relies on factors mentioned by other courts predominantly in other circuits. *See* ECF No. 72 at 9-12. Even if these non-precedential considerations provided guidance, they do not support admitting extrinsic evidence here.

Plaintiffs develop only two unsupported arguments as to why extrinsic evidence should be considered here. *See id.* First, Plaintiffs argue that the Court should consider prior DHS documents discussing MPP that Plaintiffs claim were not examined by the agency in deciding to terminate MPP. Plaintiffs maintain that such documents were "critical factors" that DHS ignored in its decision, and proceeding without such documents would "frustrate effective judicial review." ECF No. 72 at 12 (quoting and relying on *Euzebio v. McDonough*, 989 F.3d 1305, 1322 (Fed. Cir. 2021)). They also argue that "[m]aterials in the Appendix are also relevant 'to enable effective judicial review . . . when agency action is not adequately explained in the record before the court and [because this] case is so complex that a court needs more evidence to enable it to understand the issues clearly.'" *Id.* at 12 (quoting and relying on *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Eng'rs*, No. 3:13-cv-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015)). Both arguments fail because Plaintiffs cannot make the threshold showings that "unusual circumstances" exist or that effective judicial review would be frustrated absent introduction of the extra-record material – either because the agency's decision cannot be explained on the basis of the record supplied by the agency, which it can, or that the record failed to include adverse

evidence which the agency actually consulted, which is not the case here. *See Medina Cty. Env't Action Ass'n*, 602 F.3d at 706; *Gulf Coast*, 2015 WL 1883522, at *2 (exception triggered only "when agency action is not adequately explained in the record before the court"). As Defendants explained, the administrative record sufficiently supports DHS's determination that the costs and drawbacks of continuing MPP outweighed its benefits. ECF No. 63 at 24-36. Nor do Plaintiffs point to any unusual factors rendering this case "so complex" that the Court cannot assess it considering the same materials as the agency. *See Gulf Coast*, 2015 WL 1883522, at *2.

Even if Plaintiffs made these threshold showings, this Court should still reject Plaintiffs' efforts because the documents do not contain information potentially adverse to Defendants' decision and do not set out additional factors that DHS failed to consider. *See Medina Cty. Env't Action Ass'n*, 602 F.3d at 706–07. Plaintiffs only point to prior DHS analyses of MPP as adverse material or critical factors that DHS allegedly failed to consider. ECF No. 72 at 12. However, DHS did consider such analyses and included them in the administrative record. *See, e.g.*, ECF No. 62 at AR 186, 192-203, 452-55, 543-44, 554-56. Further, these analyses do not represent material "adverse" to DHS's decision. There is nothing inconsistent about recognizing certain benefits of MPP at one point in time and then, upon later review, determining that other factors not mentioned in those initial analyses, along with subsequent developments, indicate that the benefits of MPP do not outweigh the drawbacks of continuing with the program. Plaintiffs also claim that DHS omitted information regarding the detention of noncitizens from the record. ECF No. 72 at 12. However, as explained, ECF No. 63 at 36-39, DHS detention practices are entirely unrelated to whether it returns noncitizens to contiguous countries, because not returning a noncitizen under section 1225(b)(2)(C) does not mean they will necessarily be released within the United States.

Extrinsic evidence of internal detention practices, therefore, is irrelevant. *See Medina Cty. Env't Action Ass'n*, 602 F.3d at 706–07 (rejecting as "superfluous" proffered supplemental evidence).[6]

Finally, even if the Court found that the administrative record was incomplete, the appropriate remedy is not to admit extra-record evidence, but to remand to the agency to fill any identified gaps. The Supreme Court and Fifth Circuit have explained that, where the agency's "'finding is not sustainable on the administrative record made,'" then the proper remedy is remand for further consideration and record development. *Bank of Com. of Laredo v. City Nat. Bank of Laredo*, 484 F.2d 284, 288 (5th Cir. 1973) (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)). Plaintiffs' attempt to deviate from the bedrock rule should be rejected. *See Medina Cty. Env't Action Ass'n*, 602 F.3d at 706. Plaintiffs fail to show that precedent supports introducing extra-record evidence under any exception to the record rule.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion to strike, ECF No. 62.

---

[6] Plaintiffs argue that district courts considered extra-record evidence in two suits by Texas over immigration programs in the Southern District of Texas. ECF No. 72 at 12. However, although the Government opposed discovery, it does not appear that any party ever specifically moved to strike the extra-record evidence on the basis of the record rule in *Texas v. United States*, No. 1:14-cv-00254, and *Texas v. United States*, No. 1:18-cv-00068. In any event, those cases are distinguishable as they dealt with inherent nonenforcement discretion as opposed to the explicit statutory discretion conferred here by 8 U.S.C. § 1225(b)(2)(C), and do not stand for the proposition that any and all extra-record evidence is permissible in this disparate context. The Court should reject extra-record evidence to address the merits here under the principles explained in *Medina County*.

Date:  July 16, 2021

PRERAK SHAH
*Acting United States Attorney*

BRIAN W. STOLZ
*Assistant United States Attorney*

Respectfully submitted,

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

FRANCESCA GENOVA
*Trial Attorney*

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

>/s/ Joseph A. Darrow
>JOSEPH A. DARROW
>Trial Attorney
>United States Department of Justice
>Civil Division