**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS, ) | |
| STATE OF MISSOURI, ) | |
| ) | |
|     *Plaintiffs,* ) | |
| ) | |
|     v. ) | Civil Action No. 2:21-cv-00067-Z |
| ) | |
| JOSEPH R. BIDEN, JR., ) | |
| in his official capacity as ) | |
| President of the United States, *et al.*, ) | |
| ) | |
|     *Defendants.* ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO INTRODUCE EXTRA RECORD EVIDENCE

Plaintiffs' Motion to Introduce Extra-Record Evidence, ECF No. 73, should be denied. Plaintiffs introduced such evidence without first moving for its admission and should be estopped from obtaining leave to do so after the fact. More importantly, Plaintiffs fail to meet the standard required to admit extra-record evidence for consideration of merits arguments in Administrative Procedure Act (APA) cases under Fifth Circuit precedent.

Plaintiffs argue that they do not need to move for admission of their extra-record evidence, but nevertheless meet the standard for supplementation of the record and admission of extra-record evidence in an APA case. ECF No. 73 at 2. Their arguments cannot be squared with Fifth Circuit precedent.

1

First, "[s]upplementation of the administrative record is not allowed unless *the moving party demonstrates* 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina Cty. Env't Action Ass'n v. Surface Transp. Bd.,* 602 F.3d 687, 706 (5th Cir. 2010) ("*MCEAA*") (emphasis added) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). *MCEAA* thus contemplates that a party will affirmatively "mov[e]" for admission of extra-record evidence. *See id.* at 705 (explaining that MCEAA filed a motion to supplement the record, attaching the documents it wished to introduce); *see, e.g.*, *City of Dallas, Tex. v. Hall,* No. 3:07-CV-0060-P, 2007 WL 3257188, at *1 (N.D. Tex. Oct. 29, 2007) (requiring parties to affirmatively move to supplement the record, if they wished to, and giving them a deadline to do so); *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 141 F. Supp. 3d 681, 693 (S.D. Tex. 2015) (noting "Plaintiffs move to supplement that record"). Plaintiffs should have affirmatively moved for admission of their extra-record evidence and attached the proffered evidence to the motion, prior to attaching it as an Appendix to their preliminary-injunction motion and citing it in their merits arguments, ECF Nos. 53 at 10-21, 54. *See MCEAA*, 602 F.3d at 705. Indeed, had Plaintiffs not failed to affirmatively move to supplement the record as required by Fifth Circuit precedent, Defendants simply would have responded to that motion to supplement, rather than moving to strike documents inappropriately added to the record without leave to do so. *See* ECF Nos. 62, 74.

Second, the Fifth Circuit puts the burden on the moving party to make a threshold showing of "unusual circumstances justifying" such a departure from the general rule that agency action is judged solely on the basis of the record before the agency. *See MCEAA*, 602 F.3d at 706; *see, e.g.*, *White Oak Realty, LLC v. U.S. Army Corp of Eng'rs*, No. CV 13-4761, 2016 WL 2348065, at *4 (E.D. La. May 4, 2016) (denying late attempt to supplement the record as prejudicial and because

2

movant had not made "unusual circumstances" showing). Moreover, when a party moves for admission of extra-record evidence after "an agency has presented a certified copy of the complete administrative record," as here, "the court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary," and the movant bears a burden of "provid[ing] the court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Hall*, 2007 WL 3257188, at *8 (internal quotation omitted); *see* ECF No. 62 at 6-8.

Plaintiffs failed to move for admission of their extra-record evidence before filing it and citing it extensively in their merits arguments in their motion for a preliminary injunction. ECF No. 53 at 10-21. Plaintiffs' actions are prejudicial to Defendants, who did not reach their decision regarding the Migrant Protection Protocols ("MPP") on the basis of this extraneous evidence. This Court should deny their attempts now, after the fact.  *See White Oak*, 2016 WL 2348065, at *4 (denying late attempt to supplement the record as prejudicial).

Even if Plaintiffs had timely moved for consideration of their extra-record evidence, their request should be denied because they fail to make the requisite showing. Defendants will not repeat their arguments on this point, previously presented in their Motion to Strike Plaintiffs' Extra-Record Evidence, ECF No. 62, and Reply in Support thereof, but will incorporate those arguments here by reference. ECF No. 62 at 6-10; ECF No. 74 at 7-10.

In brief, Plaintiffs fail to show that "unusual circumstances" justify a departure from the record rule in this case. *See MCEAA*, 602 F.3d at 706. They also fail to show it is reasonably likely DHS considered materials not contained in the record in its decision-making process. *See Hall*, 2007 WL 3257188, at *8.

3

Defendants explain how Plaintiffs fail to make the requisite showing under Fifth Circuit precedent in greater detail in their Reply, ECF No. 74. In summary, Plaintiffs: (1) fail to recognize that the agency did consider the prior analyses of MPP that found benefits, which Plaintiffs claim were not considered; (2) do not show that any of their proffered evidence is actually adverse to the agency's decision or represents a critical factor that DHS failed to consider in terminating MPP; and (3) submit evidence related to internal detention and parole practices that are legally and factually unrelated to MPP. *See MCEAA*, 602 F.3d at 706–07 (rejecting party's extra-record evidence because "[t]he documents with which [they] propose[] to supplement the administrative record do not contain information potentially adverse to the Decision and do not set out additional factors that [the agency] failed to consider" or were "superfluous" to the circumstances at issue in the case).

In conclusion, for the foregoing reasons and those identified in Defendants' Motion to Strike Plaintiffs' Extra-Record Evidence, ECF No. 62, and Defendants' Reply in Support of that Motion, ECF No. 74, the Court should deny Plaintiffs' untimely and unjustified Motion to Introduce Extra-Record Evidence, ECF No. 73. This Court should further limit its review in this APA case to the record certified and submitted by the Defendants.

Date:  July 16, 2021                        Respectfully submitted,

PRERAK SHAH                                 BRIAN M. BOYNTON
*Acting United States Attorney*             *Acting Assistant Attorney General*

BRIAN W. STOLZ                              WILLIAM C. PEACHEY
*Assistant United States Attorney*          *Director*
                                            Office of Immigration Litigation
                                            District Court Section

                                            EREZ REUVENI
                                            *Assistant Director*

                                            FRANCESCA GENOVA
                                            *Trial Attorney*

                                            */s/ Joseph A. Darrow*
                                            JOSEPH A. DARROW
                                            *Trial Attorney*
                                            U.S. Department of Justice
                                            Civil Division
                                            Office of Immigration Litigation
                                            District Court Section
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, DC 20044
                                            Tel.: (202) 598-7537
                                            Joseph.a.darrow@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division
