UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS and <br><br> THE STATE OF MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § § §   Case No. 2:21-cv-00067-Z |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit the following Notice of Supplemental Authority, to advise the Court of Judge Hanen's recent decision in *Texas v. United States*, No. 1:18-cv-68, 2021 WL 3025857 (S.D. Tex. July 16, 2021). The 77-page opinion is attached as Exhibit A. Judge Hanen concluded in *Texas* that the Department of Homeland Security ("DHS")—also a named Defendant here— "violated the [Administrative Procedure Act ("APA")] with the creation of [the Deferred Action for Childhood Arrivals ("DACA") policy] and its continued operation." Ex. A at 76. Judge Hanen thus "vacated" the "DACA Memorandum and the DACA program that it created" and "enjoined [DHS] from approving any new DACA applications and granting the attendant status." *Id.* at 77. The separate permanent injunction order is attached as Exhibit B.

Judge Hanen's decision in *Texas* directly relates to matters before this Court in Plaintiffs' Motion for Preliminary Injunction, ECF No. 53, with a trial on the merits under Federal Rule of Civil Procedure 65(a)(2) scheduled for July 22, 2021. ECF No. 69. Those matters include, without limitation:

- <u>Standing.</u> Judge Hanen found the plaintiff States—Texas, Alabama, Arkansas, Kansas, Louisiana, Mississippi, Nebraska, South Carolina, and West Virginia—had standing on almost the exact same theories Texas and Missouri allege here. *Compare* Ex. A at 14–33 (finding standing on grounds of special solicitude, labor-market distortion, parens patriae, and education and healthcare costs), *with* ECF No. 53 at 21–28 (alleging standing on grounds of special solicitude, driver's-license rationale, education, healthcare, and law enforcement costs, parens patriae, and labor-market distortion).

- <u>Merits.</u> While plaintiff States in *Texas* did not "allege that DHS's actions were arbitrary and capricious under the APA[,]" Judge Hanen outlined several considerations for DHS "should it elect to proceed on remand." Ex. A at 74. Relevant here, Judge Hanen first found that DHS had not considered States' reliance interests when setting immigration policy. "[F]or decades the states and their residents have relied upon DHS (and its predecessors) to . . . enforc[e] the law as Congress had written it." *Id.* But "neither the DACA Memorandum nor its underlying record gives any consideration to these reliance interests. Thus, if one applies the Supreme Court's rescission analysis from [*Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020)] to DACA's creation, it faces similar deficiencies and would likely be found to be arbitrary and capricious." *Id.* Texas and Missouri have alleged that DHS failed to consider their reliance interests in terminating MPP through the June 1 Memorandum. *See, e.g.*, ECF No. 53 at 13–14; ECF No. 67 at 4–5. *Second*, Judge Hanen found that it was relevant for DHS to consider the effects of DACA on illegal immigration, specifically "what effect illegal immigration may have on the lucrative human smuggling and human trafficking activities of the drug cartels that operate on our southern border." Ex. A at 75–76. DHS's lack of consideration of this relevant factor is squarely at issue in this case. *See, e.g.*, ECF No. 67 at 2 ("[T]he June 1

Memorandum does not discuss the effects terminating MPP would have on the number of illegal aliens released into the United States or the incentives surrounding illegal border crossings. This assessment was too important for Defendants to ignore.").

- Remedy.   Upon concluding that DACA violated the APA, Judge Hanen "vacated" the "DACA Memorandum and the DACA program that it created" and "enjoined [DHS] from approving any new DACA applications and granting the attendant status." Ex. A at 76–77; *see also* Ex. B at 2–3 (granting "request for permanent injunction and vacatur" after finding the plaintiff States had satisfied irreparable-harm prong because they had standing; "cessation" of DACA "would alleviate that injury"; and balance of harms and public interest weighed in favor of permanent injunction). Plaintiffs here have submitted that vacatur and a permanent injunction are warranted—particularly in the APA context. *See, e.g.*, ECF No. 71 at 5–8.

Accordingly, Plaintiffs submit the foregoing Notice of Supplemental Authority so that this Court may be guided by Judge Hanen's wisdom in *Texas* with respect to many of the same issues currently before the Court.

Date: July 19, 2021

ERIC S. SCHMITT
Attorney General of Missouri

/s/ *Jesus A. Osete*
D. JOHN SAUER, #58720MO*
Solicitor General

JESUS A. OSETE, #69267MO*
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-8870
Fax (573) 751-0774
John.Sauer@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

*Admitted pro hac vice

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General
Texas Bar No. 24076720

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

/s/ *William T. Thompson*
WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
*Attorney-in-Charge*
Texas Bar No. 24088531

RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov

*Counsel for Plaintiff State of Texas*

4

## CERTIFICATE OF SERVICE

I certify that on July 19, 2021, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ William T. Thompson*
WILLIAM T. THOMPSON
