IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>    *Defendants.* | Civil Action No. 2:21-cv-00067-Z |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
### OF SUPPLEMENTAL AUTHORITY

Defendants hereby respond to Plaintiffs' Notice of Supplemental Authority, ECF No. 77, bringing to the Court's attention the decision and order in *Texas v. United States*, No. 1:18-cv-68, 2021 WL 3025857 (S.D. Tex. July 16, 2021) ("*Texas*"), ECF No. 77-1, 77-2. The decision in that case, concerning a challenge to the Deferred Action for Childhood Arrivals ("DACA") program, *id.*, does not support Plaintiffs' claims here.

Standing. *Texas* is distinguishable from Plaintiffs' arguments for standing in this case. Plaintiffs claim they allege the same types of injuries that the *Texas* Court found sufficient to confer standing. ECF No. 77 at 2. However, the injuries at issue in *Texas* arose in an entirely different context. The *Texas* Court specifically relied on the determination that DACA was more than a non-enforcement program and created affirmative benefits, such as work authorization for

1

DACA recipients. *Texas*, ECF No. 77-1 at 27 ("DACA causes that injury because it alone grants lawful presence and requires that USCIS accept applications from DACA recipients for work authorization, which enables recipients to compete with lawful workers for jobs."); *see also id.* at 27 (relying on *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1906 (2020), for the proposition that "DACA confers the 'benefits attendant to deferred action' and that its rescission would revoke 'a deferred action program with associated benefits'"). The Court used a similar rationale to find an injury on the *Texas* plaintiffs' other theories based on "healthcare, education, and social service costs." *Id.* at 29 ("The parties agree that DACA, by conferring lawful presence, makes recipients eligible for a variety of other state and federal benefits.").

The termination of the Migrant Protection Protocols ("MPP") at issue in this case could not be more different. Ending this program and declining to use the statutory authority in 8 U.S.C. § 1225(b)(2)(C) does not confer lawful presence on any noncitizens,[1] nor does it provide any attendant benefits, such as work authorization. *See Texas v. United States*, 809 F.3d 134, 152 (5th Cir. 2015) ("a challenge to an agency's decision *not to act*—is traditionally the type for which it is most difficult to establish standing"). Not only does this distinction preclude any relevance *Texas* might have to the alleged injury here, but it also undermines its relevance to Plaintiffs' causation and redressability arguments. *Texas* relied on the fact that DACA *required* participants to seek work authorization and conferred lawful presence in finding that the program thereby *caused* heightened job competition for domestic workers and increased the likelihood that noncitizens would settle in Texas and use its services. ECF No. 77-1 at 26-28. There is no requirement that

---

[1] Indeed, noncitizens were eligible for MPP only to the extent they were in proceedings where the Government was seeking their removal. *See* 8 U.S.C. §§ 1225(b)(2)(A), (b)(2)(C). This is in sharp contrast with participants in DACA, whom the Government agreed *not* to remove during their participation in the program. ECF No. 77-1 at 4.

persons unencumbered by MPP must seek work authorization or conferral of lawful presence here. Many of these persons are detained, pending removal proceedings. *See* 8 U.S.C. §§ 1225(b), 1226(a). Claims they would use the States' services more than noncitizens are too speculative and attenuated to support causation. *See Crane v. Johnson*, 783 F.3d 244, 252 (5th Cir. 2015). For the same reasons, restoring MPP is not likely to redress the injuries allegedly attributable to immigration. *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 344 (2006). Indeed, critically, Plaintiffs do not show that more noncitizens are settling in the Plaintiff States since returns to Mexico pursuant to MPP began declining in 2020, or since new enrollments in MPP were suspended in January 2021. By contrast, in *Texas*, DACA allowed recipients to remain in Texas. ECF No. 77-1 at 30.

<u>Merits.</u> The *Texas* decision also does not support Plaintiffs' merits arguments. Plaintiffs concede that the plaintiffs in *Texas* did not bring an arbitrary and capricious claim, and that the language they cite came from *dicta*, offering thoughts for the reformulation of DACA on remand, ECF No. 77 at 2, No. 77-1 at 75. Plaintiffs nevertheless maintain that *Texas*'s discussion of the following should guide this Court's arbitrary-and-capricious determination: (1) failure to consider the "reliance interests" of the States, here applied to terminating MPP; and (2) failure to consider certain effects on illegal immigration. ECF No. 77 at 2.

That discussion does not support Plaintiffs' arguments. First, the specific State reliance interest identified in *Texas* was that "the states and their residents have relied upon DHS (and its predecessors) to protect their employees by enforcing the law as Congress had written it." ECF No. 77-1 at 75. This is not the type of reliance interest the Supreme Court identified as requiring consideration in *Regents*. 140 S. Ct. 1914-15. Even if it were a cognizable reliance interest, it is not one the Plaintiffs raised in this case, nor is such a reliance interest implicated here where the

termination of MPP carries no attendant benefits such as providing lawful presence or work authorization. Second, the MPP termination would also pass muster under the dicta in *Texas* that discusses effects on smuggling and human trafficking, as DHS explicitly considered the impact of terminating MPP on illegal immigration, including on human trafficking and smuggling. *See* ECF No. 77-1 at 76; *see e.g.*, ECF No. 61 AR004 ("more than one-quarter of individuals enrolled in MPP were subsequently reencountered attempting to enter the United States between ports of entry"), AR005 ("I believe these reforms will improve border management and reduce migration surges more effectively and more sustainably than MPP"); AR006 ("Terminating MPP will, over time, help to broaden our engagement with the Government of Mexico, which we expect will improve collaborative efforts" such as "expanding cooperative efforts to combat smuggling and trafficking").

Remedy. The court's order on relief in *Texas* actually supports Defendants' request that any remedy the Court awards here should be limited to avoid disruptive effects to international relationships and foreign affairs. *See* ECF No. 70 at 7-15. Specifically, the *Texas* injunction did not require the "complete and immediate cessation" of the DACA program for current participants, and declined to issue such relief based on principles of equity, the participants' reliance on the program, and the possibility that DHS could fix on remand the legal defects the court had identified in the program. ECF No. 77-2 at 4, 6. Likewise, should the Court here find against Defendants on the merits, the Court should similarly limit its relief to avoid disruptive effects on border security and international relations – such as undermining the understandings and actions Mexico has taken in reliance on the United States' representation that it was ending MPP, ECF No. 70 at 8-11 – and remand the matter to DHS for any necessary correction or explanation, without vacatur or injunctive relief. *See also* ECF No. 61 APP01-19.

Take Care Clause. Finally, *Texas* supports Defendants' argument that, assuming *arguendo* the Court finds it can review such claims, the Court should avoid the constitutional question posed by Plaintiffs' Take Care Cause Claim and confine its decision to Plaintiffs' APA claims, which overlap completely with their constitutional claim. ECF No. 77-1 at 74-75 (declining to rule on the Take Care Clause claim due to the "dearth of precedent" on the Clause and because the court could resolve the matter under the APA).

Date:  July 21, 2021

PRERAK SHAH
*Acting United States Attorney*

BRIAN W. STOLZ
*Assistant United States Attorney*

Respectfully submitted,

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

FRANCESCA GENOVA
*Trial Attorney*

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

>  */s/ Joseph A. Darrow*
>  JOSEPH A. DARROW
>  Trial Attorney
>  United States Department of Justice
>  Civil Division