IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-067-Z |
| JOSEPH R. BIDEN, JR. *et al.*, | § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Exclude Evidence or, in the alternative, Require Production of Witnesses for Live Testimony (ECF No. 80) and Defendants' Motion for Leave to Correct the Administrative Record (ECF No. 84). For the reasons below, Plaintiffs' Motion is **DENIED,** and Defendants' Motion is **GRANTED**.

On July 20, 2021 — less than 48 hours before trial — Defendants filed notice of a correction to the Administrative Record. ECF No. 78. This notice identified a new document that was alleged to be missing from the certified Administrative Record: *Assessment of the Migrant Protection Protocol (MPP)*, October 28, 2019. *Id.* In the notice, Julianna Blackwall — Deputy Executive Secretary of DHS and custodian of the Administrative Record — filed an affidavit claiming:

> In June of 2021 when the documents for the Administrative Record submitted in this case were collected, the *Assessment of the Migrant Protection Protocols (MPP)*, October 28, 2019 was included in those documents. However, it was mistakenly not included in the final Administrative Record.
>
> On or about July 15, 2021, it was brought to my attention that the administrative record erroneously omitted the final version of the Assessment of the Migrant Protection Protocols (MPP). Until this was brought to my attention, I did not realize that the administrative record needed correction.

Plaintiffs now move the Court to exclude[1] this new document from the Administrative Record and frame the issue as Defendants' "last-minute attempt to backfill a glaring omission from their own previously filed administrative record and to derail the final trial on the merits set for tomorrow." ECF No. 80 at 2. Plaintiffs further aver that they will be prejudiced by the admission of this evidence because there is no time for discovery on this issue due to tomorrow's trial date and Plaintiffs have already submitted all briefing in reliance of the original Administrative Record.

Defendants filed their correction to the Administrative Record on July 20 even though Defendants knew the document was missing on July 15. ECF No. 78-3. The Court further notes that on July 16 — after being informed the document was missing — Defendants filed their Reply in Support of their Motion to Strike which was directly related to the issue of the proper scope of the Administrative Record. *See* ECF No. 74. That filing even referred to the document at issue, stating that "Plaintiffs only point to prior DHS analyses of MPP as adverse material or critical factors that DHS allegedly failed to consider. ECF No. 74 at 9 (citations omitted). Indeed, Plaintiffs had earlier — on June 30 — explicitly noted the failure to consider this particular document, and its absence from the filed administrative record, in their Reply in Support of their Motion for Preliminary Injunction filed. ECF No. 67 at 2–3.

Even more concerning, Defendants even waited until 3:27pm two days before the hearing to file the corrected Administrative Record, despite the declaration of the custodian being electronically signed at 5:14 p.m. Eastern time *the day before*. ECF No. 78-3.

---

[1] Plaintiffs alternatively request that Defendants produce live witnesses to explain the last-minute correction of the Administrative Record, including DHS Secretary Mayorkas and custodian of the record Julianna Blackwell. The Court finds Plaintiffs have not met the "exceptional circumstances" required to compel the testimony of a Cabinet official. *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995). And Julianna Blackwell submitted her affidavit under the penalty of perjury.

Despite all this, it is the Court's duty to "review . . . the *full* administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971) (emphasis added). And its is likewise the government's duty to provide the full record which includes "all documents and materials directly or indirectly considered by agency decision-makers." *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 33 (N.D. Tex. 1981). And "the designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *City of Dallas, Tex. v. Hall,* No. 3:07-CV-060-P, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007).

The delay between the government's acquiring knowledge of the missing document and its filing of notice with the Court comes perilously close to undermining the presumption of administrative regularity. But the Court finds that the presumption is not overcome in this case.

Considering the important subject matter of this case, the Court prefers to rule on the merits of the parties' arguments rather than the outcome of procedural battles. Further, the inclusion of the document in the Administrative Record is not overly prejudicial to Plaintiffs. As Plaintiffs noted in their Reply in Support of Motion for Preliminary Injunction, "in any event, 'stating that a factor was considered . . . is not a substitute for considering it.'" ECF No. 67 at 2–3 (quoting *Getty v. Fed. Sav. & Loan Ins. Corp.*, 805 F.2d 1050, 1055 (D.C. Cir. 1986)) (internal marks omitted).

For these reasons, Plaintiffs' Motion (ECF No. 80) is **DENIED,** and Defendants' Motion (ECF No. 84) is **GRANTED**.

**SO ORDERED**.

July 21, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE