**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

|  |  |  |
|---|---|---|
| STATE OF TEXAS, | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:21-cv-00067-Z |
| | ) | |
| JOSEPH R. BIDEN, JR., | ) | |
| in his official capacity as | ) | |
| President of the United States, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## EMERGENCY MOTION TO STAY COURT'S ORDER PENDING APPEAL

Defendants hereby move for a stay, pending completion of appellate proceedings, of this Court's permanent injunction entered on August 13, 2021. *See* ECF No. 94. The Acting Solicitor General has authorized an appeal of the Court's injunction, see 28 C.F.R. § 0.20(b), and the government filed the Notice of Appeal this morning. Because of the limited period available to obtain relief before this Court's injunction takes effect at 12:01 am Saturday, August 21, *see* Fed. R. Civ. P. 6(a)(1), Defendants advise the Court that they intend to seek emergency relief from the Fifth Circuit by Tuesday, August 17, 2021, at 5:00 pm if the Court does not grant the requested stay by that time. If, upon reviewing this motion, the Court does not find that Defendants have met the requirements for a stay, Defendants request that this Court summarily deny the motion without awaiting a response from Plaintiffs. Otherwise, Defendants respectfully ask the Court to rule on

1

the motion no later than 5 pm on August 17, 2021. Defendants have notified Plaintiffs, who oppose the relief requested in this motion.

Defendants recognize and appreciate that the Court stayed its order for seven days, until Saturday, August 21, to permit Defendants to seek emergency relief at the appellate level. ECF No. 94 at 53. That order may reflect the Court's judgment that an additional stay beyond seven days is not warranted. Federal Rule of Appellate Procedure 8 requires, however, that "[a] party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1). Therefore, out of an abundance of caution, Defendants respectfully submit this motion for a full stay of the Court's order pending resolution of appellate proceedings.

As explained below, the balance of harms and irreparable injury that Defendants face from the Court's injunction strongly weigh in favor of a stay.  And Defendants respectfully submit that, notwithstanding this Court's contrary conclusion, they are likely to prevail on the merits of their appeal. The Court's injunction undermines the Executive Branch's constitutional and statutory authority to enforce the immigration laws and set immigration priorities. The injunction also imposes deadlines that Defendants cannot meet on their own, because any plan to re-implement the Migrant Protection Protocols (MPP) would necessarily require close cooperation with the Government of Mexico. By ordering the government hastily to resume a program with major foreign policy implications, the court's order threatens significant disruption to the United States' relationship with Mexico and Central American nations. By contrast, Plaintiffs have not fully substantiated their claimed harms of having to provide public support to additional migrants in their state as a result of the termination of MPP, which would nonetheless not outweigh harms to

2

the Government. Further, the MPP termination did not violate the Administrative Procedure Act (APA) or 8 U.S.C. § 1225, and no APA review is available for Plaintiffs' claims.

## STANDARD OF REVIEW

In deciding a motion to stay an order pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## ARGUMENT

**I.      The Balance of Harms Weighs Strongly in Favor of a Stay.**

As explained below and in the Defendants' previous submissions, ECF Nos. 63, 70, 92, 93, the serious and irreparable harms to the Government and public from the Court's injunction outweigh any harm that Plaintiffs might suffer if the injunction is stayed pending appeal. The Supreme Court reached a similar conclusion when it stayed in full the injunctions issued by district courts in *Trump v. Hawaii*, No. 17A550, 2017 WL 5987406 (U.S. Dec. 4, 2017), and *Trump v. International Refugee Assistance Project (IRAP)*, No. 17A560, 2017 WL 5987435 (U.S. Dec. 4, 2017). The Supreme Court and Ninth Circuit held similarly when they stayed a preliminary injunction restraining MPP, *Innovation L. Lab v. McAleenan*, 924 F.3d 503, 510 (9th Cir. 2019); *Wolf v. Innovation L. Lab*, 140 S. Ct. 1564 (2020), as did the Supreme Court and Fifth Circuit concerning injunctions pertaining to the border wall—another significant border management issue, *Trump v. Sierra Club*, 140 S. Ct. 1 (2019) (granting stay pending appeal); *El Paso Cty., Texas v. Trump*, 982 F.3d 332, 337 (5th Cir. 2020) (noting a motion panel had stayed the district court's injunction pending appeal), *cert. denied*, No. 20-298 (2021).  In those cases, the Supreme

Court and circuit courts necessarily determined that the Government's border-management and foreign-policy interests outweighed the plaintiffs' interests. *See Nken*, 556 U.S. at 434. The Government's foreign-policy and border-management interests here—which relate to efforts with Mexico and other countries to address migration and avoid a humanitarian crisis at our southern border—are similarly weighty.

This Court's injunction undermines the Executive Branch's constitutional and statutory authority to implement its immigration priorities and secure the border. The Executive Branch's protection of these interests warrants the utmost deference, particularly where, as here, it acts based on "[p]redictive judgment[s]" regarding the MPP's effect on the border and negotiations with foreign countries. *Dep't of the Navy v. Egan*, 484 U.S. 518, 529 (1988); *see Holder v. Humanitarian Law Project*, 561 U.S. 1, 33-35 (2010). Thus, a stay pending appeal is appropriate where an injunction "is not merely an erroneous adjudication of a lawsuit between private litigants, but an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *INS v. Legalization Assistance Project,* 510 U.S. 1301, 1305-06 (1993) (O'Connor, J., in chambers); *see Heckler v. Lopez*, 463 U.S. 1328, 1330 (1983) (Rehnquist, J., in chambers); *see also Adams v. Vance*, 570 F.2d 950, 954 (D.C. Cir. 1978) (per curiam).

