UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS and <br><br> THE STATE OF MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Case No. 2:21-cv-00067-Z |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

The Court should deny Defendants' motion for a stay pending appeal. *See* ECF No. 98. As this Court has already held, both the merits and the equities favor Plaintiffs. *See* ECF No. 94.

This Court graciously granted a seven-day stay "to allow the federal government time to seek emergency relief at the appellate level." *Id.* at 53. Instead of accepting that invitation, Defendants have come back to this Court asking for more. They now ask for a full stay pending appeal. But they offer no new arguments to justify asking this Court to change its mind. Nor do they explain why they need a ruling less than twenty-three hours after they filed a motion that they took more than seventy-three hours to write.

**STANDARD**

Courts "consider four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Texas. v. United States*, 787 F.3d 733, 746–47 (5th Cir. 2015) (cleaned up). "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* (cleaned up).

## ARGUMENT

The Court should deny Defendants' motion for a stay pending appeal.

**I.     The Equities and the Public Interest Foreclose a Stay**

Defendants re-urge an argument that this Court has already rejected: whether the balance of harms favors Plaintiffs or Defendants. *See* ECF No. 98 at 3–6. Indeed, Defendants acknowledge they have "previously explained" this argument in their "previous submissions" *Id.* at 3, 4; *see also id.* at 6–7 ("incorporate[ing] here by reference"). The Court properly rejected Defendants' position because they "have no 'interest in the perpetuation of unlawful agency action.' ECF No. 94 at 50 (quoting *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)). "Rather, there is a 'public interest in having governmental agencies abide by the federal laws that govern their existence and operations.'" *Id.* (*quoting Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994)). Defendants' motion for a stay never suggests that the equities governing whether to issue a permanent injunction differ from the equities governing whether to stay that permanent injunction. Thus, there is no need for the Court to revisit this issue.

If the Court does revisit the issue, however, it should hold that Defendants' arguments are meritless. First, Defendants erroneously suggest that the balance of harms always favors the federal government in immigration cases. Not so. In the case most analogous to this one, Texas and other States successfully challenged DAPA, and the Fifth Circuit refused to stay Judge Hanen's injunction. *See Texas v. United States*, 787 F.3d 733, 769 (5th Cir. 2015).

To be sure, when a federal court prevents the Executive Branch from enforcing the nation's immigration laws against illegal aliens, a stay can be appropriate. For example, "[t]here is always

a public interest in prompt execution of removal orders: The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings [Congress] established, and 'permit[s] and prolong[s] a continuing violation of United States law.'" *Nken v. Holder*, 556 U.S. 418, 436 (2009) (quoting *Reno v. Am.-Arab Anti-Discrimination Committee*, 525 U.S. 471, 490 (1999)). Thus, it is no surprise that the federal government can cite courts staying injunctions that would have prevented the enforcement of immigration restrictions and prolonged or exacerbated violations of federal law. *See, e.g.*, *Wolf v. Innovation L. Lab*, 140 S. Ct. 1564 (2020); *Trump v. Sierra Club*, 140 S. Ct. 1 (2019); *Trump v. Hawaii*, No. 17A550, 2017 WL 5987406 (U.S. Dec. 4, 2017); *Trump v. Int'l Refugee Assistance Project*, No. 17A560, 2017 WL 5987435 (U.S. Dec. 4, 2017); *El Paso Cty. v. Trump*, 982 F.3d 332, 337 (5th Cir. 2020); *Innovation L. Lab v. McAleenan*, 924 F.3d 503, 510 (9th Cir. 2019).

But here, the federal government is violating, not enforcing, federal immigration law. *See, e.g.*, ECF No. 94 at 42–44. According to Defendants themselves, the June 1 Memorandum represented a mere "non-enforcement policy." ECF No. 63 at 14. "There is always a public interest in prompt" enforcement of the immigration laws. *Nken*, 556 U.S. at 436. But there is no public interest in abdication of statutory obligations. That is why the Fifth Circuit distinguishes between the public "interest in expeditiously . . . controlling immigration into the United States," which may justify staying an injunction, and the Executive Branch's purported interest in not enforcing the immigration laws, which does not. *See Texas*, 787 F.3d at 768 (holding that "a stay pending appeal is far from justified").

Of course, rescinding MPP was not really a non-enforcement policy. *See* ECF No. 94 at 31–32. "The only question MPP answers is *where* the alien will *be* while the federal government pursues removal—in the United States or in Mexico." *Id.* at 32. Thus, this case bears no

resemblance to cases in which stays were necessary to allow the federal government to proceed against illegal aliens.

