# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>    *Plaintiffs,*<br><br>v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>    *Defendants.* | Civil Action No. 2:21-cv-00067-Z |

## DEFENDANTS' FIRST SUPPLEMENTAL NOTICE OF COMPLIANCE WITH INJUNCTION

On August 13, 2021, the Court entered an injunction requiring Defendants to, *inter alia*, "enforce and implement [the Migrant Protection Protocols] *in good faith*." ECF No. 94 at 52; *see also State v. Biden*, No. 21-10806, 2021 WL 3674780 at *13 (5th Cir. Aug. 19, 2021). Defendants submit this supplemental notice to update the Court on the steps Defendants have taken to comply with the injunction since Defendants' initial Notice of Compliance on September 15, 2021, ECF No. 105.

In that initial Notice, Defendants explained that they were rebuilding the administrative, physical, personnel and policy structures necessary to operate the program, but that MPP could not be implemented unless and until Mexico independently decides to accept individuals that the U.S. seeks to return to Mexico. The initial Notice described that conversations with Mexico were ongoing. *See id.*; ECF No. 105-1.

Defendants can now further report that, since the September 15 Notice, the Department of Homeland Security (DHS) has made substantial progress toward the re-implementation of MPP. Declaration of Blas Nuñez-Neto at ¶ 3, ECF No. 110-1; *see generally* ECF No. 110. DHS has, among other things, engaged in a number of high-level and ongoing virtual and in person discussions with the Government of Mexico (GOM); continued to finalize the operational plans that will be required to quickly re-implement MPP; worked closely with the Department of Justice and other interagency partners to ensure that the immigration courts are prepared to hear the cases of those subject to MPP on a timely basis; and issued the contracts required to rebuild the soft-sided Immigration Hearing Facilities (IHFs) in Laredo and Brownsville, Texas. *Id.* As a result of this progress, DHS anticipates being in a position to re-implement MPP by mid-November— dependent on decisions made by Mexico. *Id.*

Notably, DHS cannot implement MPP without Mexico's independent decision to accept

individuals that the United States seeks to send to Mexico. *Id.* ¶ 5. As a sovereign nation, Mexico can deny the entry of all individuals who do not have status in Mexico. *Id.; cf.* Administrative Record (AR) 149-50, ECF No. 61 (Mexico's statement of cooperation with initial implementation of MPP and assertion of authority to accept or reject migrants into its territory). Thus, before the U.S. can begin sending individuals back to Mexico, the U.S. needs Mexico's concurrence, as well as a shared understanding about key details of how MPP will be re-implemented including, for example: where and what time such entries will be permitted; how many individuals and what demographic groups will be permitted per day at each location; and what nationalities will be accepted for return. *Id*. ¶ 6.

In addition, in the ongoing discussions with Mexico regarding re-implementation of MPP, Mexico has made clear that it has concerns about aspects of how MPP was previously implemented, and that without certain improvements to the program, it will not decide to accept MPP enrollees. *Id.* ¶ 8; *see id.* ¶ 7 ("Mexico's decision to accept individuals returned pursuant to MPP was needed before the program was initiated in 2019, and, because the previous program was terminated, it is needed again now."). Specifically, Mexico has identified a number of changes that it would like to see in MPP before deciding to accept MPP returns, including: an assurance that cases are generally adjudicated within six months of enrollment and that individuals awaiting court hearings in Mexico receive timely and accurate information about hearing dates and times; improved access to counsel; protections against the return of particularly vulnerable populations to Mexico; and better coordination with Mexico concerning the locations and times of day that individuals are returned to Mexico. *Id.* ¶¶ 8-12. DHS is developing an MPP reimplementation plan that takes into account these concerns, which it will be discussing with Mexico in the coming days; reimplementation remains contingent on Mexico's decision to accept returns under MPP. *Id.* ¶ 13.

DHS has simultaneously begun taking other steps within its control to be in a position to begin implementing MPP on or around the middle of November 2021, subject to Mexico's decision to accept MPP returns. *Id.* ¶ 14. First, on October 13, 2021, DHS issued a task order under an existing contract to rebuild the soft-sided IHFs in Laredo and Brownsville, Texas, at a cost of approximately $14.1 million to build and $10.5 million per month to operate, to assist with adjudication of the MPP immigration-court docket. *Id.* ¶ 15. Second, the MPP interagency task force is working with DOJ's Executive Office for Immigration Review (EOIR) to ensure that there is sufficient space available on immigration court dockets so that hearings for individuals in MPP can be conducted in a timely manner after enrollment. *Id.* ¶¶ 16, 17. Third, DHS is finalizing operational guidance and planning documents that will be needed to operationalize MPP. *Id.* ¶¶ 16, 18, 19. Fourth, DHS is putting into place measures to ensure that MPP hearings can take place in a manner that protects government personnel, United States communities, and the migrants themselves from the spread of COVID-19. *Id.* ¶ 18.

In conclusion, as a result of these efforts, Defendants report that DHS is ready to begin re-implementing MPP in mid-November, assuming Mexico's decision to accept returns under MPP at that time. *Id.* ¶ 19.

Defendants will provide a further report to the Court once MPP is operational.

Dated: October 14, 2021   Respectfully submitted,

CHAD E. MEACHAM   BRIAN M. BOYNTON
*Acting United States Attorney*   *Acting Assistant Attorney General*

BRIAN W. STOLZ   WILLIAM C. PEACHEY
*Assistant United States Attorney*   *Director*
　　　　　　　　　　　　　　　　　Office of Immigration Litigation
　　　　　　　　　　　　　　　　　District Court Section

3

EREZ REUVENI
*Assistant Director*

BRIAN C. WARD
*Senior Litigation Counsel*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
U.S. Department of Justice
