# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>              Plaintiffs,<br><br>   v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, et al.,<br><br>              Defendants. | Civil Action No. 2:21-cv-00067-Z |

**DECLARATION OF LUIS A. MEJIA**

    I, Luis A. Mejia, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge, and documents and information made known or available to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows:

1. I am the Deputy Executive Director of Admissibility and Passenger Programs, Office of Field Operations (OFO), and have been in this role since July 2021. In this position, I oversee nine Director-level program offices: the Admissibility Review Office; External Engagements and Initiatives; Enforcement Programs Division; Electronic Systems for Travel Authorization; Fraudulent Document Analysis Unit; Immigration Advisory Programs; Systems Enforcement Analysis and Review; Traveler Entry Programs; Operations Support Unit; and Trusted Traveler Programs. I am responsible for overseeing all OFO programs related to the admissibility of passengers at ports of entry including policy guidance pertaining to passenger inspectional process. My responsibilities include

1

oversight of processing and removal issues. Prior to this role, I served as the Director of the Enforcement Programs Division from January 2018 to July 2021. In that capacity, I had oversight of OFO policy related to United States Code, Title 8 for all 328 Ports of Entry (POEs) and was responsible for preparing field guidance surrounding the application of relevant laws, regulations, court decisions, executive orders, and other statutory interpretations. From April 2021 through September 2021, I was Acting Area Port Director for the Area Port of Charleston, South Carolina. Previously, I also served as Branch Chief, Enforcement Operations, Port of New York/Newark, where I was responsible for a staff of 165 CBP officers. I began my career as a CBP officer at the Port of New York/Newark, New Jersey in 2003.

2. U.S. Customs and Border Protection (CBP) has a broad mission of both protecting the United States from external threats (such as terrorists and other dangerous individuals, narcotics and other substances that can harm U.S. citizens, and counterfeit goods and other products that can undermine U.S. economic prosperity) and facilitating lawful trade and travel in ways that can help support and enhance the U.S. economy and the U.S. population. CBP's mission to protect national security while promoting economic prosperity includes the enforcement of the customs, immigration, and agriculture laws of the United States, as well as the enforcement of hundreds of other laws at the border on behalf of numerous federal agencies. OFO is the main component of CBP that is responsible for implementing these missions, as OFO is responsible for inspecting everything and everyone that enters the United States at its 328 POEs across the country (e.g., all vehicles, conveyances, goods, people, plants, animals, food, medicine, merchandise, etc.), and determining whether that person or thing complies with U.S. law.

Therefore, OFO is the first line of defense against threats entering the nation and is primarily responsible for facilitating the free flow of travel and trade.

3. I am familiar with the August 13, 2021 injunction requiring Defendants to, inter alia, "enforce and implement [the Migrant Protection Protocols] in good faith." ECF No. 94 at 52; *see also State v. Biden*, No. 21-10806, 2021 WL 3674780 at *13 (5th Cir. Aug. 19, 2021). I also understand that the District Court ordered defendants to "file with the Court on the 15th of each month, a report stating (1) the total monthly number of encounters at the southwest border; (2) the total monthly number of aliens expelled under Title 42, Section 1225, or under any other statute; (3) Defendants' total detention capacity as well as current usage rate; (4) the total monthly number of 'applicants for admission' under Section 1225; (5) the total monthly number of 'applicants for admission' under Section 1225 *paroled* into the United States; and (6) the total monthly number of 'applicants for admission' under Section 1225 released into the United States, *paroled or otherwise.*" (emphasis in original).

4. The sixth item in the Court's reporting requirement requests "the total monthly number of 'applicants for admission' under Section 1225 released into the United States, *paroled or otherwise.*" (emphasis in original.) As part of the August 2021 monthly report, which was filed with the Court on September 15, 2021, CBP indicated that 9,390 "applicants for admission" under 8 U.S.C. § 1225 were processed for an "OFO NTA-Order of Release on Recognizance." In other words, the report indicated that this population was released, but under a mechanism other than parole.

5. It has come to CBP's attention that the characterization of this data point does not accurately reflect OFO's processing of these "applicants for admission" under 8 U.S.C. § 1225. Rather, the characterization of this data point was an error that occurred because of

3

how the information was pulled from CBP's system—the statistics were reported in this manner in an attempt to align OFO's processing information with U.S. Border Patrol's (USBP) statistics. However, to clarify, the 9,390 "applicants for admission" under 8 U.S.C. § 1225 are individuals that were processed for an OFO NTA and paroled into the United States on a case-by-case basis pursuant to 8 U.S.C. § 1182(d)(5). CBP has corrected this issue in the September 2021 monthly report due to the Court on October 15, 2021 and will ensure this data point is properly reflected in future monthly reports that are filed with the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 13th day of October, 2021.

*Luis A. Mejia*

Luis A. Mejia
Deputy Executive Director
Admissibility and Passenger Programs
Office of Field Operations
U.S. Customs and Border Protection
U.S. Department of Homeland Security