IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| THE STATE OF TEXAS, <br> THE STATE OF MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR. *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | 2:21-CV-067-Z |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Enforce Permanent Injunction and for Expedited Discovery (ECF No. 107) ("Motion"). The Court has considered all responses, replies, objections, and sur-replies (as applicable) to the Motion. For the following reasons, Plaintiffs' Motion is **GRANTED in part** as to the request for additional discovery and **DENIED** in all other respects.

### BACKGROUND

On April 13, 2021, Plaintiff States Missouri and Texas filed a complaint with this Court against federal Defendants.[1] ECF No. 1. Plaintiffs asked the Court for relief including an injunction to prevent Defendants from suspending or terminating the Migrant Protection Protocols ("MPP"). ECF No. 1 at 39. This case's short but complicated procedural history is detailed in the Court's Memorandum Opinion and Order filed August 13, 2021, in which the Court granted injunctive relief. ECF No. 94. Specifically — among other requirements — the Court ordered Defendants to

---

[1] Defendants are the United States of America; President Biden in his official capacity; the Department of Homeland Security ("DHS") and DHS Secretary Mayorkas in his official capacity; the United States Customs and Border Protection ("CBP") and Acting Commissioner of CBP Troy Miller in his official capacity; the United States Immigration and Customs Enforcement ("ICE") and Acting ICE Director Tae Johnson; and the United States Citizenship and Immigration Services ("CIS") and Acting CIS Director Tracy Renaud in her official capacity.

(1) enforce and implement MPP in good faith and (2) to file with the Court monthly reports including specific relevant data. ECF No. 94 at 52–53. On September 15, 2021, Defendants filed a Notice of Compliance with Injunction ("August Compliance Notice") (ECF No. 105) and a Monthly Report Pursuant to Court's Injunction ("August Report") (ECF No. 106).

Plaintiffs filed the present Motion on September 23, 2021, alleging that Defendants are not enforcing and implementing MPP in good faith. ECF No. 107 at 1. Plaintiffs ask the Court to (1) find that Defendants are not in compliance with the August 13 Order, (2) to command concrete steps to comply, and (3) to allow Plaintiffs expedited discovery relating to compliance and specifically related to Haitian migrant activity. ECF No. 107 at 10. Defendants filed a Response in opposition to Plaintiffs' Motion on October 14, 2021, claiming that "the government is implementing the injunction in good faith" and that Plaintiffs "offer no valid basis for their request for other broad-ranging discovery."[2] ECF No. 110 at 1. The following day, Defendants filed documents reporting increased actions and new data from the month of September — the First Supplemental Notice of Compliance with Injunction ("September Compliance Notice") (ECF No. 111) and the Monthly Report for September 2021 ("September Report") (ECF No. 112).

Subsequently, on October 28, 2021, Plaintiffs filed a Reply in Support of Motion to Enforce Permanent Injunction and for Expedited Discovery (ECF No. 113). Plaintiffs are concerned about an influx of Haitian migrants and the fact that Defendants are not re-implementing MPP in the same manner as it was initially implemented. *See* ECF No. 113. Defendants filed the Second Supplemental Notice of Compliance with Injunction ("October Compliance Notice") (ECF No. 114) and the Monthly Report for October 2021 ("October Report") (ECF No. 115) on November 15, 2021. These reports reflect that Defendants will fully re-implement MPP in the near future.

---

[2] Defendants' Response was filed by all the listed Defendant parties except the United States Customs and Border Protection.

2

### LEGAL STANDARDS

Courts have inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). In enforcing compliance, courts should use "(t)he least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 231 (1821)). Plaintiffs have the burden to establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by Defendants; and (3) that Defendants failed to comply with the court's order. *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1986) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). The evidence must be "so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (quoting *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999)). If Plaintiffs show a prima facie case, Defendants can defend against it by showing a present inability to comply with the subpoena or order. *Petroleos Mexicanos*, 826 F.2d at 401 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).

### ANALYSIS

Defendants are taking steps toward re-implementing MPP. Since the time that Plaintiffs filed the Motion, Defendants have filed additional reports showing increased action and an estimated timeframe on re-implementation. *See* ECF Nos. 111, 114. The Court finds that Plaintiffs have not met the burden of showing by clear and convincing evidence that Defendants are not in compliance with the injunction. However, the Court finds good reason to modify the injunction to allow *limited* discovery to ensure continued compliance with the injunction.

### A. Plaintiffs fail to show clear and convincing evidence that Defendants are failing to comply with the Court's order.

The Court's injunction requires Defendants to "enforce and implement MPP *in good faith*." ECF No. 94 at 52. Plaintiffs argue that the current administration's implementation of MPP deviates from the previous administration's initial implementation. The essence of Plaintiffs' argument is that good-faith implementation requires not only the same pace of progress, but also the same manner of implementation as the previous administration. This is not the correct standard.

