**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

|  |  |  |
|---|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:21-cv-00067-Z |

**DEFENDANTS' MOTION TO RECONSIDER RULING ON PLAINTIFFS' MOTION
TO ENFORCE INJUNCTION, AND MOTION FOR ADMINISTRATIVE STAY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................iii

INTRODUCTION ................................................................................................................1

ARGUMENT .......................................................................................................................3

   I.   The Court Lacked Jurisdiction to Modify the Injunction or Order
       Post-Judgment Discovery ......................................................................................3

   II.  Plaintiffs' Motion to Enforce and Need for Discovery is Moot Because
       MPP is Restarting ..................................................................................................6

   III. The Substantial Burden Imposed by the Additional Discovery
       and Reporting Weighs in Favor of Reversing or Substantially Narrowing
       the Court's Earlier Ruling .....................................................................................7

   IV. The Court Should Grant an Administrative Stay of its Prior Ruling Pending
       Briefing and Resolution of This Motion. .............................................................15

CONCLUSION..................................................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Chafin v. Chafin*,
  568 U.S. 165, (2013) ........................................................................................ 2, 19

*Cooper v. Dallas Police Ass'n*,
  No. 3:05-CV-1778-N, 2013 WL 1787564 (N.D. Tex. Apr. 5, 2013) ...................................... 13

*Farmhand, Inc. v. Anel Eng'g Indus., Inc.*,
  693 F.2d 1140 (5th Cir. 1982) ................................................................................ 9

*First Ind. Fed. Sav. Bank v. F.D.I.C.*,
  964 F.2d 503 (5th Cir. 1992) ................................................................................ 11

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982) .......................................................................................... 9

*Groden v. Allen*,
  No. 3:03-CV-1685D, 2009 WL 1437834 (N.D. Tex. May 22, 2009) ...................................... 13

*Harris v. City of Balch Springs*,
  33 F. Supp. 3d 730 (N.D. Tex. 2014) ........................................................................ 19

*In re FDIC*,
  58 F.3d 1055 (5th Cir. 1995) ................................................................................ 15

*In re First City Bancorporation of Texas Inc.*,
  282 F.3d 864 (5th Cir. 2002) ................................................................................ 13

*In re United States*,
  985 F.2d 510 (11th Cir. 1993) ................................................................................ 15

*Liberty Mut. Ins. Co. v. Gunderson*,
  387 F. App'x 480 (5th Cir. 2010) ............................................................................ 9

*Loa-Herrera v. Trominski*,
  231 F.3d 984 ................................................................................................ 15

*Marrese v. Am. Acad. of Orthopaedic Surgeons*,
  470 U.S. 373 (1985) ........................................................................................ 9

*McComb v. Jacksonville Paper Co.*,
  336 U.S. 187 (1949) ........................................................................................ 8

*M-I LLC v. FPUSA, LLC,*
    No. 15-cv-406, 2015 WL 4460305 (W.D. Tex. July 21, 2015) ................................. 19

*Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,*
    86 F.3d 464 (5th Cir. 1996) ...................................................................................... 13

*Nicol v. Gulf Fleet Supply Vessels, Inc.,*
    743 F.2d 298 (5th Cir. 1984) ...................................................................................... 8

*Petroleos Mexicanos v. Crawford Enters., Inc.,*
    826 F.2d 392 (5th Cir. 1986) ...................................................................................... 8

*Ross v. Marshall,*
    426 F.3d 745 (5th Cir. 2005) .................................................................................. 8, 9

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.,*
    73 F.3d 546 (5th Cir. 1996) ........................................................................................ 9

*Soileau & Assocs., L.L.C. v. Louisiana Health Serv. & Indem. Co.,*
    No. CV 18-710, 2019 WL 11660190 (E.D. La. June 14, 2019) ................................ 18

*Spallone v. United States,*
    493 U.S. 265 (1990) ........................................................................................... 12, 17

*Trevino v. City of Fort Worth,*
    944 F.3d 567 (5th Cir. 2019) ...................................................................................... 6

*United States v. Davis,*
    108 F. App'x 131 (5th Cir. 2004) .............................................................................. 11

*United States v. Patel,*
    No. 06-60006, 2009 WL 3232792 (W.D. La. Sept. 30, 2009) ................................... 9

*United States v. Pena,*
    713 F. App'x 271 (5th Cir. 2017) ............................................................................... 9

*United States v. Smith,*
    No. 5:17-CV-86, 2018 WL 4524123 (E.D. Tex. Sept. 13, 2018) .............................. 12

*Walker v. NCNB Nat'l Bank of Fla.,*
    810 F. Supp. 11 (D.D.C. 1993) ................................................................................. 16

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)(i) .......................................................................................... 18

Fed. R. Civ. P. 59(e) ................................................................................................... 6

Fed. R. Civ. P. 60 ................................................................................................. 6, 11

## INTRODUCTION

On November 18, 2021, the Court granted in part Plaintiffs' Motion to Enforce Permanent Injunction and for Expedited Discovery. ECF No. 116 (the "Order"). Defendants respectfully request that the Court reconsider that order and reverse the ruling that Plaintiffs may seek substantial, burdensome discovery and additional reporting from Defendants despite the Court correctly finding that Plaintiffs had failed to meet their burden to show non-compliance with the injunction. Moreover, since the Order, Defendants have, as announced on December 2, 2021, reached an agreement with Mexico and will begin enrolling migrants in MPP on Monday, December 6, 2021. Defendants also request that the Court administratively stay the operation of the Order while it considers this motion.

Under Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days of the Court's ruling. Fed. R. Civ. P. 59(e). That rule "allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019); *see also* Fed. R. Civ. P. 60 (allowing for "relief from a judgment or order" for a range of reasons, including new information or "any other reason that justifies relief"). Here, not only did the Court make several errors in its ruling that warrant reconsideration, but significant intervening changes in Defendants' re-implementation of MPP support reversing the Court's earlier ruling.

As to the first point, this Court lacked jurisdiction to enter the discovery order. Although a court has jurisdiction to enforce an injunction where the moving party meets its high burden of proof to show non-compliance, it lacks the power to modify an injunction where, as in this case, there is a pending appeal of the final judgment and injunction. Having found that Plaintiffs failed

to meet their burden to show non-compliance, there was no basis for the Court to modify the injunction to include additional reporting requirements or permit discovery on whether Defendants were restarting MPP expeditiously. Doing so was beyond the Court's power at this point.

Second, as noted in Defendants' most recent notice of compliance with the injunction, MPP is restarting on Monday December 6, 2021, and Defendants have released policy guidance detailing the plans for re-implementation. This intervening change moots any supposed need for Plaintiffs to seek additional reporting and discovery. Plaintiffs' alleged concerns about timeliness in re-implementing MPP have now been fully resolved.

Finally, as the Court acknowledged, even if there had been clear evidence of non-compliance with the injunction, a court is limited to ordering the least intrusive means necessary to ensure compliance. Because Defendants are restarting MPP no additional reporting or discovery is necessary to ensure compliance. And in any event, Plaintiffs provided no justification for why the extremely burdensome discovery and reporting they seek is necessary, or why more limited means would be inadequate. Moreover, some of the additional reporting Plaintiffs requested and the Court ordered is impossible to provide. If the Court concludes that some discovery or additional reporting is nonetheless appropriate on Plaintiffs' now-moot assertion that Defendants can implement MPP more quickly, Defendants respectfully request that the Court reconsider whether the reporting and discovery the Court previously ordered is the least burdensome means necessary to achieve the intended ends. As explained below, Defendants propose in the alternative a limited set of written discovery and that the Court narrow the order for additional data reporting.

For these reasons, Defendants respectfully request that the Court reconsider its earlier ruling. In addition, Defendants respectfully request that the Court stay that ruling pending briefing and resolution of this motion to allow the Court to consider these arguments before Defendants

are subjected to burdensome and unnecessary discovery and reporting despite having complied with the injunction in good faith. Absent a stay, the normal course of review might otherwise cause the issues raised to become moot once the reporting or depositions occur. *See Chafin v. Chafin*, 568 U.S. 165, 178, (2013) (recognizing that a stay may be appropriate where the alternative would be mootness and loss of an opportunity for the court to consider the arguments or for a party to take an appeal). Finally, should the Court deny this motion, Defendants request that the Court stay its order for a reasonable amount of time to allow Defendants time to consider whether to appeal.

## ARGUMENT

I.     **The Court Lacked Jurisdiction to Modify the Injunction or Order Post-judgment Discovery.**

The Court properly recognized both that Plaintiffs bore the burden of showing non-compliance with the injunction by clear and convincing evidence and that Plaintiffs had failed to meet that burden. Because Plaintiffs failed to meet their burden, the Court's order modifies rather than enforces the injunction. The Court lacked jurisdiction to modify an injunction and final judgment that is the subject of a pending appeal.

The Court noted in its ruling that "Courts have inherent power to enforce compliance with their lawful orders" but that "Plaintiffs have the burden to establish by clear and convincing evidence," among other things, "that Defendants failed to comply with the court's order." Order at 3 (citing *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1986); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). The Court also correctly found that Plaintiffs had not met that burden: "The Court finds that Plaintiffs have not met the burden of showing by clear and convincing evidence that Defendants are not in compliance with the injunction." Order at 3; *see also id.* at 4 ("Plaintiffs fail to show clear and convincing evidence that Defendants have failed to comply with the Court's order"); *id.* at 5 ("[T]he Court finds that

3

Defendants' actions toward re-implementation of MPP are sufficient to negate Plaintiffs' current allegations of bad-faith failure to comply."); *id.* at 7 ("[N]one of Plaintiffs' claims clearly and convincingly show lack of good-faith re-implementation."). There was thus no basis or jurisdiction to order additional discovery as a means to address non-compliance with the injunction.

While a court may have jurisdiction to *enforce* a ruling if Plaintiffs show clear and convincing evidence of non-compliance, *see Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005), a court has no jurisdiction to *modify* an injunction if there is a pending appeal, absent such a finding of non-compliance. "If an appeal is taken from a judgment which determines the entire action"— as this Court's order granting a permanent injunction did—"the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal." *Nicol v. Gulf Fleet Supply Vessels, Inc*., 743 F.2d 298, 299 (5th Cir. 1984). Defendants have filed a notice of appeal of the permanent injunction and final judgment, *see* ECF No. 96, including the reporting requirements the Court already included in that injunction "[t]o ensure compliance with this order," ECF No. 94 at 52, *see* Br. for Appellants at 4, 55, *Texas v. Biden*, No. 21-10806 (Sept. 20, 2021). That appeal forecloses this Court from exercising jurisdiction to modify the injunction to require additional reporting or permit post-judgment discovery. When "an appeal is noticed the district court is divested of jurisdiction; the matter is transferred immediately to the appellate court." *Farmhand, Inc. v. Anel Eng'g Indus., Inc*., 693 F.2d 1140, 1145-46 (5th Cir. 1982); *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. In*c., 73 F.3d 546, 578 (5th Cir. 1996).

Aside from a court's limited ability to enforce compliance with an order where the moving party shows the requisite clear and convincing evidence of non-compliance, *see Ross*, 426 F.3d at 751, a district court otherwise has a "continuing duty to maintain a status quo" pending the appeal, *Farmhand*, 693 F.2d at 1146; *see also Liberty Mut. Ins. Co. v. Gunderson*, 387 F. App'x 480, 486

(5th Cir. 2010); *United States v. Patel*, No. 06-60006, 2009 WL 3232792, at *1 (W.D. La. Sept. 30, 2009). An appeal "divests the district court" of its jurisdiction "over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In other words, absent a finding of non-compliance, because the government "appealed the judgment as a whole, the district court retained only the authority to facilitate the appeal or correct any clerical issues." *United States v. Pena*, 713 F. App'x 271, 272-73 (5th Cir. 2017). Anything else constitutes a modification of the injunction and final judgment, and improperly alters the status quo by changing the injunction to require additional reporting and discovery while the appeal of the injunction is pending. The appeal "divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action." *Id*.

The Court acknowledged that it was modifying, rather than enforcing, the injunction. *See* Order at 3 (stating that the Court would "modify the injunction to allow *limited* discovery to ensure continued compliance with the injunction"); *id*. at 8 (finding Plaintiffs' request to modify the injunction's reporting requirements and permit discovery on compliance "reasonable" even though "the Court has not found clear and convincing evidence of Defendants' noncompliance"); *id*. at 9 (stating that "[t]he Court retains jurisdiction over this matter for the purpose of … modification … of the permanent injunction"). The Court, however, lacked jurisdiction to modify the injunction and alter the status quo even if it viewed Plaintiffs' requests to modify the injunction as "reasonable." *Id*. at 9. Having found that Plaintiffs did not identify evidence that Defendants were not complying with the injunction in good faith, the Court had no basis to amend the injunction to include different, let alone substantially burdensome, reporting requirements or to permit post-judgment discovery.

II.     **Plaintiffs' Motion to Enforce and Need for Discovery is Moot Because MPP is Restarting.**

Plaintiffs filed their motion to enforce and sought discovery to ensure Defendants were restarting MPP expeditiously. *See* Mot. at 9; Reply at 7-8. As explained in Defendants' most recent notice of compliance with the injunction, Defendants have been engaged in high-level discussions with Mexico in order to secure Mexico's agreement to accept the return of individuals subject to MPP. *See* ECF No. 117. On Thursday, December 2, 2021, Mexico notified DHS that it is satisfied that Defendants have taken into account Mexico's concerns and has decided to accept the return of individuals enrolled in MPP. *Id.* DHS has issued guidance on the restarted MPP that will allow new enrollments in MPP to begin, and new enrollments in MPP are about to begin. *Id.* As a result, Plaintiffs' request for discovery on whether Defendants are re-implementing MPP pursuant to the Court's order without delay is moot, and the Court should reconsider and reverse its order permitting discovery and additional reporting aimed at exploring whether "Defendants are not re-implementing MPP as quickly" as possible based on this intervening change. Order at 8.

A motion is moot when the alleged harm or issue has been resolved. *See, e.g.*, *United States v. Davis*, 108 F. App'x 131, 135 (5th Cir. 2004); *First Ind. Fed. Sav. Bank v. F.D.I.C.*, 964 F.2d 503, 507 (5th Cir. 1992); *Cf.* Fed. R. Civ. P. 60(b)(5) (providing that relief from an order may be granted on the grounds that "the judgment has been satisfied" or where "applying it prospectively is no longer equitable"). Here, Plaintiffs asserted that their requested discovery and reporting were relevant to whether Defendants were restarting MPP as quickly as possible, as a means to enforce the injunction to restart MPP. *See* Mot. at 9 (seeking discovery "on the actions that have actually been undertaken to implement MPP"); Reply at 7-8 (seeking discovery to examine whether Defendants were "capable of reimplementing MPP without delay"). That issue is moot now that MPP is restarting. Plaintiffs' request for additional reporting on how DHS is processing individuals

at the border in the absence of MPP and request to depose four high-ranking agency officials on the actions Defendants are taking to get MPP running cannot, at this point, provide them with any meaningful relief with respect to how quickly MPP will restart.

Plaintiffs originally sought six depositions of agency officials, including two officials who Plaintiffs sought to depose "on procurement issues regarding efforts to construct Immigration Hearing Facilities." ECF No. 113 at 7 n.7. After Defendants explained that they had already entered into contracts for that purpose, Plaintiffs withdrew their request for those two additional depositions, *id.*, implicitly acknowledging that their request for these depositions were moot. That same logic applies equally to their request for additional reporting and depositions now that MPP is restarting. In particular, their request for the remaining four depositions on actions Defendants are undertaking to restart MPP is moot in light of MPP's restart.

### III.   The Substantial Burden Imposed by the Additional Discovery and Reporting Weighs in Favor of Reversing or Substantially Narrowing the Court's Earlier Ruling.

Even if the Court had found clear and convincing evidence of non-compliance and had jurisdiction to order additional reporting and discovery, and the issue were not moot, when issuing an order to ensure compliance with an injunction, a court is also "obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citations and quotation marks omitted). The Court acknowledged this limitation, *see* Order at 3, but improperly granted relief that exceeds it.

This "additional limitation on a district court's discretion" to impose additional requirements to ensure compliance with an injunction forecloses not only the relief the Court granted, but also forecloses imposing *any* additional requirements where Defendants have already complied with the injunction by restarting MPP. *Spallone*, 493 U.S. at 276, 280 (reversing order

imposing sanctions as means to enforce order and requiring district court to first attempt to use lesser means "to secure compliance with the remedial order"). A court may only impose more onerous requirements on a non-complying party after the least intrusive means have "failed to produce compliance within a reasonable time." *Id*. Here, the Court already found it was "reasonable for Defendants to experience some delays" and noted that Defendants had reported that they expected to re-implement MPP within a few weeks, Order at 7—an anticipated timeline that proved accurate, *see* ECF No. 117. Even if the Court had alternatively found evidence of non-compliance with the injunction, the restart of MPP would still be grounds for reconsidering and reversing the order modifying that injunction. *See United States v. Smith*, No. 5:17-CV-86, 2018 WL 4524123, at *7 (E.D. Tex. Sept. 13, 2018), *report and recommendation adopted*, No. 2018 WL 5668532 (E.D. Tex. Oct. 31, 2018) ("sanctions imposed in civil contempt proceedings therefore ordinarily are conditional, and a person or entity held in civil contempt may avoid the sanctions by promptly complying with the court's order"); *Cooper v. Dallas Police Ass'n*, No. 3:05-CV-1778-N, 2013 WL 1787564, at *8 (N.D. Tex. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013) (similar).

Even if some additional discovery or reporting were appropriate, and an order to that effect were permissible, the burdens involved in providing substantial additional reporting from before the injunction and before this case began, and the burden of providing deponents on issues that are moot, all weigh in favor of reconsidering the Court's earlier ruling, or at least narrowing the relief to less burdensome alternatives. *See In re First City Bancorporation of Texas Inc*., 282 F.3d 864, 867 (5th Cir. 2002) ("[C]ourt must use the least restrictive sanction necessary to deter the inappropriate behavior."); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc*., 86 F.3d 464, 467 (5th Cir. 1996) ("If there is a reasonable probability that a lesser sanction will have the desired

effect, the court must try the less restrictive measure first."); *Groden v. Allen*, No. 3:03-CV-1685D, 2009 WL 1437834, at *4 (N.D. Tex. May 22, 2009).

The additional reporting the Court ordered Defendants to provide, Order at 9, is not just burdensome; at least some of it is impossible to produce. The Court ordered Defendants to provide data on "the number of applicants paroled or released into the United States based on DHS's lack of detention capacity." Order at 9. But this is not a category of data that ICE systems currently track or that the agency has an accurate means of tracking. *See* Ex. 1, Decl. of Connor Flaherty, at ¶¶ 9-12. "Because ICE's data systems have not captured release or parole based on lack of detention capacity since September 2019, pulling that data from ICE systems for January 2021 to the present is impossible." *Id*. at ¶ 11. And "[r]einstituting the discontinued 'lack of space' release codes going forward would result in the same or similar data quality issues that arose before ICE removed the codes in October 2019 and would impact ICE's ability to capture the accurate legal reason for release of a noncitizen." *Id*. at ¶ 12. It would also place a substantial burden on the agency and "require significant personnel resources, time, and procurement of funding sources to re-program agency IT systems and re-train thousands of officers on the use of these systems. *Id*.; *see also* Ex. 2, Decl. of LaToya Morgan.

The reporting is also substantially overbroad for ensuring compliance with the injunction. The Court found that "Plaintiffs require prior data to confirm whether Defendants' current actions and results represent a change from the time period before the injunction." Order at 9. But Plaintiffs do not explain why, even if that were true, Plaintiffs need seven months of data *predating* the injunction, back to January 21, 2021, before the start of this case, or why data limited to the month before the injunction would not be sufficient. Moreover, if Plaintiffs need data predating the restart

of MPP, because MPP is restarting this coming week, the prior monthly compliance reports already provide data predating the actual restart of MPP ordered by the injunction.

The information the Court ordered Defendants to provide regarding "Defendants' compliance with legal limits on parole decision-making," Order at 9, is also overbroad because it does not relate to compliance with the injunction. The injunction ordered Defendants to "enforce and implement MPP *in good faith*"; it does not order DHS to detain, or not to parole, any particular noncitizens while MPP is in place, and expressly states that "[n]othing in this injunction requires DHS to take any immigration or removal action nor withhold its statutory discretion towards any individual that it would not otherwise take." ECF No. 94 at 52-53; *Texas v. Biden*, 10 F.4th 538, 558 (5th Cir. 2021) (explaining that DHS retains the ability to parole noncitizens following the injunction). Information related to parole thus will not demonstrate whether Defendants are complying with the injunction, nor could the injunction have reached this issue given that Plaintiffs expressly waived any challenge to parole at trial, *see* Trial Tr. at 63:17-21 (rejecting that Plaintiffs' case was "a challenge to the government's parole practices" and stating that Plaintiffs were not challenging "any kind of individual grant of parole or even the parole policies"), and the Fifth Circuit has held that courts have no jurisdiction to review compliance with the legal limits on parole decision-making, *see Loa-Herrera v. Trominski*, 231 F.3d 984, 991 & n.12 (finding no jurisdiction "to review" whether agency's "discretionary judgment regarding the application of parole" "satisfies regulatory, statutory, and constitutional constraints"). Finally, the ordered information with respect to Haitians is overbroad for purposes of enforcing the injunction because, as the Court's order acknowledges, Haitian migrants were not subject to the prior implementation of MPP. Order at 9.

The depositions the Court ordered, Order at 7-8, are similarly burdensome and do not represent the least burdensome means of achieving the purpose for which they were ordered. In ordering the depositions, the Court incorrectly considered the potential deponents to be "lower-level officials," *id*. at 8, but each of these individuals has a high rank within their respective agencies. Ricardo Zúniga is the State Department's Principal Deputy Assistant Secretary for the Bureau of Western Hemisphere Affairs, the second highest ranking official in the Bureau. Blas Nuñez-Neto is currently serving as DHS's Acting Assistant Secretary of Homeland Security for Border Security and Immigration, the same position previously occupied by David Shahoulian. And Daniel H. Weiss is the Principal Deputy Chief Immigration Judge within the Executive Office for Immigration Review. Subjecting high-ranking agency officials to testimony would impede the exercise of their official duties, including those related to implementing the injunction and managing the border. *See In re FDIC,* 58 F.3d 1055, 1060 (5th Cir. 1995) ("High ranking government officials have greater duties and time constraints than other witnesses."); *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) ("[t]he reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses"). "[S]ubjecting officials to interrogation about how they reached particular decisions would impair that decision-making process by making officials less willing to explore and discuss all available options." *Walker v. NCNB Nat'l Bank of Fla*., 810 F. Supp. 11, 12 (D.D.C. 1993). Questions regarding negotiations that took place with Mexico in order to restart MPP, or preliminary discussions within the agencies concerning what would become the final version of the now re-implemented MPP, might also involve complex questions related to privileges for presidential communications, state secrets, attorney-client communications, and the

deliberative process. Preparation for such inquiries would require extensive and burdensome preparation that would preclude an expedited timeline.

As noted above, the purpose for which the Court ordered the depositions is also now moot with the restarting of MPP. The Court noted that Plaintiffs moved to depose these officials "on a limited basis related to facts articulated in the August Compliance Report." Order at 7. That compliance report detailed steps Defendants were taking that were necessary to the restart of MPP, *see generally* ECF No. 105, but those steps have now all been completed, making any purported need for depositions moot. Plaintiffs' claimed need to examine whether Defendants were "reimplementing MPP without delay," Reply at 7-8, provides no basis for discovery now that MPP is being implemented. The Court also stated that "Plaintiffs want to probe possible discrepancies between Defendants' representations of compliance and facts in the officials' declarations." Order at 7 (citing Plaintiffs' Reply at 8). This is incorrect. Plaintiffs did not seek to test possible discrepancies between Defendants' notice of compliance and the declarations of other agency officials; they sought to compare Defendants' notice of compliance with the declaration of their *own* declarant. *See* Reply at 8 (citing ECF No. 107 at 5-9 & ECF No. 108, Declaration of Mark Morgan in Support of Plaintiffs' Motion to Enforce). Aside from DHS Acting Assistant Secretary Blas Nuñez-Neto, none of the other officials have submitted declarations with Defendants' monthly reports or notices of compliance with the injunction. Plaintiffs have not shown that depositions of officials that have not provided declarations on Defendants' compliance with the injunction are necessary.

Nor have Plaintiffs provided any explanation for why multiple depositions are necessary, and there is no basis to conclude that ordering *four* depositions is the least burdensome means "to the end proposed." *Spallone*, 493 U.S. at 276. For example, two of the potential deponents held

the exact same position with DHS, current Acting Assistant Secretary Blas Nuñez-Neto, and David Shahoulian, who filled the role of Assistant Secretary before leaving the agency in September and never submitted a declaration on Defendants' compliance with the injunction. There is no basis or need to order depositions of multiple individuals in the same position, or to depose an official who left the agency before Defendants' recent reports on compliance with the injunction. There is similarly no basis to order the deposition of Principal Deputy Assistant Secretary Zúniga, who submitted no declaration with Defendants' compliance reports, and whose declaration earlier in the case, submitted in support of Defendants' motion to stay the injunction, *see* ECF No. 98-3, covers a subset of issues that are duplicative of issues addressed by Acting Assistant Secretary Nuñez-Neto in his declarations. Nor is there any basis to order a deposition of Principal Deputy Immigration Judge Daniel Weiss. Judge Weiss's declaration addressed efforts the immigration courts would have to make to create space on their dockets to handle MPP cases. *See* ECF No. 98-2. But that process was already completed prior to the Court's order granting this discovery. *See* ECF No. 114-1, Declaration of Blas Nuñez-Neto, at ¶ 4 (noting at that point that, aside from "one set of outstanding issues" that needed to be resolved with Mexico, Defendants had completed the other steps necessary to re-implement MPP shortly after Mexico decides to accept returns). Moreover, all of the depositions would likely be of limited utility to Plaintiffs, given their apparent intent to question the deponents regarding privileged communications and discussions. If the Court concludes that depositions are appropriate despite these countervailing considerations and the fact that the issues those depositions were supposed to address are now moot, the Court should limit Plaintiffs to one deposition of DHS Acting Assistant Secretary Blas Nuñez-Neto, the only official to submit a declaration on Defendants' compliance with the injunction.

But the Court should not order depositions at all. To satisfy the requirement to use the least intrusive means to ensure compliance with the injunction, even if the Court decides that some additional discovery is necessary to that purpose, the Court must first consider whether less burdensome means of discovery might achieve the same purpose. Plaintiffs have provided no explanation for why some form of limited written discovery would not be sufficient to achieve the same ends. For example, the Court could alternatively permit Plaintiffs to serve a limited set of interrogatories similarly "limited … to facts articulated in [Defendants'] August Compliance Report," Order at 7, which would provide the same information Plaintiffs sought in their motion to enforce with respect to the requested depositions. *See, e.g.*, *Soileau & Assocs., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, No. CV 18-710, 2019 WL 11660190, at *5 (E.D. La. June 14, 2019) (rejecting depositions but permitting written discovery as a less costly alternative means of obtaining the same information); *Cf.* Fed. R. Civ. P. 26(b)(2)(C)(i) ("court must limit …extent of discovery" where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Accordingly, the Court should not order any additional discovery or reporting at all, and should reconsider its ruling in light of the restarting of MPP. In the alternative, if the Court concludes that some discovery or additional reporting is appropriate on Plaintiffs' now-moot assertion that Defendants can implement MPP more quickly, Defendants respectfully request that the Court reconsider whether the reporting and discovery the Court previously ordered is the least burdensome means necessary to achieve the intended ends. Defendants propose as an alternative that the Court limit discovery to written discovery in the form of a limited set of five interrogatories each to Principal Deputy Assistant Secretary Zúniga for the State Department, Principal Deputy Immigration Judge Daniel Weiss for the Executive Office for Immigration Review, and Acting

Assistant Secretary Nuñez-Neto for DHS, "limited … to facts articulated in [Defendants'] August Compliance Report," Order at 7. Discovery directed to former DHS Assistant Secretary Shahoulian is unnecessary as it would be duplicative of discovery directed to current Acting Assistant Secretary Nuñez-Neto. Defendants further propose that the Court revise its order for additional data reporting to relieve Defendants of the likely impossible obligation to report on "the number of applicants paroled or released into the United States based on DHS's lack of detention capacity," Order at 9.

### IV.    The Court Should Grant an Administrative Stay of its Prior Ruling Pending Briefing and Resolution of This Motion.

Defendants request that the Court enter an administrative stay of its prior ruling pending resolution of this motion to reconsider to avoid the issue becoming moot by Defendants being required to comply with that order prior to the Court ruling on this motion or having an opportunity to seek an appeal. Defendants conferred on this motion with Plaintiffs, who stated that they oppose this motion, including any narrowing of their request for additional reporting and discovery in light of the restart of MPP and the request for a stay.[1] Plaintiffs cannot assert any harm from a brief delay to allow this motion to be considered because MPP will be implemented in the interim. Further, they cannot identify any harm that would outweigh the burdens of multiple depositions on moot issues or the harms to the Defendants in having to proceed with those depositions and reporting. Finally, Plaintiffs cannot justify requiring the production of data that is impossible to provide before the Court has an opportunity to consider Defendants' arguments for why this reporting and discovery are improper and unnecessary.

---

[1] Given that depositions might also involve sensitive or confidential information, Defendants also inquired whether Plaintiffs would agree to entering a protective order to protect confidential information before scheduling the depositions, but Plaintiffs have not yet responded to that request.

On the other hand, Defendants would be irreparably harmed by having to go forward with burdensome reporting requirements, including requirements that are not possible to comply with at this time, as well as depositions of senior officials on moot issues that raise complex privilege and confidentiality issues. Once the reporting is complete or the depositions occur, the harms cannot be unwound. *See Garrison v. Hudson*, 468 U.S. 1301, 1302 (1984) (Burger, C.J., in chambers) ("foreclos[ing] ... review" constitutes "irreparable harm").

In such circumstances Courts routinely grant stays to permit review given "the prospect of mootness," *Brown v. Vanihel*, 7 F.4th 666, 671 (7th Cir. 2021), to prevent circumstances where "the normal course of … review might otherwise cause the case to become moot." *Garrison*, 468 U.S. at 1302; *see Chafin v. Chafin*, 568 U.S. 165, 178, (2013) (recognizing that a stay may be appropriate where the alternative would be mootness and loss of an opportunity for court to consider the arguments); *M-I LLC v. FPUSA, LLC,* No. 15-cv-406, 2015 WL 4460305, at *1 (W.D. Tex. July 21, 2015) (staying order pending resolution of motion to reconsider); *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 734 (N.D. Tex. 2014) (staying discovery pending resolution of appeal). Moreover, such a stay is appropriate "without considering whether the movant has made a strong showing of success on the merits or the other traditional stay factors." *Russell v. Harris Cty., Texas*, No. H-19-226, 2021 WL 2637576, at *3 (S.D. Tex. June 25, 2021) (collecting cases); *accord Chafin*, 568 U.S. at 178 (explaining stays where mootness of the challenged order are at issue may be granted without a showing of a "clear probability that [movant] will prevail"); *Nicolson v. Pappalardo*, Civ. No. 10–1125 (1st Cir., Feb. 19, 2010) (granting stay "[w]ithout necessarily finding a clear probability that appellant will prevail" "because ... a risk exists that the case could effectively be mooted" before the issues can be decided). Given the risk that the government's requests for relief will become moot by the occurrence of the very events it asks the

Court to review, including any opportunity to appeal, a stay is warranted. *See Russel*, 2021 WL 2637576, at *3. (collecting cases).

Defendants thus respectfully request that the Court stay its prior ruling requiring Defendants to provide additional reporting by December 15, 2021, and permitting Plaintiffs to take depositions, to allow this motion to be fully briefed and resolved. Defendants also respectfully request that if the Court denies this motion, it stay its order for a reasonable amount of time to allow Defendants time to consider whether to appeal.

## CONCLUSION

For these reasons, the Court should reconsider its prior ruling, and stay that ruling to permit reconsideration and, if necessary, for Defendants to consider whether to appeal.

Dated: December 2, 2021                    Respectfully submitted,

CHAD E. MEACHAM                            BRIAN M. BOYNTON
*Acting United States Attorney*            *Acting Assistant Attorney General*

BRIAN W. STOLZ                             WILLIAM C. PEACHEY
*Assistant United States Attorney*         *Director*
                                           Office of Immigration Litigation
                                           District Court Section

                                           EREZ REUVENI
                                           *Assistant Director*

                                           JOSEPH A. DARROW
                                           *Trial Attorney*

                                           /s/ *Brian C. Ward*
                                           BRIAN C. WARD
                                           *Senior Litigation Counsel*
                                           U.S. Department of Justice
                                           Civil Division
                                           Office of Immigration Litigation
                                           District Court Section
                                           P.O. Box 868, Ben Franklin Station
                                           Washington, DC 20044
                                           Tel.: (202) 616-9121
                                           brian.c.ward@usdoj.gov


                                           *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2021, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice