# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) <br> STATE OF MISSOURI, ) <br>  ) <br> *Plaintiffs*, ) <br>  ) <br> v. ) <br>  ) <br> JOSEPH R. BIDEN, JR., ) <br> in his official capacity as ) <br> President of the United States, *et al.*, ) <br>  ) <br> *Defendants*. ) | Civil Action No. 2:21-cv-00067-Z |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO RECONSIDER AND MOTION FOR ADMINISTRATIVE STAY

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................iii

INTRODUCTION ................................................................................................................1

ARGUMENT........................................................................................................................1

    I.   The Court Lacked Jurisdiction to Modify the Injunction or Order Discovery ...............................................................................................................1

    II.   Plaintiffs' Motion for Discovery is Moot Because MPP Has Restarted ..................6

    III.   The Court Must Evaluate Less Burdensome Alternatives .......................................7

    IV. The Court Should Grant an Administrative Stay of its Ruling .................................10

CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

### Cases

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982) .................................................................................................... 5

*Hensley v. Wal-Mart Stores Inc.*,
  290 F. App'x 742 (5th Cir. 2008) ........................................................................... 10

*In re FDIC,*
  58 F.3d 1055 (5th Cir. 1995) .................................................................................... 7

*In re Off. of Inspector Gen., R.R. Ret. Bd.*,
  933 F.2d 276 (5th Cir. 1991) .................................................................................... 8

*Low v. Whitman*,
  207 F.R.D. 9 (D.D.C. 2002) ...................................................................................... 8

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*,
  195 F.3d 765 (5th Cir. 1999) ................................................................................ 2, 3

*Nicol v. Gulf Fleet Supply Vessels, Inc.*,
  743 F.2d 298 (5th Cir. 1984) .................................................................................... 5

*Offshore Logistics Servs., Inc. v. Mut. Marine Off., Inc.*,
  639 F.2d 1168 (5th Cir. 1981) .................................................................................. 5

*RI v. Gardner*,
  18 Wage & Hour Cas. 2d 361, 2011 WL 4974834 (E.D.N.Y. 2011) ....................... 7

*Spallone v. United States*,
  493 U.S. 265 (1990) .................................................................................................. 7

*Texas v. Biden*,
  No. 21-10806, 2021 WL 5882670 (5th Cir. 2021) ................................................... 5

*U.S. v. Sensient Colors, Inc.*,
  649 F. Supp. 2d 309 (D.N.J. 2009) ........................................................................... 8

### Statutes

8 U.S.C. § 5315 .................................................................................................................. 8

28 U.S.C. § 1292(a)(1) ...................................................................................................... 2

## Rules

Fed. R. Civ. P. 60 ................................................................................................................................ 4

Fed. R. Civ. P. 62.1 ............................................................................................................................. 4

Fed. R. Civ. P. 69(a)(2) ....................................................................................................................... 4

# INTRODUCTION

The Court should reconsider and reverse its order granting discovery and requiring additional reporting to Plaintiffs following final judgment and during the pending appeal. First, Plaintiffs do not dispute the Court's finding that they failed to meet their burden to show Defendants were not complying with the injunction in good faith. Absent such a showing, this Court lacked jurisdiction to modify the injunction to impose additional requirements. Second, Plaintiffs sought discovery and additional reporting related to whether Defendants could restart MPP more quickly, but MPP has already restarted, and the basis Plaintiffs asserted for needing discovery and additional reporting is now moot as a result. This intervening change warrants reconsideration. Third, even if there were grounds to impose additional requirements to ensure compliance with the injunction, a court must use the least intrusive means necessary to that purpose—a principle Plaintiffs do not dispute. The additional discovery and reporting the Court ordered do not meet that standard. Finally, the Court should stay its ruling on the motion to enforce pending resolution of this motion to reconsider and, if necessary, to allow the government time to decide whether to appeal. Plaintiffs' response to the motion to reconsider does not respond, or offer any opposition, to the request for a stay.

# ARGUMENT

## I.  The Court Lacked Jurisdiction to Modify the Injunction or Order Discovery.

Courts generally lack jurisdiction to modify a final judgment and permanent injunction pending appeal. *See* Mot. at 3-5. Although a court has limited jurisdiction to enforce an injunction where the moving party puts forth clear and convincing evidence of non-compliance, the Court found Plaintiffs had not met that standard, and thus lacked jurisdiction to grant Plaintiffs' motion to enforce and for discovery. *Id*. In response to the motion to reconsider, Plaintiffs make no attempt

1

to argue they satisfied the clear and convincing evidence standard required to succeed on a motion to enforce. Instead, they argue the Court did not modify the injunction, and that a pending appeal does not divest a district court of jurisdiction to order discovery. Opp. at 1-6. Neither argument has merit.

Plaintiffs first argue "the Court did not actually 'modify' the permanent injunction," Opp. at 1, but the order specifically states that the "Court finds good reason to *modify* the injunction to allow *limited* discovery," Order at 3 (first emphasis added). Plaintiffs nonetheless argue the order merely interpreted or clarified the injunction. Opp. 1-2. But the Court's order does not interpret or clarify existing obligations contained in the injunction; it grants significant additional and burdensome reporting not mentioned in the injunction. And it requires post-judgment discovery, whereas the injunction says nothing about discovery. These are additional substantive obligations, not interpretations or clarifications of the previous order. Plaintiffs argued in their Motion to Enforce, ECF No. 107, that Plaintiffs should be granted this reporting and discovery *in addition* to what was required by the injunction. They did not argue then, or now, that these new obligations were included in the terms of the injunction the Court entered at the conclusion of this case or cite any provisions of that order that can be read to encompass these new requirements. And they continue to argue the opposite, that "the relief the Court granted in the order must pertain only to discovery" and is not "relief to enforce the permanent injunction." Opp. at 4.

Plaintiffs also argue that new reporting and discovery obligations do not modify the injunction if they do not change the injunction in a jurisdictionally significant way. Opp. at 2. Plaintiffs cite *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 769 (5th Cir. 1999). But that case dealt with the different question of when a court of appeals can review the modification of an injunction under 28 U.S.C. § 1292(a)(1), which provides

2

separate appellate jurisdiction over "[i]nterlocutory orders" "modifying … injunctions." The language from *Martin's* addressing whether a ruling changes an injunction in a "jurisdictionally significant way" refers to when a modification of a *preliminary* injunction gives rise to appellate jurisdiction. It says nothing about a district court retaining jurisdiction to alter or add requirements to a *permanent* injunction following *final judgment* and while an appeal is pending as long as the changes do not affect the jurisdiction of the court of appeals. Moreover, to the extent *Martin's* defined "modification," it defined it to encompass cases where a "district court altered the language of the injunction" to change "the injunction's reach"—just as the Court did here—as opposed to where a "district court has only 'explained' the coverage of the earlier injunction." 195 F.3d at 770. This Court stated it was *modifying* the injunction to add reporting and permit discovery, Order at 3, not explaining "the coverage of the earlier injunction" to already encompass this reporting and discovery.

The relief the Court granted thus does not simply explain or clarify obligations that were already included in the injunction, nor is it based on a finding of non-compliance, as would be required for the Court to have jurisdiction to modify the injunction to add requirements—again, the Court found Plaintiffs had not met their burden to show non-compliance, and Plaintiffs make no attempt to dispute that finding in response to the motion to reconsider. Plaintiffs cite no other valid jurisdictional basis for the Court to enter an order requiring additional discovery and reporting following final judgment. Instead, their remaining jurisdictional arguments incorrectly suggest the Court's ruling on the motion to enforce the injunction is not related to the injunction at all, but independently relates "to the conduct or progress of the litigation." Op. at 2. These arguments suffer from the same fundamental flaw—this litigation is no longer pending in this Court. The Court has already entered final judgment following trial, and the government has

3

appealed that final judgment resolving all claims. Mot. at 4. The cases Plaintiffs cite addressing a district court's oversight of the progress or conduct of ongoing litigation still pending in the district court prior to final judgment do not apply here. *See* Opp. at 2-3. The circumstances addressed in those cases, where certain independent issues may remain pending in district court prior to final judgment even while an appellate court considers an appeal of some interlocutory order, cannot exist where final judgment has already been issued on all claims.

For example, Plaintiffs argue "the relief granted" is not related to "the permanent injunction at all," but rather to discovery and that "[o]f course, injunctive relief and discovery are different in nature." Opp. at 2; *see also id.* (arguing the Court "has only required [Defendants] to comply with Plaintiffs' discovery requests"). But this case is not in the pre-trial discovery phase, as the Court has already resolved all claims following a "trial on the merits" under Rule 65(a)(2). *See* ECF No. 94 at 1.[1] Plaintiffs' argument that the "Order is not a modification of the permanent injunction" but rather "an order allowing Plaintiffs to conduct discovery" does not help. *See* Opp. at 4. Even if discovery were appropriate in this case during the pre-trial phase, Plaintiffs did not seek this discovery until after the case concluded. They cite no cases holding that a district court has jurisdiction generally to reopen discovery following final judgment in this context.[2] The Fifth Circuit explained in this case that once a party "notice[s] an appeal" the parties cannot "continue

---

[1] Discovery is also generally inappropriate in APA cases challenging agency action even while the claims are pending in district court. *See generally* ECF No. 62.

[2] Plaintiffs later cite cases addressing discovery in the context of "a writ of execution" under Rule 69. Opp. at 10. Rule 69 is limited to proceedings to enforce a "money judgment" and specifically authorizes discovery in that context. Fed. R. Civ. P. 69(a)(2). Notably, there is no rule that authorizes post-judgment discovery in other contexts or district court jurisdiction to grant additional relief or discovery while an appeal from final judgment is pending. *Cf.* Fed. R. Civ. P. 60 (that district court may alter a judgment or order "after an appeal has been docketed in the appellate court and while it is pending … only with the appellate court's leave"); Fed. R. Civ. P. 62.1 (if a "motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the district court can only deny or issue an indicative ruling).

litigating the case in the district court." *Texas v. Biden*, No. 21-10806, 2021 WL 5882670, at *20 (5th Cir. 2021); *see also id.* (noting under the "one-court-at-a-time rule," that "a case can exist only in one court at a time, and a notice of appeal permanently transfers the case to us until we send it back"). The Supreme Court has long held that filing a notice of appeal "is an event of jurisdictional significance" that "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Here, the "aspects of the case involved in the appeal," *id.*, are all aspects of the case, because the government appealed the permanent injunction and final judgment resolving all claims. *See* Mot. at 4. When "an appeal is taken from a judgment which determines the entire action, the district court loses power to take *any* further action in the proceeding." *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984) (emphasis added); *see also, e.g.*, *Offshore Logistics Servs., Inc. v. Mut. Marine Off., Inc.*, 639 F.2d 1168, 1170 (5th Cir. 1981).

Plaintiffs next argue that "Defendants are simply wrong when they contend that their notice of appeal divests the Court of jurisdiction to enforce the permanent injunction." Opp. at 5. This misstates the government's argument. A district court retains some jurisdiction to enforce a permanent injunction during appeal, but that jurisdiction is limited to the Court's contempt power, which requires Plaintiffs put forth clear and convincing evidence of noncompliance before the Court has power to act. *See* Mot. at 3-5. Plaintiffs argued for this standard in their motion. *See* ECF No. 107, at 5 (arguing standard required them to show "the order requires certain conduct from Defendants," and "Defendants aren't complying with those requirements," and "make those showings clearly and convincingly"). The Court adopted that standard, holding "Plaintiffs have the burden to establish by clear and convincing evidence" that "Defendants failed to comply with the court's order," and found Plaintiffs failed to meet that standard. Order at 3. Plaintiffs do not

5

argue that finding was erroneous or address their failure to meet their burden to show non-compliance by clear and convincing evidence. The Court simply has no power to issue orders aimed at addressing a violation of the injunction where Plaintiffs have failed to make the required threshold showing that the injunction has actually been violated.

In sum, the Court could only order additional reporting or discovery by modifying the injunction. But, with an appeal pending, the Court has jurisdiction to modify the injunction only as a means to enforce it, and can only do so if there is clear and convincing evidence of non-compliance. The Court already found Plaintiffs failed to meet this standard, and Plaintiffs do not argue otherwise in their response. Accordingly, the Court should reconsider its earlier ruling on Plaintiffs' motion to enforce, and reverse for lack of jurisdiction.

## II. Plaintiffs' Motion for Discovery is Moot Because MPP Has Restarted.

Plaintiffs moved to enforce the injunction and sought discovery to examine whether MPP was being re-implemented as quickly as possible, but their purported justification for discovery is moot now that MPP has restarted. *See* Mot. at 6-7. Plaintiffs acknowledge that Defendants have "reinstitute[d] MPP as a program" but argue discovery is "relevant to ensuring that they do in fact carry out reimplementation." Opp. at 7. Plaintiffs now seek to shift the basis for their discovery request from whether the government could restart MPP more quickly, *see* ECF No. 107 at 6-9, to a general request "to monitor" the government's ongoing "compliance with the Court's permanent injunction," Opp. at 7. The Court, however, already set out specific reporting requirements in the permanent injunction "[t]o ensure compliance with this order." ECF No. 94 at 52. As noted above, there is no basis to add to those requirements following final judgment and pending appeal because Plaintiffs did not meet their burden to show non-compliance with the injunction. And the basis they previously asserted for finding non-compliance—that MPP had not yet restarted and Plaintiffs

6

believed there were ways to restart it faster—is moot now that MPP has already restarted.

For example, Plaintiffs argued that Defendants did not need an agreement with Mexico to restart MPP, did not need to wait for facilities to be rebuilt, and did not need to first develop practices for protecting immigration officials and the public from COVID-19 while implementing MPP. ECF 107, at 6-8. The Court correctly rejected all of these arguments as bases for finding non-compliance. *See* Order at 4-7. Even if it had not, these grounds for seeking discovery are moot now that Mexico has begun cooperating in reimplementation, new facilities have been built, and the necessary practices have been developed. *See* ECF No. 117. Accordingly, any claimed need for discovery examining whether Defendants were "re-implementing MPP as quickly" as possible, Order at 8, is moot now that these steps are complete and MPP has restarted.

### III. The Court Must Evaluate Less Burdensome Alternatives.

The Court correctly acknowledged in granting the motion to enforce that, "[i]n enforcing compliance, courts should use '[t]he least possible power adequate to the end proposed.'" Order at 3 (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)). Here, no additional discovery or reporting was justified because Plaintiffs failed to establish non-compliance under the relevant standard. Even if that were not the case, the restart of MPP would still warrant reconsideration, as rulings entered under a court's contempt power are conditional, and should be reversed when compliance is achieved. *See* Mot. at 7-8. At a minimum, the Court should reconsider whether less burdensome alternatives exist. *Id.* at 8-15. Plaintiffs raise three points in response. Opp. at 8-10.

First, Plaintiffs argue the deponents are not "high-ranking officials." Opp. at 8. But the rationale that "[h]igh ranking government officials" should not ordinarily be deposed because they have "greater duties and time constraints than other witnesses," is not limited to cabinet-level officials. *In re FDIC,* 58 F.3d 1055, 1060 (5th Cir. 1995); *see RI v. Gardner*, 18 Wage & Hour

7

Cas. 2d 361, 2011 WL 4974834 (E.D.N.Y. 2011) (apex doctrine applies to official below the Secretary or Deputy Secretary); *U.S. v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 319-21 (D.N.J. 2009) (Level IV agency positions such as assistant or regional administrators are high-level officials who should not be deposed absent extraordinary circumstances); *Low v. Whitman*, 207 F.R.D. 9, 12 (D.D.C. 2002) (officials in positions of "substantial authority" with "responsibility for budget, personnel, and resource issues" have "sufficiently high rank to warrant protections beyond those afforded to deponents in the regular course"). Blas Nuñez-Neto is DHS's Acting Assistant Secretary for Border Security and Immigration, the same position previously held by David Shahoulian.[3] Ricardo Zúniga is the State Department's Principal Deputy Assistant Secretary for the Bureau of Western Hemisphere Affairs, the second highest ranking official in the Bureau, and Daniel Weiss is a Principal Deputy Chief Immigration Judge. These are high-ranking positions that involve substantial duties and oversight. *See* Ex. 1, Zúniga Decl. at ¶¶ 3-4; Ex. 2, Weiss Decl. at ¶¶ 1-5. Even when discovery is appropriate, "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re Off. of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991). Plaintiffs do not identify any exceptional circumstances here, or explain why less burdensome alternatives, such as the government's proposal for a limited set of written discovery, *see* Mot. at 14-15, would be inadequate.

Second, Plaintiffs argue that the complex privilege issues that might be implicated by these depositions are not a concern because they "seek only information strictly related to Defendants' compliance with the permanent injunction." Opp. at 8. They do not further explain precisely what information they seek. If they simply seek information showing that the government is

---

[3]  Assistant Secretaries are Level IV Executive officials, *see* 8 U.S.C. § 5315, which qualify as high-ranking agency officials, *see Sensient*, 649 F. Supp. 2d at 319-21.

8

implementing MPP and enrolling new individuals in the program, then the Court's injunction already provided for monthly reporting on the number of individuals "expelled under Title 42, Section 1225, or under any other statute," to "ensure compliance with" the injunction, ECF No. 94 at 52, and no additional reporting or discovery is necessary to Plaintiffs' asserted purpose. The requirement to use the least burdensome means necessary to address whatever non-compliance has been proven thus favors reversal. Depositions, in contrast, are likely to touch on internal agency discussions or sensitive negotiations with the government of Mexico related to restarting MPP. These areas of inquiry would raise complicated privilege issues, and require extensive and burdensome preparation. This similarly weigh in favor of reconsideration and, if not full reversal, an order for less burdensome and intrusive alternatives. *See* Mot. at 11-12.

Third, Plaintiffs argue they should be permitted to depose four agency officials because each provided a declaration in this case. Opp. at 9. Plaintiffs again rely on cases on discovery in non-APA cases during the discovery phase and discovery under Rule 69 that do not apply here. Opp. at 10; *see supra* at 5 & nn.1-2. Plaintiffs argue that "courts routinely order the deposition of an opposing party's declarant." Opp. at 10. While that may be true in non-APA cases not involving high-ranking officials during the discovery phase of the case, they cite no cases permitting such depositions following final judgment. Plaintiffs have to show these four depositions are the least intrusive means to address *proven* non-compliance with the injunction—of which there is none—but make no attempt to explain why four depositions are necessary. They assert only that "each declarant has relevant information concerning discrete reimplementation issues," but do not actually identify unique information each deposition will address.[4] Plaintiffs also fail to explain

---

[4] Only one of the potential deponents submitted a declaration on injunction compliance, and some did not negotiate with Mexico on restarting MPP. *See* Mot. at 12; Ex. 1, ¶¶ 3-5; Ex. 2, ¶ 7.

why the initial Court-ordered reporting or, at most, Defendants' alternative proposal for a set of five interrogatories each to three of the proposed deponents, Mot. at 14-15, would be insufficient.[5]

The Court's order granted Plaintiffs all of the additional reporting and discovery they requested despite finding no evidence Defendants were not implementing MPP in good faith. The government respectfully requests that the Court reconsider whether this discovery and reporting is both necessary and narrowly tailored, particularly since MPP has restarted in the interim.

### IV. The Court Should Grant an Administrative Stay of its Ruling.

Defendants also moved to stay the Court's ruling pending reconsideration and, if necessary, for a reasonable amount of time to allow Defendants to decide whether to appeal, which would require consultation with the Solicitor General, who must authorize any appeal. Mot. at 2-3, 15-17. Absent a stay, Defendants will be subject to burdensome discovery and reporting despite complying with the injunction in good faith, and Defendants' arguments might otherwise become moot before being fully heard. *Id*. Plaintiffs do not respond to these arguments or assert any harm from a stay, waiving any opposition. *See Hensley v. Wal-Mart Stores Inc*., 290 F. App'x 742, 743 (5th Cir. 2008). Accordingly, if the Court denies this motion or grants it only in part, Defendants respectfully request that the Court stay its ruling for 14 days.

### CONCLUSION

For these reasons, the Court should reconsider its prior ruling, and stay that ruling pending reconsideration and, if necessary, to allow Defendants time to consider whether to appeal.

---

[5] Plaintiffs address the additional reporting only in a footnote, arguing the issue is moot following Defendants' December 15 compliance report. Opp. at 4, n.1. However, as noted in that report, ECF No. 119, the data provided was incomplete because the additional reporting involves data the agencies do not track and that would be very burdensome if not impossible to collect. Plaintiffs also briefly mention the ordered data on parole, Opp. at 4, n.1, but do not explain how reporting on parole, which is permitted under the injunction, *see* Mot. at 10, could show compliance with the injunction, or address their waiver of any claims related to parole, *id*.

Dated: January 12, 2022					Respectfully submitted,

CHAD E. MEACHAM						BRIAN M. BOYNTON
*United States Attorney*					*Acting Assistant Attorney General*

BRIAN W. STOLZ						WILLIAM C. PEACHEY
*Assistant United States Attorney*			*Director*
								Office of Immigration Litigation
								District Court Section

								EREZ REUVENI
								*Assistant Director*

								JOSEPH A. DARROW
								*Trial Attorney*

								/s/ *Brian C. Ward*
								BRIAN C. WARD
								*Senior Litigation Counsel*
								U.S. Department of Justice
								Civil Division
								Office of Immigration Litigation
								District Court Section
								P.O. Box 868, Ben Franklin Station
								Washington, DC 20044
								Tel.: (202) 616-9121
								brian.c.ward@usdoj.gov


								*Counsel for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I electronically filed this reply with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice