# EXHIBIT 1

## SECOND DECLARATION OF RICARDO ZÚNIGA

I, Ricardo Zúniga, pursuant to 28 U.S.C. 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby make the following second declaration with respect to the above-captioned matter.

1.      In a previous declaration I submitted on August 16, 2021, I explained that addressing regional irregular migration and its root causes is a top foreign policy priority for the Biden-Harris Administration. I noted that our partner countries agree that a shared regional approach is the best way to address migration in the Western Hemisphere and that Mexico is an essential partner in that effort. Finally, I outlined this Administration's comprehensive policy framework comprised of the Root Causes Strategy (RCS) and the Collaborative Migration Management Strategy (CMMS) and highlighted some of the concrete steps the U.S. and regional partners are taking under this framework to address irregular migration.

2.      Texas and Missouri seek to depose four senior U.S. government officials, including me, in order to "gather information on the actions Defendants are taking to reimplement [the Migrant Protection Protocols (MPP)], and on the state of reimplementation generally." Pl. Opp. at 6. I am submitting this second declaration to explain that I do not believe I can provide the information that Texas and Missouri are seeking. I would like to clarify my role and that of the State Department with respect to the reimplementation of MPP under this Court's order.

3.      As an initial matter, I have not participated in any of the discussions between the U.S. officials and the Government of Mexico (GOM) on this Court's order regarding MPP as I do not have primary responsibility for our relationship with Mexico or for migration issues. In my role as the Principal Deputy Assistant Secretary (PDAS) in the Bureau of Western Hemisphere Affairs (WHA), I am responsible for overseeing all the Bureau's complex and multi-faceted

1

operations to manage and promote U.S. interests in the Western Hemisphere region. As such, my engagements with GOM officials cover many topics that are important to our bilateral relationship, including, among other sensitive topics: fair and reciprocal trade; sustainable economic development and poverty reduction; combatting drug trafficking, transnational crime, and irregular migration; and supporting democracy, the rule of law, and good governance to strengthen our national security and our economy. Of course, I have had discussions with GOM officials on the topic of irregular migration, including some sensitive discussions in which information was exchanged in confidence, but they have centered on our efforts to advance the RCS and CMMS, particularly our regional cooperation with Mexico to stem the flow of irregular migration from elsewhere in the Americas.

4. Second, Plaintiffs seem to misapprehend the responsibilities of the PDAS of a regional bureau at the State Department. The WHA Bureau manages relations with 34 countries in a region that includes almost 14 percent of the world's population. As PDAS, I direct the Bureau's regional policy and $1.58 billion foreign assistance budget. As noted above, my portfolio does not solely focus on issues relating to migration, or immigration to the United States. Rather, I am responsible for the coordination of policy advancement throughout Canada, Latin America, and the Caribbean, to include events in Haiti, unrest in Cuba, and humanitarian and human rights concerns hemisphere-wide. This role often involves high-level coordination with senior White House officials. Finally, I am responsible for managing and overseeing the Bureau's 18,000 domestic and overseas staff, with a $300 million operating budget.

5. Given my lack of direct involvement in discussions with GOM about the reimplementation of MPP, I am not well-suited to provide the information Plaintiffs seek. Further, sitting for a deposition in this matter and the required preparation would impose a

significant burden, including by taking time away from and impacting key priorities of the Biden-Harris Administration.  Finally, to the extent that Plaintiffs depose a senior official from the Department of Homeland Security (DHS) – the lead agency on efforts to reimplement MPP, as well as the substantive lead on most issues in negotiations about the program – there should not be any compelling reason to depose State Department officials.  State Department officials arranged and participated in engagements with GOM regarding this Court's order, but any information they could provide would be presumably duplicative of that shared by DHS.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 12th day of January, 2022

Ricardo Zúniga
Principal Deputy Assistant Secretary
Bureau of Western Hemisphere Affairs
U.S. Department of State