IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>THE STATE OF MISSOURI, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | 2:21-CV-067-Z |
| JOSEPH R. BIDEN, JR., *et al.*, | §<br>§<br>§ | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants'[1] Motion to Reconsider Ruling on Plaintiffs' Motion to Enforce Injunction, and Motion for Administrative Stay (ECF No. 118) ("Motion"). Having considered the Motion, the Court finds that the Motion should be and is hereby **GRANTED** in part and **DENIED** in part.

BACKGROUND

On April 13, 2021, Plaintiffs filed a complaint against Defendants. ECF No. 1. Plaintiffs asked the Court to enjoin Defendants from suspending or terminating the Migrant Protection Protocols ("MPP"). *Id.* at 39. On August 13, 2021, the Court granted Plaintiffs' request for injunctive relief. ECF Nos. 94, 95. The Court ordered Defendants to enforce and implement MPP in good faith and to file with the Court monthly reports including specific relevant data. *Id.* at 52–53. On August 16, 2021, Defendants appealed the Court's opinion and order as well as its judgment granting injunctive relief. ECF No. 96. On September 15, 2021, Defendants filed a Notice of

---

[1] Defendants are the United States of America; President Biden in his official capacity; the Department of Homeland Security ("DHS") and DHS Secretary Mayorkas in his official capacity; the United States Customs and Border Protection ("CBP") and Acting Commissioner of CBP Troy Miller in his official capacity; the United States Immigration and Customs Enforcement "ICE" and Acting ICE Director Tae Johnson; and the United States Citizenship and Immigration Services ("CIS") and Acting CIS Director Tracy Renaud in her official capacity.

Compliance with Injunction (ECF No. 105) and a Monthly Report Pursuant to Court's Injunction (ECF No. 106).

On September 23, 2021, Plaintiffs filed a Motion to Enforce Permanent Injunction and for Expedited Discovery (ECF No. 107). Plaintiffs asked the Court to: (1) find that Defendants are not in compliance with the permanent injunction; (2) command concrete steps to comply; and (3) allow Plaintiffs expedited discovery relating to compliance and specifically related to Haitian migrant activity. *Id.* at 10. Defendants responded in opposition to Plaintiffs' Motion on October 14, 2021. ECF No. 110. Defendants claimed that "the government is implementing the injunction in good faith" and that Plaintiffs "offer no valid basis for their request for other broad-ranging discovery."[2] *Id.* at 1. The following day, Defendants filed documents that reported increased actions and new data from the month of September. *See* ECF Nos. 111, 112. Defendants have since filed other reporting documents as required. *See* ECF Nos. 114, 115, 117, 119, 124.

On November 18, 2021, the Court granted in part Plaintiffs' Motion to Enforce Permanent Injunction and for Expedited Discovery. *See* ECF No. 116 ("Order"). First, the Order permitted Plaintiffs to "conduct limited depositions — relating to the facts in the Defendants' filed notices and reports to obtain an explanation of Defendants' actions or lack thereof related to the injunction" of certain federal officials. *Id.* at 9. Second, the Order required that Defendants "file with the Court . . . a report showing the five categories of information required by the injunction broken down monthly beginning January 21, 2021." *Id.* Third, the Order required that Defendants' reports "include — as a part of categories (5) and (6) — the number of applicants paroled or released into the United States based on DHS's lack of detention capacity." *Id.* Finally, the Order required that Defendants' reports "show data on Haitian migrants in all categories." *Id.*

---

[2] Defendants' Response was filed by all the listed Defendant parties except the United States Customs and Border Protection.

On December 2, 2021, Defendants filed the Motion before the Court today. ECF No. 118. Defendants request the Court reconsider the Order and Plaintiffs' ability to seek discovery and additional reporting from Defendants. *Id.* at 6. In the Motion, Defendants note MPP "restart[ed] on Monday December 6, 2021, and Defendants have released policy guidance detailing the plans for re-implementation." ECF No. 118 at 7. They assert "[t]his intervening change moots any supposed need for Plaintiffs to seek additional reporting and discovery" because "Plaintiffs' alleged concerns about timeliness in re-implementing MPP have now been fully resolved." *Id.*

ANALYSIS

1. **Defendants Need Not Undertake Additional Reporting as the Order Requires.**

Plaintiffs filed their Motion to Enforce Permanent Injunction and for Expedited Discovery, in part, to ensure Defendants quickly restarted MPP. *See* ECF No. 107 at 9 (Defendants "now proposed to delay *any* implementation of MPP until *every* aspect of MPP is in place."); ECF No. 113 at 9 ("Defendants are fully capable of reimplementing MPP without delay."). Plaintiffs made it clear they wanted Defendants to explain to the Court "their sloth in implementing MPP." ECF No. 107 at 1. Based on the evidence Plaintiffs presented, the Court concluded "Defendants [were] not re-implementing MPP as quickly or thoroughly as they should." ECF No. 116 at 8. The Court thus found "Plaintiffs' request reasonable — considering the ongoing importance of compliance and the limited nature of the request." *Id.*

Since the Court granted Plaintiffs' Motion, "Defendants have [ ] engaged in high-level discussions with Mexico in order to secure Mexico's agreement to accept the return of individuals subject to MPP." ECF No. 118 at 11. As Plaintiffs have noted, "[t]he re-implementation of MPP requires 'the Government of Mexico (GOM) making an independent decision to accept the return of individuals enrolled in [MPP].'" (quoting DEP'T OF HOMELAND SECURITY, GUIDANCE

3

REGARDING THE COURT-ORDERED REIMPLEMENTATION OF THE MIGRANT PROTECTION PROTOCOLS at 2 (2021)) (alteration in original)). Mexico has since "notified DHS that it is satisfied that Defendants have taken into account Mexico's concerns and has decided to accept the return of individuals enrolled in MPP." *Id.* Defendants discussions with Mexico have prompted Mexico to agree to cooperate in reimplementation, build new migrant facilities, and develop necessary practices. ECF No. 123 at 11; *see also* ECF No. 118 at 6 ("Defendants have, as announced on December 2, 2021, reached an agreement with Mexico and will begin enrolling migrants in MPP on Monday, December 6, 2021."). Defendants have informed the Court that "Mexico has now stated that it has decided to accept the return of individuals enrolled in MPP and new enrollments in MPP can now begin." ECF No. 117 at 2.

The restarted MPP will institute: (1) "additional measures to protect vulnerable individuals"; (2) "various COVID-19 mitigation measures"; (3) "revised practices to allow for greater access to counsel"; and (4) "measures to align the number of new MPP enrollments on each hearing docket with the volume of removal proceedings that the Executive Office for Immigration Review states it can complete within 180 days." *Id.* at 1–2. "DHS has also made changes to the non-refoulement-screening process for individuals enrolled in MPP, including having CBP officials proactively ask questions upon initial enrollment to determine whether the noncitizen may possess a fear of return to Mexico." *Id.* at 2 (internal marks omitted). "Individuals who establish that there is a reasonable possibility that they will be persecuted on account of a statutorily protected ground or that they will be tortured in Mexico are not amenable and will not be returned to Mexico." *Id.* (internal marks omitted). Defendants expect to expand the reimplemented MPP "expeditiously," "effectively," and "efficiently." *Id.* at 9.

Defendants have restarted MPP. ECF No. 118 at 6. They have addressed Mexico's concerns related to reimplementation. *See generally* ECF No. 117. The Court has no reason to think Defendants will not comply with the permanent injunction absent the additional requirements the Order implements and no longer "finds good reason . . . to allow limited discovery to ensure continued compliance with the injunction. ECF No. 116 at 3 (emphasis removed); *see also* ECF No. 120 at 8 (Plaintiffs acknowledge that "Defendants have voluntarily ceased refusing to reinstitute MPP as a program."). Accordingly, although Defendants must still comply with the permanent injunction, they no longer need to abide by the requirements set forth in the Order.

### 2. The Court Denies Defendants' Request for Administrative Stay.

"Defendants also moved to stay [the Order] pending reconsideration and, if necessary, for a reasonable amount of time to allow Defendants to decide whether to appeal." ECF No. 123 at 14. Plaintiffs did not respond to Defendants' request to stay. *See* ECF No. 120. Because the Defendants no longer need to comply with the Order, the Court finds Defendants' request for an administrative stay to be moot. *See First Ind. Fed. Sav. Bank v. F.D.I.C.*, 964 F.2d 503, 507 (5th Cir. 1992) (determining issue was moot where there was no meaningful relief available that would redress the alleged harm).

### CONCLUSION

Upon reconsideration of the Order, the Court **GRANTS** Plaintiffs' Motion in part and **DENIES** the Motion in part. Defendants need not comply with the Order (ECF No. 116) and the Court will not grant an administrative stay.

**SO ORDERED**.

January 20, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE