IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 28 2022

CLERK, U.S. DISTRICT COURT
By_____Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-067-Z |
| | § | |
| JOSEPH R. BIDEN, JR. *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Robert A. Heghmann's ("Applicant") Motion to Intervene (ECF No. 130) ("Motion"), filed on February 14, 2022. Having considered the Motion and relevant law, the Court **DENIES** the Motion.

**BACKGROUND**

Applicant alleges "Democratic Administrations have engaged in crimes against humanity . . . against people residing in the United States." ECF No. 130 at 1. Applicant, for instance, accuses "the Obama Administration and [ ] the Biden Administration" of "engaging in crimes against the American People which have resulted in disease, paralysis and death." *Id.* at 2. Specifically, those "crimes include accepting into the United States children from Guatemala, El Salvador and Honduras who are carrying a virus referred to as D 68 which in turn is carrying two strains of Polio not blocked by the Sabin I vaccine." *Id.* Applicant references "the Remain in Mexico Policy" as "at the center of the commission of these crimes." *Id.* at 3. The Motion asks the Court to exercise its "subject matter jurisdiction over International Law" under "the Federal Judiciary Act of 1789" to stop these alleged crimes. *Id.* at 2; *see also id.* at 4 ("If this motion is granted the [Applicant] will immediately file a Motion for an Order to Show Cause why this Court

should not order the Defendants to close the Southern Border to all illegal immigrants seeking to enter the United States.").

ANALYSIS

Applicant contends he is entitled to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, that the Court should permit him to intervene pursuant to Rule 24(b). The Court considers the two types of intervention in turn.

To intervene under Rule 24(a), a person must present a "timely motion" and be "given an unconditional right to intervene by a federal statute" or "claim[] and interest relating to the property or transaction that is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To intervene under Rule 24(b), a "court may permit anyone to intervene who" presents a "timely motion" and "is either "given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." For Rule 24(b) permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication the original parties' rights."

A. **Applicant cannot intervene as of right.**

No federal statute permits Applicant to intervene as of right. *See* FED. R. CIV. P. 24(a)(1). Applicant must therefore satisfy the four requirements of Rule 24(a)(2). *See Bush v. Viterna*, 840 F.2d 350, 354 (5th Cir. 1984).

First, Applicant's motion is not timely. FED. R. CIV. P. 24(a). On August 13, 2021, the Court issued a permanent injunction in Plaintiffs' favor. *See* ECF Nos. 94, 95. That permanent injunction requires Defendants "to enforce and implement [Migrant Protection Protocol] *in good faith* until" certain requirements, which have not yet been met, are met. ECF No. 53 at 52. The

Court has thus already granted the relief Applicant seeks. Additionally, Applicant waited over six months to file the Motion. A six-month delay does not satisfy Rule 24(a)'s "timely" requirement. *See Mohammad v. Toyota Motor Corp.*, No. 11-CV-3256, 2012 WL 12884573, at *2 (N.D. Tex. Oct. 22, 2022) (finding motion to intervene untimely when intervenors waited seven months to file their motion, during which time parties were actively litigating the case); *Frazer v. Wireline Sols., LLC*, No. 10-CV-3, 2010 WL 2352058, at *5 (S.D. Tex. June 10, 2010) (finding motion to intervene untimely when intervenors waited six months to file their motion, during which time several important deadlines passed). Thus, Applicant's alleged interest does not satisfy this element.

Second, Applicant lacks "an interest relating to the property or transaction that is the subjection of th[is] action." FED. R. CIV. P. 24(a)(2). Applicant appears to allege an interest in avoiding polio infection. *See* ECF No. 130 at 7 (stating Applicant "has received the Sabin 1 Vaccine but that vaccine offers no protection against the strains of Polio contained in the D 68 virus carried into the United States by children from Guatemala, Honduras and El Salvador").

A Rule 24(a)(2) "interest" must be "direct, substantial, [and] legally protectable." *John Doe # 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)) (alteration in original). Whether Applicant has a legal protectable interest "turns on whether [he] has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

"Non-property interests," such as the interest Applicant asserts, "are sufficient to support intervention when . . . they are concrete, personalized, and legally protectable." *Id.* A concrete injury is something "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal marks omitted). "A concrete injury must be *de facto*; that is, it must actually exist." *Id.*

(internal marks omitted). A particularized injury "affect[s] the plaintiff in a personal and individual way." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

As for a "legally protected interest," a person "may intervene if [his] interest is legally protectable and [his] interest is legally protectable if [he] can intervene." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 568 (5th Cir. 2016). One "holds a legally protectable interest if [he] is subject to the regulations at issue in an action or if [he] is the beneficiary of the regulations at issue." *Deotte v. Azar*, 332 F.R.D. 173, 183 (N.D. Tex. 2019).

In *Texas v. United States*, the intervenors had "an interest in receiving deferred action under [a federal program entitled "Deferred Action for Parents of Americans and Lawful Permanent Residents" ("DAPA")] so that they may [have] legally remain[ed] in the United States." 805 F.3d 653, 660 (5th Cir. 2015). That interest was "not a mere generalized interest in the implementation of DAPA." *Id.* The intervenors were "the intended beneficiaries of the challenged federal policy." *Id.*; *compare Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) ("[The proposed intervenors] are the intended beneficiaries of this law . . . . The proposed intervenors' interest thus is neither undifferentiated not generalized." (internal marks omitted)) *with Franciscan All. Inc. v. Azar*, 414 F. Supp. 3d 928, 937 (N.D. Tex. 2019) (noting when an "organization had only an ideological interest in the litigation and the lawsuit d[id] not involve the regulation of [the organization's] conduct in any respect," courts have denied intervention (quoting *Texas*, 805 F.3d at 658) (internal marks omitted) (alterations in original)). By contrast, Applicant's alleged interest is not concrete, personalized, or legally protectable. It is an abstract interest in avoiding a possible polio infection caused by migrant children. ECF No. 130 at 7. Therefore, Applicant's alleged interest does not satisfy this element.

Third, Applicant cannot satisfy Rule 24(a)(2)'s third element because he does not satisfy the second. *See Bush*, 740 F.2d at 354 (stating third element is "the applicant must be so situated that the disposition of the action may, as a practical matter, *impair or impede his ability to protect [his legally protectable] interest*" (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,732 F.2d 452, 463 (5th Cir. 1984) (en banc) (emphasis added)). And fourth, Applicant cannot satisfy the fourth element for the same reason he could not satisfy the third. *See id.* (stating fourth element is "*the applicant's interest* must be inadequately represented by the existing parties to the suit" (quoting *United Gas Pipe Line Co.*, 732 F.2d at 463) (emphasis added)).

Accordingly, Applicant may not intervene as of right.

## B. The Court will not permissively allow Applicant to intervene.

No federal statute permits Applicant to permissibly intervene. *See* FED. R. CIV. P. 24(b)(1)(A). Therefore, Applicant — on a "timely motion" — must show that his claim "shares with the main action a common question of law or fact." FED. R. CIV. P. 24(1)(B). "Permissive intervention is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). A district court "should allow intervention where no one would be hurt and the greater justice could be attained." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002).

The Court has already determined Applicant's motion is not timely. And although Applicant's claims relate to the Migrant Protection Protocols in a sense, they do not share a common question of law or fact with Plaintiffs' claims. Applicant's claims concern possible polio infection and genocide. *See* ECF No. 130 at 7; *see also generally* ECF No. 130-1 (alleging claims of genocide, conspiracy to commit genocide, aiding and abetting the commission of genocide, and

6

crimes against humanity). Plaintiffs' claims do not. *See generally* ECF No. 48. Accordingly, the Court will not allow Applicant to permissively intervene.

**CONCLUSION**

After considering the Motion and relevant law, the Court **DENIES** the Motion.

**SO ORDERED**.

February 26, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE