IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, <br> STATE OF MISSOURI, <br><br> *Plaintiffs,* <br><br> v. <br><br> JOSEPH R. BIDEN, JR., <br> in his official capacity as <br> President of the United States, *et al.*, <br><br> *Defendants.* | Civil Action No. 2:21-cv-00067-Z |

## UNOPPOSED MOTION TO IMMEDIATELY VACATE THE PERMANENT INJUNCTION

### INTRODUCTION

Defendants move the Court to immediately vacate the August 13, 2021 permanent injunction issued by the Court. The Supreme Court has reversed the bases for this Court's permanent injunction and held that this Court lacked jurisdiction to grant injunctive relief, *see Biden v. Texas*, 142 S. Ct. 2528, 2538, 2548 (2022), and so this Court should immediately vacate the injunction. Plaintiffs to not oppose this motion.[1]

### BACKGROUND

This case concerns the Migrant Protection Protocols (MPP), a former Department of Homeland Security (DHS) policy that was applied to certain nationals of foreign countries who had transited through Mexico from a third country to reach the United States land border. In

---

[1] Although Plaintiffs do not oppose this motion, should the Court not immediately vacate the injunction, the government requests that the Court expedite consideration of this motion.

1

promulgating MPP, DHS invoked its discretionary authority under 8 U.S.C. § 1225(b)(2)(C), which provides that the Secretary "may return" certain noncitizens "arriving on land ... from a foreign territory contiguous to the United States ... to that territory" pending resolution of their removal proceedings. Following the change in administration, the Acting Secretary temporarily suspended new enrollments in MPP.

On April 13, 2021, the States of Missouri and Texas filed this suit in the Northern District of Texas, initially challenging the suspension of new enrollments in MPP. On June 1, 2021, following a comprehensive review, the Secretary terminated MPP in a memorandum which explained his findings and conclusions. On June 3, 2021, Plaintiffs amended their complaint to seek injunctive relief against the Secretary's termination of MPP.

On August 13, 2021, following a one-day bench trial, this Court "permanently enjoined and restrained" DHS "from implementing or enforcing the June 1 Memorandum," which it "vacated in its entirety and remanded to DHS for further consideration." *Texas*, 554 F. Supp. 3d at 857. Further, the court issued a nationwide, permanent injunction requiring DHS "to enforce and implement MPP *in good faith* until such a time as it has been lawfully rescinded in compliance with the APA **and** until such a time as the federal government has sufficient detention capacity to detain all aliens subject to mandatory detention under Section [1225] without releasing any aliens *because of* a lack of detention resources." *Id.* (emphasis in original). The government then appealed to the Fifth Circuit.

On October 29, 2021, while that appeal was pending, Secretary Mayorkas issued a new memorandum terminating MPP and superseding the June 1 memorandum and all prior memoranda implementing MPP. Based on this superseding decision, the government moved to remand to this Court for further proceedings. On December 13, 2021, the Fifth Circuit denied that motion and

upheld the injunction. *Texas*, 20 F.4th 928. The Fifth Circuit held that Section 1252(f) did not apply because the district court's injunction "restored" the operation of Section 1225(b)(2)(C) rather than enjoined it, that Section 1225(b)(2)(C), which authorizes contiguous-territory return as an alternative to detention under Section 1225(b)(2)(A), becomes mandatory if the government lacks sufficient detention capacity, and that the October 29 memoranda did not constitute a new and separately reviewable agency action. *Id*. at 951, 996, 1004.

On June 30, 2022, the Supreme Court reversed each of those rulings and "the judgment of the Court of appeals and remand[ed] the case for further proceedings." *Biden v. Texas*, 142 S. Ct. 2528, 2548 (2022). The Supreme Court held that "the Government's rescission of MPP did not violate section 1225 of the INA," 142 S. Ct. at 2548, and that the Secretary's October 29 memoranda had legal effect, *id*. at 2544-47. The Supreme Court also held that 8 U.S.C. § 1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions," and that "[t]he District Court's injunction in this case violated that provision." *Id.* at 2538 (quoting *Garland v. Aleman Gonzalez*, 596 U.S. ___ (2022)).

The Supreme Court handed down its judgment on August 1, 2022. Thereafter, on August 3, the Fifth Circuit remanded the case to this Court "for further proceedings consistent with the Supreme Court's decision." Order, *Texas v. Biden*, No. 21-10806 (5th Cir Aug. 3, 2022). The Fifth Circuit issued its mandate on August 6, 2022, returning the case to this Court. *See* Order, *Texas v. Biden*, No. 21-10806 (5th Cir. Aug. 6, 2022, 11:14 AM).

# ARGUMENT

Because the Supreme Court reversed the bases for this Court's permanent injunction, and held that this Court lacked jurisdiction to grant injunctive relief, this Court should immediately vacate the injunction.

## I. The Court should vacate the injunction because the Supreme Court's decision eliminates the legal bases for the injunction.

The Supreme Court has conclusively resolved the statutory claims presented in this case in the government's favor and eliminated any basis for maintaining the injunction on statutory grounds. The Court also reversed the Fifth Circuit's conclusion that, because the October 29 memorandum lacked any legal effect, the injunction could be affirmed based on Texas' APA challenge to the June 1 memorandum.

The Supreme Court reversed this Court's statutory ruling that the government must implement MPP because the contiguous-territory return provision in Section 1225(b)(2)(C) becomes mandatory if the government lacks sufficient detention capacity to detain all noncitizens subject to detention under Section 1225. The Supreme Court held that Section 1225(b)(2)(C)'s use of "may" "*clearly* connotes" that this provision is discretionary, explaining that, "[i]f Congress had intended section 1225(b)(2)(C) to operate as a mandatory cure of any noncompliance with the Government's detention obligations, it would not have conveyed that intention through an unspoken inference in conflict with the unambiguous, express term 'may.' It would surely instead have coupled that grant of discretion with some indication of its sometimes-mandatory nature." *Texas*, 142 S. Ct. at 2541. The Supreme Court also noted that the "historical context in which the provision was adopted," the "novelty" of interpreting this section as mandatory when "every Presidential administration has interpreted section 1225(b)(2)(C) as purely discretionary" in the 26 years since it was enacted, and the fact that "Congressional funding has consistently fallen well

4

short of the amount needed to detain all land-arriving inadmissible aliens at the border" during that timeframe all support the conclusion that the provision is discretionary. *Id*. at 2542-43.

The Supreme Court also explained that "the foreign affairs consequences of mandating the exercise of contiguous-territory return likewise confirm that the Court of Appeals erred." *Id.* at 2543. "By interpreting section 1225(b)(2)(C) as a mandate, the Court of Appeals imposed a significant burden upon the Executive's ability to conduct diplomatic relations with Mexico," a "stark consequence" that "confirms … Congress did not intend section 1225(b)(2)(C) to tie the hands of the Executive in this manner." *Id*. And the Court emphasized that the availability of parole as an option for DHS to process applicants for admission "additionally makes clear that the Court of Appeals erred in holding that the INA required the Government to continue implementing MPP." *Id*. at 2543-44.

The Supreme Court also reversed the Fifth Circuit's holding that because the October 29 memorandum lacked any legal effect, the injunction could be affirmed based on Texas' APA challenge to the June 1 memorandum. The Supreme Court held that the superseding October 29 memoranda had legal effect and that the Secretary's decision to end MPP must be judged under the APA based on those memoranda as a result. *Id*. at 2544-47.

The Supreme Court's decision leaves no doubt: this Court should immediately vacate the permanent injunction. Both the statutory and the APA grounds for the permanent injunction are now inoperative.

## II. The Court must vacate the injunction because the Court lacked jurisdiction to enter it.

Even if all legal bases for the injunction had not been reversed, the injunction would still have to be vacated because this Court lacked jurisdiction to enjoin the operation of 8 U.S.C. § 1225.

Section 1252(f)(1) provides that: "Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter … other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." 8 U.S.C. § 1252(f)(1). The Supreme Court held that Section 1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." 142 S. Ct. at 2538 (quoting *Garland v. Aleman Gonzalez*, 596 U.S. ___ (2022)). Section 1225(b)(2)(C) is one of the statutory provisions covered by Section 1252(f)(1), so "[t]he District Court's injunction in this case violated that provision." *Id*.

Section 1252(f)(1) thus eliminates the Court's authority—and the authority of any court other than the Supreme Court—to grant injunctive relief with respect to Section 1225. Accordingly, the injunction must be vacated.

## CONCLUSION

For these reasons, the Court should immediately vacate the permanent injunction.

//

//

6

August 8, 2022                                Respectfully submitted,

                                                    BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*

/s/ *Erez Reuveni*
EREZ REUVENI
*Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: erez.r.reuveni@usdoj.gov

BRIAN C. WARD
*Senior Litigation Counsel*

JOSEPH A. DARROW
*Trial Attorney*

*Counsel for Defendants*

7

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on August 7 and 8, 2022, I conferred with counsel for Plaintiffs about the relief requested in this motion. Plaintiffs do not oppose this request.

/s/ *Erez Reuveni*
EREZ REUVENI
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

 */s/ Erez Reuveni*
EREZ REUVENI
United States Department of Justice