IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF MISSOURI,<br><br>                    Plaintiffs,<br>v.<br><br>JOSEPH R. BIDEN, JR., et al.,<br><br>                    Defendants. | Civil Action No. 2:21-cv-00067 |

**UNOPPOSED MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A MEMORANDUM OF LAW AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION TO POSTPONE THE EFFECTIVE DATE OF AGENCY ACTION**

Pursuant to FED. R. CIV. P. 7, the Immigration Reform Law Institute ("IRLI") respectfully requests this Court's leave to file the accompanying memorandum of law as *amicus curiae* in support of Plaintiffs' motion for a preliminary injunction. Pursuant to Local Rules 7.1 and 7.2, IRLI's counsel has conferred with counsel for the parties; both Plaintiffs and Defendants consented to the filing of the attached *amicus* memorandum of law. Therefore, this motion is unopposed.

IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from

1

the Federation for American Immigration Reform, of which IRLI is a supporting organization.

"'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address amicus briefs. Nonetheless, IRLI looks to the appellate rules' criteria for granting leave to file amicus briefs to support their motion here. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an

2

amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

With that background, movant IRLI explains the relevance and value of its brief to this Court's consideration of the important issues presented here.

IRLI respectfully submits that its proffered memorandum of law will bring the following relevant matters to the Court's attention:

- Demonstrating that the termination of MPP is arbitrary and capricious because Defendants failed to adequately consider a relevant factor: whether MPP is an action that is necessary and appropriate to achieve and maintain operational control of the border as directed by the Secure Fence Act of 2006. *See attached Memorandum of Law* at 2-4.
- Demonstrating that the Court retains the authority to enjoin unlawful exercise of the parole authority under the INA. *See id.* 4-5.

These issues are all relevant to this Court's decision on the Plaintiffs' motion to postpone the effective date of agency action, and movant IRLI respectfully submits that its memorandum may aid the Court.

//

//

//

For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying memorandum of law as *amicus curiae*.

Respectfully submitted on August 30, 2021,

/s/ Matt Crapo
MATT A. CRAPO
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(540) 205-7986
matt.crapo@pm.me
litigation@irli.org

*Counsel for Movant
Immigration Reform Law Institute*

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 30, 2022, I conferred with counsel for both Plaintiffs and Defendants regarding this motion. Both parties informed me that they consent to the filing of the attached amicus brief in support of Plaintiffs' motion to postpone the effective date of agency action.

*/s/ Matt Crapo*_____
MATT A. CRAPO

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ Matt Crapo*_____
MATT A. CRAPO