# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., et al., <br><br> Defendants. | Civil Action No. 2:21-cv-00067 |

### MEMORANDUM OF LAW OF IMMIGRATION REFORM LAW INSTITUTE AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION TO POSTPONE THE EFFECTIVE DATE OF AGENCY ACTION

MATT A. CRAPO
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(540) 205-7986
matt.crapo@pm.me
litigation@irli.org

*Counsel for Amicus Curiae*
*Immigration Reform Law Institute*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

I. Defendants Failed to Consider How Terminating MPP Would Affect Their Ability to Achieve and Maintain Operational Control Over the Border .................. 2

II. This Court Retains Authority to Enjoin Unlawful Agency Action with Respect to Defendants' Exercise of Their Parole Authority .................................................... 4

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Biden v. Texas* (*Biden III*),
  142 S. Ct. 2528, 2539 (2022) ................................................................................................ 4

*Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*,
  419 U.S. 281 (1974) ............................................................................................................. 4

*Judulang v. Holder*,
  565 U.S. 42 (2011) ............................................................................................................... 2

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,
  463 U.S. 29 (1983) ........................................................................................................... 2, 4

*Texas v. Biden* (*Biden II*),
  20 F.4th 928 (5th Cir. 2021) ................................................................................................ 5

## STATUTES

5 U.S.C. § 706(2)(A), (C) ........................................................................................................... 5

8 U.S.C. § 1182(d)(5)(A) ........................................................................................................ 4, 5

8 U.S.C. §§ 1221-1232 ............................................................................................................... 4

8 U.S.C. § 1225 .......................................................................................................................... 3

8 U.S.C. § 1252(f)(1) ............................................................................................................. 1, 4

§ 2(a), Secure Fence Act of 2006, Pub. L. 109-367, 120 Stat. 2638 .................................... 2, 3

§ 2(b), Secure Fence Act of 2006, Pub. L. 109-367, 120 Stat. 2638 ....................................... 2

§ 2(c), Secure Fence Act of 2006, Pub. L. 109-367, 120 Stat. 2638 ....................................... 2

## INTRODUCTION

This Court should grant Plaintiffs' motion to postpone the effective date of the October 29 Memoranda terminating the Migrant Protection Protocols ("MPP"). In addition to the reasons set forth in Plaintiffs' motion to postpone, Defendants' termination of MPP is arbitrary and capricious because they failed to consider whether MPP is "necessary and appropriate" to achieve and maintain operational control over the border. Congress has directed the Secretary of Homeland Security to take all actions "necessary and appropriate" to prevent all unlawful entries into the United States. But in the October 29 Memoranda, Defendants did not address or adequately consider whether MPP is necessary to achieve and maintain control over the border. In the October 29 Memoranda, Defendants fail to address Congress's directive to take all actions necessary and appropriate to prevent unlawful entries into the United States. Failing to consider this relevant factor renders the termination of MPP effected by the October 29 Memoranda arbitrary and capricious.

In addition to postponing the effective date of the October 29 Memoranda, the Court retains authority to enjoin unlawful agency action as it pertains to the exercise of Defendants' parole authority. The statutory authority to grant parole does not fall within the scope of 8 U.S.C. § 1252(f)(1), a provision stripping lower courts of the authority to enjoin the operation of some provisions of the Immigration and Nationality Act ("INA"). Accordingly, to the extent the Court concludes that Defendants' exercise of their parole authority is unlawful, it retains the authority to enjoin that unlawful agency action.

**ARGUMENT**

I.   **Defendants Failed to Consider How Terminating MPP Would Affect Their Ability to Achieve and Maintain Operational Control Over the Border**

In 2006, Congress directed the Secretary of Homeland Security to "take all actions the Secretary determines necessary and appropriate to achieve and maintain operational control over the entire international land and maritime borders of the United States …." § 2(a), Secure Fence Act of 2006, Pub. L. 109-367, 120 Stat. 2638 (Oct. 26, 2006). Congress defined "operational control" to mean "the prevention of *all unlawful entries into the United States*, including entries by terrorists, other unlawful aliens, instruments of terrorism, narcotics, and other contraband." *Id.* § 2(b) (emphasis added).[1]

As Plaintiffs observe in their motion to postpone (Dkt. 149 at 8), agency action "must be tied, even if loosely, to the purposes of the immigration laws or the appropriate operation of the immigration system," *Judulang v. Holder*, 565 U.S. 42, 55 (2011), and an agency rule is "arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Here, Congress has directed the Secretary of Homeland Security to take all actions necessary and appropriate to prevent all unlawful entries into the United States. Accordingly, whether MPP is a necessary and appropriate action to achieve and maintain operational control of the border is a relevant factor that must be considered and addressed by the agency. The agency's failure adequately to

---

[1] Congress further directed the Secretary of Homeland Security to submit annual reports on the progress made toward achieving and maintaining operational control over the borders of the United States. *Id.* § 2(c).

2

consider this "relevant factor" renders the October 29 Memoranda arbitrary and capricious.

In the October 29 Memoranda, Defendant Secretary Mayorkas presumed "that MPP resulted in a significant decrease in irregular border crossings and persons approaching the U.S. border to pursue non-meritorious asylum claims." Supp.App.003; *see also* Supp.App.027 (noting the "sharp decrease" in border encounters during the months in which MPP was fully operational). That is, Secretary Mayorkas acknowledged that implementation of MPP significantly reduced unlawful entries into the United States. Nevertheless, Secretary Mayorkas "concluded that this benefit cannot be justified" in light of other considerations, including human costs to migrants exposed to harm in Mexico and the way in which MPP detracts from "other regional and domestic goals and policy initiatives that better align with this Administration's values while also serving to manage migratory flows." Supp.App.028.

Nowhere in the October 29 Memoranda did Defendant Mayorkas mention, much less consider, his statutory obligation to "take all actions" that are "necessary and appropriate" to "achieve and maintain operational control" over U.S. borders. § 2(a), Secure Fence Act. To be sure, Secretary Mayorkas discussed the relationship between the implementation of MPP and certain statutory mandates, including the detention mandate in 8 U.S.C. § 1225 and the requirement that parole only be granted on a case-by-case basis. *See* Supp.App.030-033. But Secretary Mayorkas failed entirely to address whether the implementation of MPP was an action that is "necessary and appropriate" to prevent all unlawful entries into the United States as required by the Secure Fence Act. This

3

failure to consider a relevant factor in terminating MPP renders the October 29 Memoranda arbitrary and capricious. *State Farm*, 463 U.S. at 43 ("[W]e must 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'") (quoting *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285 (1974)).

In sum, Congress has directed the Secretary of Homeland Security to "take all actions" that are "necessary and appropriate" to "achieve and maintain operational control" of the border—that is, to prevent "all unlawful entries" into the United States. Surely, whether continued implementation of MPP is necessary to achieve operational control of the border is a relevant factor, since, according to Secretary Mayorkas's own "reasons" for his action, MPP had "sharp[ly]" improved border security. Supp.App.004, 027. Defendants' failure even to consider this factor thus renders the October 29 Memoranda arbitrary and capricious.

## II.     This Court Retains Authority to Enjoin Unlawful Agency Action with Respect to Defendants' Exercise of Their Parole Authority

Section 1252(f)(1) "deprives courts of the power to issue a specific category of remedies: those that 'enjoin or restrain the operation of' [8 U.S.C. §§ 1221-1232]." *Biden v. Texas*, 142 S. Ct. 2528, 2539 (2022) (*Biden III*). The authority to grant parole into the United States is found at 8 U.S.C. § 1182(d)(5)(A), and therefore does not fall within the scope of section 1252(f)(1)'s jurisdiction-stripping provision.

Plaintiffs have asked this Court to postpone the effective date of Defendants' termination of MPP, hold unlawful and set aside the termination of MPP, and declare that

the termination of MPP is unlawful. *See* Plaintiffs' Second Amended Complaint (Dkt. 148-1) at 20. However, Plaintiffs further asked for "such other and further relief as the Court deems equitable and just." *Id.*

In their motion to postpone, Plaintiffs have demonstrated that the termination of MPP is causing Defendants to violate the limits on their parole authority. *See* Motion to Postpone (Dkt. 149) at 12-18. Under the APA, a court may "hold unlawful and set aside agency action" that is "not in accordance with law" or "in excess of statutory … authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).[2] Defendants have adopted a policy of not making parole determinations "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit," as § 1182(d)(5)(A) requires, but instead granting parole *en masse* to those aliens it lacks the resources to detain. *See* Supp.App.031-032. The Fifth Circuit has rejected "the Government's proposal to parole every alien it cannot detain [as] the opposite of the 'case-by-case basis' determinations required by law." *Texas v. Biden*, 20 F.4th 928, 997 (5th Cir. 2021) (*Biden II*).

To the extent that the Court concludes that Defendants are violating the bounds of their parole authority under 8 U.S.C. § 1182(d)(5)(A), it retains the authority to enjoin Defendants' unlawful parole practices.

---

[2] Even absent APA review, violations of the INA are actionable through this Court's inherent equitable powers.

5

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to postpone the effective date of the October 29 Memoranda.

Respectfully submitted on August 30, 2022,

*/s/ Matt A. Crapo*
MATT A. CRAPO
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
matt.crapo@protonmail.com
litigation@irli.org

*Counsel for Amicus Curiae*
*Immigration Reform Law Institute*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

>                  */s/ Matt Crapo*
>                  MATT A. CRAPO