UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS and <br><br> THE STATE OF MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> Case No. 2:21-cv-00067-Z |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY, OR, IN THE ALTERNATIVE, UNOPPOSED MOTION FOR LEAVE TO FILE SUR-SURREPLY**

"Surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter [and] serve[] only to delay resolution of the underlying motion." *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (citation omitted). Thus, surreplies "are heavily disfavored," though it is within the sound discretion of the courts to grant or deny leave to file such additional briefing. *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)).

Contrary to Defendants' assertions in their Motion for Leave to File Surreply, ECF 169 (the "Surreply Motion"), Plaintiffs did not raise new arguments in their Reply in Support of their Motion to Postpone the Effective Date of Agency Action, ECF 168, and this Court should not grant the motion for a surreply. Surreplies are meant to provide the party opposing a motion with the opportunity to respond to matters that could not have been raised in that party's opposition brief.

1

*Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) ("The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply"). A surreply is only appropriately granted where there is a "new matter" introduced in the reply in support of the motion. *US ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002). "Where the movant's reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate." *Crummey v. Social Sec. Admin.* 794 F. Supp. 2d 46, 63 (D.D.C. 2011) (denying motion to file a surreply where the arguments in the reply fell within the scope of the matters raised in the original motion and opposition).

A surreply is inappropriate concerning a movant's arguments in a reply brief that merely expand upon claims made in the original motion. *Simms v. Ctr. for Correctional Health and Policy Studies*, 794 F.Supp. 2d 173, 186 n.7 (D.D.C. 2011). In *Simms*, for example, the court denied the plaintiff's motion to file a surreply on the ground that defendant's reply added new claims and/or argument it had not raised in its original motion, explaining that defendant's reply did not contain any material that went "beyond the parties' dispute as framed by the [original] motion and plaintiff's opposition." *Id.*

Defendants point to two arguments in Plaintiffs' Reply that are supposedly "new": (1) "that courts routinely grant stays under 5 U.S.C. § 705 of agency actions that have already taken effect"; and (2) "that agency actions cannot take effect until published in the Federal Register." Surreply Motion at 1. But the points made on those issues in Plaintiffs' Reply were in direct response to arguments Defendants made in their Response in Opposition to Plaintiffs' Motion to Postpone the Effective Date of Agency Action. ECF 163 at 14–16 (arguing that courts may not issue stays of agency actions that have already gone into effect, and that the October 29 Memoranda challenged here had already gone into effect).

Furthermore, leave to file a surreply is unwarranted where the proposed surreply merely restates the arguments made in that party's response in opposition. *See, e.g., Williams v. Aviall Serv. Inc.*, 76 F. App'x 534, 535 (5th Cir. 2003) (affirming the denial of a party's motion for leave to file a surreply because the surreply did not include new arguments or evidence); *Berkman v. City of Keene*, No. 3:10-CV-2378-B, 2011 WL 3268214, at *5 (N.D. Tex. July 29, 2011) (denying a party's motion for leave to file a surreply because the proposed surreply involved no new issues). The Surreply makes additional points on the same issues Defendants briefed in their Response in Opposition. *Compare* ECF 169-1 at 2–3 (arguments why stay would not maintain status quo) *with* ECF 163 at 16–17 (same); ECF 169-1 at 1–2 (arguments why stays are limited to appellate courts) *with* ECF 163 at 8–9 (same); ECF 169-1 at 2–3 (arguments why stays are coercive) *with* ECF 163 at 11–13 (same).

Leave to file a surreply is disfavored, as the Local Rules of this Court do not contemplate the filing of more than three briefs regarding any one motion. The three briefs provided for in the Local Rules are: (i) the movant's opening brief; (ii) the non-movant's opposition; and (iii) the movant's reply. Loc. Civ. R. 7.1. This structure allows for the moving party to have both the first and last word. The purpose of filing a reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-BH, 2020 WL 10816627, at *1 (N.D. Tex. June 10, 2020) (citation omitted).

In the alternative, if this Court grants Defendants' Motion for Leave to File Surreply, Plaintiffs move the Court for leave to file a brief response—a sur-surreply (attached as Exhibit 1). This alternative motion is unopposed by Defendants. Plaintiffs as the movants should be permitted to have the final word on the pending Motion to Postpone the Effective Date of Agency Action.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Surreply or, in the alternative, grant Plaintiffs' Unopposed Motion for Leave to File Sur-Surreply.

Dated: September 19, 2022

ERIC S. SCHMITT
Attorney General of Missouri

/s/ D. JOHN SAUER
D. JOHN SAUER, #58720MO*
Solicitor General

MICHAEL E. TALENT, #73339MO *
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-8870
Fax (573) 751-0774
John.Sauer@ago.mo.gov

*Counsel for Plaintiff*
*State of Missouri*

*Admitted pro hac vice

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General
Texas Bar No. 24076720

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
*Attorney-in-Charge*
Texas Bar No. 24088531

/s/ Ryan D. Walters
RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov

*Counsel for Plaintiff*
*State of Texas*

**CERTIFICATE OF CONFERENCE**

I certify that on September 19, 2022, I conferred with Defendants' counsel, who represented that Defendants do not oppose this motion to file a sur-surreply.

*/s/ Ryan D. Walters*
RYAN D. WALTERS

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ Ryan D. Walters*
RYAN D. WALTERS
