IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-067-Z |
| | § | |
| JOSEPH R. BIDEN, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff State of Missouri's Consent Motion to Substitute Counsel (ECF No. 189-1) ("Motion"). Missouri seeks to simultaneously "withdraw" Michael E. Talen ("Talen") and "substitute" Maria A. Lanahan ("Lanahan") as attorney of record. *Id.* at 1. Despite using the terms "withdraw" and "substitute" — per Local Rule 83.12(d) — the governing rules are Local Rules 83.7 and 83.9. In reviewing these rules, the Court finds the matter more complicated than it first appears.

Section 1654 empowers each court to determine its own rules for appearance of counsel. *See also* 28 U.S.C. § 2071 (local rules generally); FED. R. CIV. P. 83 (same). Accordingly, this District has adopted local rules, most recently amended September 1, 2021. This Court requires an attorney be admitted to practice before this Court — either admitted to the bar pursuant to Local Rule 83.7 or admitted pro hac vice pursuant to Local Rule 83.9. Thus, Local Rule 83.12 contemplates substitution of one admitted attorney for another admitted attorney. The Motion is filed and signed by Lanahan, bringing the Motion under the purview of Local Rule 83.12(d) (substitution of attorney) rather than Local Rule 83.12(a) (withdrawal of attorney). *See* ECF No. 189-1 at 2.

Local Rule 83.12(d) instructs "the succeeding attorney must file a motion to substitute counsel," the acceptance of which "effects both the substitution of the succeeding attorney and the withdrawal of the attorney being replaced." An attorney may not file a motion in this Court without first receiving admission to practice before this Court. Lanahan is not admitted to the bar of this Court, nor is she admitted pro hac vice in this case. Because Talen's admission in this case is not transferrable to Lanahan nor is Lanahan's separate admission transferrable to this case, the Court **DEFERS** ruling on the Motion until Lanahan complies with the Court's local rules.

A grant of pro hac vice is particular to: (1) an attorney (2) representing a party in (3) a case. *See* Local Rule 83.9(a) ("*At attorney . . .* may represent *a party* in proceedings in this court only by permission of the presiding judge.") (emphasis added); *see also* Local Rule 83.9(b) ("[A]n attorney who desires to appear as counsel *in a case* . . . shall apply for admission pro hac vice on a court-approved form and pay the applicable fee to the clerk.") (emphasis added).

The purpose of a pro hac vice admission is "to gain the court's permission to appear in *a particular case* because the lawyer is not already licensed in that jurisdiction." *United States v. Richardson*, 676 F.3d 491, 505 (5th Cir. 2012) (emphasis added). Indeed, the phrase itself is Latin for "this time only"[1]; *see also Pro Hac Vice Appearance*, NORTHERN DISTRICT OF TEXAS, https://www.txnd.uscourts.gov/pro-hac-vice-appearance ("If permission is granted, it will be for one case only."). Moreover, this Court has explained that admission pro hac vice is particular to the lawyer and not his or her substitute. *See State of Utah v. Martin J. Walsh*, 23-CV-016-Z, ECF No. 37 at 2 (admitting, *inter alia*, Lanahan with instruction that the order "does not serve as admission for any other attorney . . . in place of the named attorney"). At this time, Lanahan has neither applied nor been admitted pro hac vice in this case.

---

[1] Rachel V. Rose, Robert J. Rando, *Attorney Admissions Identifying and Working with Local Counsel and Pro Hac Vice Admissions*, Fed. Law., Sept. 2016, at 48.

2

However, Lanahan has been admitted pro hac vice in a different case before this Court on behalf of the same party, the State of Missouri. *See State of Utah v. Martin J. Walsh*, 23-CV-016-Z, ECF No. 37 (admitting pro hac vice and waiving local counsel requirement for, *inter alia*, Lanahan for Missouri). The Court is presented with the same attorney, representing the same party, but in a *different* case, so admission in this case is not secured through Lanahan's admission in that case.[2]

Admission pro hac vice terminates with the case and requires a subsequent application for an attorney who is "not admitted to practice before this court." Local Rule 83.9. But in this case, there is overlap. The precondition triggering Local Rule 83.9 — an attorney who is "not admitted to practice before this court" — is unmet because Lanahan *is currently admitted* to practice before this Court. *See State of Utah*, 23-CV-016-Z, ECF No. 37.

The definition of pro hac vice and the logical order of the Local Rules contemplate particularized admission for an attorney who is not generally admitted to the bar of this Court. But comparing the language of Rule 83.7 and 83.9 exposes an ambiguity. By employing different language — "*admitted to practice* in this court" rather than "*admitted to the bar* of this court" — Lanahan paradoxically is subject to the pro hac vice requirement (as an attorney not admitted to the bar of this Court) and excepted from the requirement (as an attorney currently admitted to practice in this Court).

Finally, while Local Rule 83.7(d)'s grant of discretion to the Court would be the natural place of resolution, it is not. That rule provides the Court with discretion in "reviewing the application for admission." Local Rule 83.7(d). As noted, there is no application for Lanahan in this case over which the Court may exercise discretion.

---

[2] *Cf.* Meat Loaf, *Two Out of Three Ain't Bad*, on *Bat Out of Hell* (Cleveland International Records 1977).

3

In conclusion, the Court today explains how these rules work together. *See* FED. R. CIV. P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."). Admission pro hac vice pursuant to Local Rule 83.9 is an exception to the general rule that an attorney must be admitted to the bar of the Court pursuant to Local Rule 83.7 to practice in the Northern District of Texas. Admission pro hac vice is particular to the attorney, the party represented, and the case. Admission pro hac vice terminates with the case or when the attorney withdraws. Admission pro hac vice is not transferrable to another attorney or to another case or to represent another party. Finally, an admission pro hac vice in one case does not serve as the basis for automatic admission in another case.

Accordingly, Lanahan may not substitute for Talen absent admission to the bar of this Court or pro hac vice in this case. The Court **DEFERS** ruling on the Motion unless Lanahan complies with the Court's local rules.

**SO ORDERED.**

March 7, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE