# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS,<br>STATE OF MISSOURI,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOSEPH R. BIDEN, JR.,<br>in his official capacity as<br>President of the United States, *et al.*,<br><br>*Defendants.* | Civil Action No. 2:21-cv-00067-Z |

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

## ANSWER

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Joseph R. Biden Jr., in his official capacity as President of the United States, et al., (collectively, "Defendants"), by their undersigned attorneys, respond to the allegations contained in the numbered paragraphs of Plaintiffs' Second Amended Complaint, ECF No. 153, as follows. Defendants generally deny all allegations not specifically admitted.

1.  Defendants admit that the Migrant Protection Protocols (MPP) was announced on December 20, 2018. The remaining allegations in Paragraph 1 purport to quote and characterize the Court's order in this case, ECF No. 94, which speaks for itself and require no response. To the extent a response is required to these, Defendants deny.

2.  Defendants admit that MPP was implemented pursuant to the authority in 8 U.S.C. § 1225(b)(2)(C) but deny that section 1225(b)(2)(C) expressly mentions MPP. The remaining allegations in Paragraph 2 are conclusions of law and statutory quotations, which require no response. To the extent a response is required to these, Defendants deny.

3.  The allegations in Paragraph 3 purport to quote and characterize the Court's order in this case, ECF No. 94, which speaks for itself, and otherwise constitute conclusions of law; no response is required to either. To the extent a response is required, Defendants deny.

4.  Defendants admit that MPP was initiated in San Diego, California, and was then slowly expanded to other locations, but deny that MPP was ever expanded "nationwide," as it was limited to the Southwest Border. The remaining allegations in Paragraph 4 purport to rely on and characterize the Court's order in this case, ECF No. 94, which speaks for itself. To the extent a response is required, Defendants deny.

5. The allegations in Paragraph 5 purport to rely on and characterize the Court's order in this case, ECF No. 94, and other documents, which speak for themselves. To the extent a response is required, Defendants deny.

6. The allegations in Paragraph 6 purport to rely on and characterize the Court's order in this case, ECF No. 94, and other documents, which speak for themselves. To the extent a response is required, Defendants deny.

7. The allegations in Paragraph 7 purport to rely on and characterize documents filed in this case, which speak for themselves. To the extent a response is required, Defendants deny.

8. The allegations in Paragraph 8 purport to rely on and characterize the Court's order in this case, ECF No. 94, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny.

9. The allegations in Paragraph 9 purport to rely on and characterize a court opinion, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny.

10. The allegations in Paragraph 10 purport to rely on and characterize a court opinion, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny.

11. The allegations in Paragraph 11 purport to rely on and characterize court opinions and other documents, which speaks for themselves and to which no response is required. To the extent a response is required, Defendants deny.

12. The allegations in Paragraph 12 purport to rely on and characterize a court order, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny.

13. The allegations in Paragraph 13 purport to rely on and characterize a court opinion, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny.

14. The allegations in Paragraph 14 purport to rely on and characterize a court opinion, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny.

15. The allegations in Paragraph 15 represent conclusions of law, to which no response is required. To the extent a response is required, Defendants deny.

16. The allegations in Paragraph 16 purport to rely on and characterize court opinions, which speak for themselves, and otherwise represent conclusions of law, to which no response is required. To the extent a response is required, Defendants deny.

17. The allegations in Paragraph 17 purport to rely on and characterize a court opinion, which speaks for itself, and otherwise represent conclusions of law, to which no response is required. To the extent a response is required, Defendants deny.

18. The allegations in Paragraph 18 purport to rely on and characterize the October 29, 2022 Memoranda regarding the termination of MPP (October 29 Memoranda), which speak for themselves. To the extent a response is required, Defendants deny.

19. The allegations in Paragraph 19 purport to rely on and characterize the October 29 Memoranda, which speak for themselves. To the extent a response is required, Defendants deny.

20. The allegations in Paragraph 20 purport to rely on and characterize the October 29 Memoranda, which speak for themselves. To the extent a response is required, Defendants deny.

**PARTIES**

21. Defendants incorporate by reference their responses to all other paragraphs of the Second Amended Complaint.

22. Defendants admit that Plaintiff Texas is one of the 50 States in the United States; the remaining allegations in this paragraph constitute legal conclusions to which no response is required.

23. Paragraph 23 consists of conclusions of law and Plaintiffs' characterization of this case, to which no response is required. To the extent a response is required, Defendants deny.

24. Paragraph 24 consists of conclusions of law and quotations of a court opinion, to which no response is required. To the extent a response is required, Defendants deny.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny same.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny same.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny same.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny same.

32. Defendants admit that Plaintiff Texas is one of the 50 States in the United States; the remaining allegations in this paragraph constitute legal conclusions to which no response is required.

33. Paragraph 33, in part, purports to rely on and characterize public government documents, which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis deny same.

34. Paragraph 34 purports to rely on and characterize a public document, which speaks for itself and requires no response. To the extent a response is required, Defendants deny.

35. Paragraph 35 purports to rely on and characterize public documents, which speak for themselves and require no response. To the extent a response is required, Defendants deny.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis deny same.

37. Paragraph 37 consists of conclusions of law and Plaintiffs' characterization of this case, to which no response is required.  To the extent a response is required, Defendants deny.

38. Defendants deny that MPP was unlawfully terminated. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis deny same.

39. Paragraph 39, in part, purports to rely on and characterize a public report, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis deny same.

40. Admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Defendants aver that Tae D. Johnson is the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, and admit the remainder of the allegations in Paragraph 46.

47. Admit.

## JURISDICTION AND VENUE

48. Defendants incorporate by reference their responses to all other paragraphs of the Second Amended Complaint.

49. Paragraph 49 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

50. Paragraph 50 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

51. Paragraph 51 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

52. Paragraph 52 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## CLAIMS

### COUNT 1

53. Defendants incorporate by reference their responses to all other paragraphs of the Second Amended Complaint.

54. Paragraph 54 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

55. Paragraph 55 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

56. Paragraph 56 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

57. Deny.

**Plaintiffs have standing to bring this claim.**

58. Paragraph 58 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

**Plaintiffs have a cause of action.**

59. Paragraph 59 purports to rely on and characterize court opinions, which speak for themselves, and otherwise constitutes Plaintiffs' conclusions of law; neither require a response. If a response is required, Defendants deny.

**The October 29 Memoranda are subject to judicial review.**

60. Paragraph 60, in part, purports to rely on and characterize a court opinion, which speaks for itself, and otherwise constitutes Plaintiffs' conclusions of law; neither require a response. If a response is required, Defendants deny.

61. Paragraph 61 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

62. Paragraph 62 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

**The October 29 Memoranda are final agency action.**

63. Paragraph 63, in part, purports to rely on and characterize court opinions, which speak for themselves, and otherwise constitutes Plaintiffs' conclusions of law; neither require a response. If a response is required, Defendants deny.

**Defendants failed to adequately consider how using its contiguous-territory return authority would allow them to avoid violations of the INA's clear detention mandate.**

64. Paragraph 64, in part, purports to rely on and characterize the October 29 Memoranda, which speak for themselves, and otherwise constitutes Plaintiffs' conclusions of law; neither require a response. If a response is required, Defendants deny.

65. Paragraph 65 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

66. Paragraph 66, in part, purports to rely on and characterize the October 29 Memoranda, which speak for themselves, and otherwise constitutes Plaintiffs' conclusions of law; neither require a response. If a response is required, Defendants deny.

**Defendants failed to adequately account for MPP's deterrent effect in reducing dangerous attempted illegal border crossings, as well as MPP's reduction of unmeritorious asylum claims.**

67. Paragraph 67, in part, purports to rely on and characterize the October 29 Memoranda, which speak for themselves, and require no response. Defendants deny the remaining allegations in Paragraph 67.

68. Paragraph 68, in part, purports to rely on and characterize the October 29 Memoranda and the Court's opinion, which speak for themselves, and require no response. Defendants deny the remaining allegations in Paragraph 68.

9

69. Paragraph 69 purports to rely on and characterize the October 29 Memoranda, which speak for themselves, and require no response. To the extent a response is required, Defendants deny.

70. Paragraph 70 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

71. Paragraph 71 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

**Defendants failed to adequately justify their changed factual determinations regarding *in absentia* removal orders.**

72. Paragraph 72 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

73. Paragraph 73 purports to rely on and characterize the June 1 and October 29 Memoranda, which speak for themselves, and require no response. To the extent a response is required, Defendants deny.

74. Paragraph 74 purports to rely on and characterize the October 29 Memoranda, which speak for themselves. The remaining allegations in this paragraph are conclusions of law, which similarly require no response. To the extent a response is required, Defendants deny.

75. Paragraph 75 purports to rely on and characterize the Court's opinion, which speaks for itself. The remaining allegations in this paragraph are conclusions of law, which similarly require no response. To the extent a response is required, Defendants deny.

**Defendants failed to adequately examine whether DHS's rescission of MPP is causing it to violate the limits on its parole authority.**

76. Paragraph 76 purports to rely on and characterize the Supreme Court's opinion, which speaks for itself, and requires no response. To the extent a response is required, Defendants deny.

77. Paragraph 77 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

78. Paragraph 78 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

79. Defendants admit that, as of the filing of the Second Amended Complaint, Defendants previously paroled and currently release tens of thousands of individuals per month. Defendants deny the remaining allegations in Paragraph 79.

80. Paragraph 80 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

**Defendants failed to adequately consider costs to States and their reliance interests.**

81. Paragraph 81 purports to rely on and characterize the October 29 Memoranda, which speak for themselves and require no response. Defendants deny the remaining allegations in Paragraph 81.

82. Paragraph 82 purports to rely on and characterize the October 29 Memoranda, which speak for themselves. The remaining allegations in this paragraph are conclusions of law and Plaintiffs' characterization of their arguments, which similarly require no response. To the extent a response is required, Defendants deny.

83. Paragraph 83 purports to rely on and characterize the October 29 Memoranda, which speak for themselves. The remaining allegations in this paragraph are conclusions of law, which similarly require no response. To the extent a response is required, Defendants deny.

84. Paragraph 84 purports to rely on and characterize the October 29 Memoranda, which speak for themselves and require no response. Defendants deny the remaining allegations in Paragraph 84.

85. Paragraph 85 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

86. Paragraph 86 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## DEMAND FOR RELIEF

Plaintiffs' Demand for Relief contains no factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the specific reliefs requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' Second Amended Complaint and as separate affirmative defenses, Defendants state as follows:

1. The Court lacks subject matter jurisdiction over Plaintiffs' Complaint.

2. Plaintiffs fail to establish a justiciable Article III case or controversy.

3. Plaintiffs lack standing for all of their claims.

4. Plaintiffs' Complaint and each cause of action therein fails to state a claim upon which relief may be granted.

5. Plaintiffs lacks a cause of action and cannot obtain review under the Administrative Procedures Act (APA).

6. Plaintiffs challenge decisions committed to agency discretion by law.

7. The Immigration and Nationality Act bars Plaintiffs from relief on their claims.

8. Plaintiffs' challenge is time-barred by the applicable statute of limitations for challenges to federal statutes and regulations.

9. Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud.

Defendants reserve the right to assert other defenses as this action proceeds up to, and including, the time of resolution of this case on the merits.

## DEFENDANTS' PRAYER FOR RELIEF

Defendants, having fully answered Plaintiffs' Second Amended Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Dated: May 15, 2023                  Respectfully submitted,

LEIGHA SIMONTON                      BRIAN M. BOYNTON
*United States Attorney*             *Principal Deputy Assistant Attorney General*

BRIAN W. STOLTZ                      WILLIAM C. PEACHEY
*Assistant United States Attorney*   *Director*
                                     Office of Immigration Litigation
                                     District Court Section

                                     EREZ REUVENI
                                     *Assistant Director*

                                     BRIAN C. WARD

13

*Senior Litigation Counsel*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

>/s/ *Joseph A. Darrow*
>JOSEPH A. DARROW
>U.S. Department of Justice