The Court's order requiring DHS to reimplement MPP necessarily imposes irreparable harm on the Government and the public, as previously explained. ECF No. 63 at 46-48. Even a single State "suffers a form of irreparable injury . . . [a]ny time [it] is enjoined by a court from effectuating statutes enacted by representatives of its people." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation omitted). *A fortiori*, this Court's injunction imposes irreparable injury on the United States, as the Secretary's decision to stop using the contiguous-territory-return authority at 8 U.S.C. § 1225(b)(2)(C) is statutorily committed to his

discretion as a Cabinet official charged with evaluating how to maximize the country's border resources, improve the functioning of immigration proceedings, and comprehensively address migration from Central America.

As explained in the attached Declaration of David Shahoulian (attached as Exhibit A), reimplementing MPP would require the Government immediately to reestablish the physical and administrative architecture upon which MPP was built, at the cost of significant time, resources, and personnel that are currently devoted to other high priority efforts and critically important DHS missions. Shahoulian Decl. ¶¶ 15-17. Further, implementing the Court's order in the imposed time frame could not be done in a safe, orderly, and humane manner. *Id.* ¶¶ 18-20.

Likewise, the re-implementation of MPP as the court ordered—on an immediate, mandatory, nationwide basis—would impose significant burdens on the immigration court system and disrupt the government's efforts to adjudicate removal proceedings. *See* Declaration of Daniel Weiss (attached as Exhibit B). Due to space and resource constraints, the Executive Office for Immigration Review (EOIR) could not dedicate additional Immigration Judges to MPP dockets without great disruption to existing dockets and the expenditure of already reduced resources, thereby significantly delaying proceedings for noncitizens who have already been waiting years for their hearings. *Id.* ¶¶ 11-18. Recreating the adjudicatory edifice to support MPP cannot be accomplished on the court's ordered time frame. *Id.* ¶ 12.

Further, the Supreme Court has warned of "the danger of unwarranted judicial interference in the conduct of foreign policy." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 116 (2013). The court's injunction does exactly that. *See* Declaration of Ricardo Zuniga (attached as Exhibit C). DHS cannot simply reinstitute MPP and send non-Mexican nationals to Mexico without working with Mexico to ensure that returnees are allowed to remain in Mexico pending the

outcome of their claims. Reimplementation of MPP would require close cooperation with the Government of Mexico to ensure migrants' safety and basic security while waiting for U.S. immigration proceedings. *Id.* ¶¶ 7-17, 19-20. A court order directing the government immediately to re-implement MPP would require the United States to divert limited resources away from more comprehensive and effective current regional initiatives to manage migration and address root causes of irregular migration. *Id.* And reimplementing MPP in a hasty manner would also significantly harm our diplomatic relationships with Central American countries and partner international organizations. *Id.* ¶¶ 18-20.

Finally, the extraordinary harms the United States faces as a result of the injunction significantly outweigh any harm the States might face from a stay pending appeal. Indeed, the States submitted no evidence that they incurred additional costs after MPP enrollments declined in April 2020, or since new enrollments ended in January 2021. In particular, there is no evidence in the record that either State has issued a single driver's license to an individual who would have otherwise been subject to MPP, but for the pause in enrollments or its termination. Nor is there any evidence of other costs directly traceable to the termination of MPP.

## II.      Defendants Are Likely to Prevail on the Merits.

Recognizing that this Court has reached a contrary conclusion, Defendants nonetheless respectfully submit that a stay pending appeal is additionally warranted because Defendants are likely to succeed on the merits of their appeal. *See Nken*, 556 U.S. at 434. Specifically, as Defendants explained in their opposition to Plaintiffs' motion for a preliminary injunction and incorporate here by reference, Plaintiffs cannot obtain APA review of their claims. *See* ECF No. 63 at 10-46. If Plaintiffs could obtain such review, Defendants have sufficiently explained that their decision to terminate MPP was based on compelling reasons that satisfy the arbitrary-and-

6

capricious review standard. *Id.* Further, termination of MPP does not violate section 1225 because the statute does not require Defendants to implement a return program, or to return all amenable nondetained noncitizens to a contiguous country. *Id.*

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant a stay pending appeal, and respectfully request a decision by 5 pm on August 17th.

Date:  August 16, 2021                Respectfully submitted,

PRERAK SHAH                          BRIAN M. BOYNTON
*Acting United States Attorney*        *Acting Assistant Attorney General*

BRIAN W. STOLZ                       WILLIAM C. PEACHEY
*Assistant United States Attorney*     *Director*
                                     Office of Immigration Litigation
                                     District Court Section

                                     EREZ REUVENI
                                     *Assistant Director*

                                     BRIAN WARD
                                     *Senior Litigation Counsel*

                                     */s/ Joseph A. Darrow*
                                     JOSEPH A. DARROW
                                     *Trial Attorney*
                                     U.S. Department of Justice
                                     Civil Division
                                     Office of Immigration Litigation
                                     District Court Section
                                     P.O. Box 868, Ben Franklin Station
                                     Washington, DC 20044
                                     Tel.: (202) 598-7537
                                     Joseph.a.darrow@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division