Second, Defendants suggest that the Court's injunction threatens the separation of powers, *see* ECF No. 98 at 4, but the Court simply ordered the relief authorized by Congress. *See, e.g.*, ECF No. 94 at 45. In any event, the Executive Branch's "claims that the injunction offends separation of powers" goes to "the resolution of the case on the merits, not whether the injunction is stayed pending appeal." *Texas*, 787 F.3d at 767–68.

In the end, Defendants' claims regarding the allegedly deleterious effects of reinstating MPP are unreliable. Defendants' rescission of MPP was arbitrary and capricious because, among other things, they "failed to consider several critical factors" and because "one of the key reasons the Secretary gave for terminating for MPP is arbitrary." ECF No. 94 at 36, 38. Having already concluded that Defendants' "reasoning [was] without any merit," ECF No. 94 at 41, the Court should not defer to Defendants' conclusion.

## II.  Defendants Are Not Likely to Prevail on the Merits

Defendants are not entitled to a stay because they cannot make "a *strong* showing that [they are] likely to succeed on the merits." *Texas*, 787 F.3d at 746 (emphasis added). This Court has already held that Plaintiffs, not Defendants, prevail on the merits, *see* ECF No. 94 at 34–44, and Defendants admit as much, *see* ECF No. 98 at 6–7. They do not argue that the merits inquiry on appeal will be more favorable for them than the merits inquiry in this Court. In fact, Defendants are even less likely to prevail on appeal than in this Court: "To succeed on the merits, the government must show that the district court *abused its discretion* by entering" an "injunction." *Texas*, 787 F.3d at 747 (emphasis added). Because Defendants cannot make that showing, their motion should be denied.

### III. Self-Inflicted Harms Do Not Warrant Equitable Relief Such as a Stay

Defendants now complain of harm that they brought on themselves. That alone is sufficient reason to deny a stay pending appeal. A request for a stay pending appeal implicates equitable considerations, including whether the movant has "unclean hands." *In re GGW Brands, LLC*, No. 2:13-bk-15130, 2013 WL 6906375, at *26–*27 (Bankr. C.D. Cal. Nov. 15, 2013) (holding that inequitable conduct was "sufficient to deny" "a stay pending appeal").

Here, Defendants' "problems are entirely self-inflicted." ECF No. 94 at 47. They "could have avoided" such problems "by delaying preparatory work until the litigation was resolved." *Id.* (quoting *Texas*, 809 F.3d at 187). "That the government's asserted harm is largely self-inflicted 'severely undermines' its claim for equitable relief." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020) (citing cases form three other circuits); *see also* 11A Wright & Miller, *Federal Practice and Procedure* § 2948.1 (3d ed.) ("Not surprisingly, a party may not satisfy the irreparable harm requirement if the harm complained of is self-inflicted.").

The delay here would have been minimal. After all, this litigation moved remarkably quickly. The Court entered final judgment "only slightly more than two months" after "the issuance of the June 1 Memorandum." ECF No. 94 at 47 n.13. As this Court has previously explained, Defendants appear to claim that they faced longer potential delays because "MPP had been in the process of termination for *months*." ECF No. 94 at 48. But that establishes only the June 1 Memorandum was a bad-faith, "*post hoc*" rationalization "for a decision that was already made." ECF No. 94 at 48. Such inequitable conduct renders Defendants ineligible for an equitable remedy like a stay pending appeal.

### CONCLUSION

Texas and Missouri respectfully request that the Court deny the motion for a stay.

| | |
|---|---|
| Date: August 17, 2021 | Respectfully submitted. |
| ERIC S. SCHMITT<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| D. JOHN SAUER, #58720MO*<br>Solicitor General | BRENT WEBSTER<br>First Assistant Attorney General |
| */s/ Jesus A. Osete*<br>JESUS A. OSETE, #69267MO*<br>Deputy Solicitor General &<br>Deputy Attorney General for<br>Special Litigation | JUDD E. STONE II<br>Solicitor General<br>Texas Bar No. 24076720 |
| | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Texas Bar No. 00798537 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-8870<br>Fax (573) 751-0774<br>John.Sauer@ago.mo.gov | */s/ William T. Thompson*<br>WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>*Attorney-in-Charge*<br>Texas Bar No. 24088531 |
| | RYAN D. WALTERS<br>Special Counsel<br>Texas Bar No. 24105085 |
| *Counsel for Plaintiff State of Missouri*<br><br>*Admitted pro hac vice | OFFICE OF THE ATTORNEY GENERAL<br>SPECIAL LITIGATION UNIT<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>ryan.walters@oag.texas.gov<br>jeff.white@oag.texas.gov |
| | *Counsel for Plaintiff State of Texas* |

**CERTIFICATE OF SERVICE**

I certify that on August 17, 2021, a true and accurate copy of the foregoing document was filed by CM/ECF and served on all counsel of record.

*/s/ William T. Thompson*
WILLIAM T. THOMPSON