If Defendants failed to show any movement and instead argued that progress was impossible, Plaintiffs' arguments detailing a possible path forward would be relevant — and potentially compelling. However, Defendants have highlighted actions the Government has taken in compliance with the injunction. Moreover, Defendants can achieve good-faith implementation without duplicating the previous administration's implementation. Thus, Plaintiffs fail to show clear and convincing evidence that Defendants have failed to comply with the Court's order.

*1. Defendants show action and progress in implementing MPP.*

Defendants' August Compliance Notice shows Defendants took initial administrative steps towards implementing MPP. *See* ECF No. 105. Specifically, Defendants (1) began negotiations with the Mexican government, (2) identified funds for building structures in Laredo and Brownsville for hearings, (3) set up a task force that began reviewing policies, and (4) initiated discussions to make space on immigration court dockets. ECF No. 105 at 1, 3. While these steps do not constitute concrete and visible implementation of MPP, the Court finds they are relevant foundational steps *toward* implementation.

During September, Defendants showed increased action and "substantial progress toward re-implementation of MPP." ECF No. 111 at 1. Defendants identified specific concerns held by the Mexican government and stated that Defendants were finalizing plans to mitigate those

concerns. ECF No. 110-1, ¶¶ 8–13; ECF No. 111 at 1–2. Defendants also reported that they were no longer waiting for Mexico's agreement before taking additional steps. ECF No. 111 at 3. Accordingly, Defendants issued task orders to rebuild necessary hearing facilities in Laredo and Brownsville. ECF No. 110 at 9.

Defendants' October Compliance Notice states that Defendants are "largely finished" with "internal planning" and are ready to re-implement MPP "shortly after" the Mexican government agrees to accept the return of individuals enrolled in the program. ECF No. 114-1 at 3. Defendants further report only "one set of outstanding issues that must be resolved before Mexico will be in a position to make the independent decision to accept into Mexico those enrolled in MPP." *Id.* Defendants "anticipate that the remaining issues will be resolved shortly and that re-implementation will begin within the coming weeks." *Id.*

The Court takes seriously its responsibility to "protect the sanctity of its decrees and the legal process." *Test Masters*, 428 F.3d at 582 (5th Cir. 2005). However, the Court finds that Defendants' actions toward re-implementation of MPP are sufficient to negate Plaintiffs' current allegations of bad-faith failure to comply. As a result, the Court need not determine what actions would still be required of Defendants if the Mexico negotiations were to stalemate or if the Mexican government were to permanently withhold consent.

> 2. *Good-faith implementation does not require Defendants to implement MPP in the same manner as the previous implementation.*

Plaintiffs claim that Defendants fail to follow the same blueprint that the previous administration followed in implementing MPP. This claim may be true. However, this is not controlling to the Court's analysis. The standard does not require the Court to determine whether Defendants are implementing MPP in the most expeditious or prudent manner possible, or in the same manner as the previous administration, or in the manner Plaintiffs would have chosen.

5

Rather, the Court must simply determine whether Plaintiffs have shown by clear and convincing evidence that Defendants are not in compliance with the injunction.

Plaintiffs are incorrect that "good-faith implementation of this Court's injunction requires proceeding at least as quickly as Defendants did the first time they implemented MPP." ECF No. 107 at 5. The two cases Plaintiffs cite as authority for this proposition are distinguishable from present circumstances, and neither provides controlling authority. One merely states that the district court did not err by instructing the jury to consider past dealings between the two parties — among other factors — in evaluating good-faith motive behind a sale. *United Mine Workers of Am. V. Rag Am. Coal Co.*, 392 F.3d 1233, 1239–40 (10th Cir. 2004). The other affirms that the district court did not clearly err when it considered previous business practice as only one factor in evaluating good-faith intent and when the party in question was sitting in complete inaction. *In re Montgomery*, 518 F.2d 1174, 1175 (4th Cir. 1975).

Even if the Court considers previous implementation of MPP in comparison to Defendants' present efforts, other factors offset a need to follow suit. First, the COVID-19 pandemic poses a continuing and ever evolving challenge to both business transactions and daily life for most of the nation. It is reasonable that the pandemic would alter best practices for implementing MPP, including in the manner that the CDC's Title 42 order affects operations. ECF No. 110 at 10.

Second, the Mexican government expressed that it would not agree to implementation unless certain aspects of the program are changed. ECF No. 111 at 2. This requires Defendants to alter implementation procedures. Notably, Mexico requires shorter lag times between enrolling aliens in MPP and concluding proceedings, lessening Defendants' ability to count on lag time to finish building, organizing, and planning. ECF No. 110-1, ¶ 9.

The Court finds that none of Plaintiffs' specific claims of Defendants' bad-faith failure are clear and convincing. Specifically, Plaintiffs present that Defendants are wrongly delaying re-implementation based on COVID-19 issues, lack of agreement from Mexico, and incomplete facilities. Plaintiffs insist that MPP should be re-implemented in a phased manner, without waiting for the entire border to be ready.

However, Defendants report that they expect an agreement with Mexico soon but are no longer waiting for such agreement before taking concrete action and rebuilding facilities. It is reasonable for Defendants to experience some delays and variances from the effects of the COVID-19 pandemic. Moreover, Defendants claim that they expect to re-implement MPP within a few weeks. Given these current reports, none of Plaintiffs' claims clearly and convincingly show lack of good-faith re-implementation.

Plaintiffs fail to show controlling authority that Defendants must implement MPP in the same manner as initially. The Court finds that Defendants' current deviation from the original method and manner of implementation does not constitute bad-faith failure to re-implement MPP.

### B. Plaintiffs are entitled to *limited* discovery to ensure Defendants' compliance with the injunction.

Plaintiffs request expedited discovery through depositions and additional monthly reporting. These requests are limited and directly relevant to the injunction's objectives.

First, Plaintiffs request to depose four lower-level agency officials on a limited basis related to facts articulated in the August Compliance Report. ECF No. 107 at 9; ECF No. 113 at 7 n.7. These officials have already testified by declaration in this matter. *See* ECF Nos. 105-1 and 110-1 (Nuñez-Neto), 98-1 (Shahoulian), 98-2 (Weiss), and 98-3 Zúniga). Plaintiffs want to probe possible discrepancies between Defendants' representations of compliance and facts in the

officials' declarations. ECF No. 113 at 8. Plaintiffs seek this information to ascertain more fully Defendants' compliance with the injunction.

Although the Court has not found clear and convincing evidence of Defendants' noncompliance, Plaintiffs have provided some evidence that Defendants are not re-implementing MPP as quickly or as thoroughly as they should. Thus, the Court finds Plaintiffs' request reasonable — considering the ongoing importance of compliance and the limited nature of the request.

Defendants cannot assert privilege or status to avoid depositions of lower-level officials limited to explaining decisions and actions taken to implement those decisions. The deliberative process privilege protects only "predecisional information" about the deliberative process by which an agency reached a policy decision. *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982). It does not protect information explaining a decision, and it certainly does not protect factual information. *Id.*; *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 (5th Cir. 1981). Additionally, in contrast to probing the mental processes of a federal Executive Department Secretary, which may require a higher standard, Plaintiffs request limited depositions to gain facts from officials who work — or formerly worked — several levels below agency heads. *See United States v. Morgan*, 313 U.S. 409, 422 (1941). The status of these officials does not foreclose such narrow questioning.

Second, Plaintiffs request information related to the monthly reporting that the injunction already requires. *See* ECF No. 107. Plaintiffs request data for the time period before the injunction, beginning January 21, 2021. *Id.* Plaintiffs also request this information broken down to show data related to Haitian migrants. *Id.* Finally, Plaintiffs request data related to Defendants' violation of parole limits, pointing to the Court's findings on this subject. *Id.*

The Court finds Plaintiffs' request for information reasonable and in good faith. Plaintiffs require prior data to confirm whether Defendants' current actions and results represent a change from the time period before the injunction. The injunction addresses parole practices, but additional information is necessary to clarify Defendants' compliance with legal limits on parole decision-making. While Haitian migrants are not subject to MPP, data on Haitian migrants is relevant to the injunction's objectives and of increased importance given the humanitarian crisis Plaintiffs describe. ECF No. 107 at 2.

The Court retains jurisdiction over this matter for the purpose of construction, modification, and enforcement of the permanent injunction. Accordingly, the Court finds Plaintiffs' Motion seeking limited discovery should be **GRANTED**.

CONCLUSION

For the reasons set forth above, it is **ORDERED** that Plaintiff's Motion to Enforce Permanent Injunction and for Expedited Discovery is **GRANTED in part** as follows:

(a) Plaintiffs may conduct **limited depositions** — relating to the facts in the Defendants' filed notices and reports to obtain an explanation of Defendants' actions or lack thereof related to the injunction — of the following officials: (1) Acting Assistant Secretary Blas Nuñez-Neto; (2) former Assistant Secretary David Shahoulian; (3) Principal Deputy Chief Immigration Judge Daniel H. Weiss; and (4) Principal Deputy Assistant Secretary Ricardo Zúniga;

(b) Defendants must file with the Court **on or before December 15, 2021** a report showing the five categories of information required by the injunction broken down monthly beginning January 21, 2021;

(c) Defendants' reports filed with the Court in compliance with the injunction, including the report required by subsection (b), must include — as a part of categories (5) and (6) — the number of applicants paroled or released into the United States based on DHS's lack of detention capacity; and

(d) Defendants' reports filed with the Court in compliance with the injunction, including the report required by subsection (b), must show data on Haitian migrants in all categories.

The Court finds all other relief should be and is hereby **DENIED**.

9

**SO ORDERED.**

November **18**, 2021.

---

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE