IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-067-Z |
| JOSEPH R. BIDEN, JR., *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is the parties' Joint Brief on Reinstatement of Migrant Protection Protocols ("Brief") (ECF No. 211), filed January 31, 2025. The parties filed the Brief in response to the Court's Order asking what effect the reinstatement of the Migrant Protection Protocols may have on the case. ECF No. 207. This case centers on Plaintiffs' APA challenge to the former Secretary of Homeland Security Alejandro Mayorkas's October 29, 2021, memorandum ending the Migrant Protection Protocols. ECF No. 211 at 1. But on January 21, 2025, the Department of Homeland Security reinstated the Migrant Protection Protocols. *See DHS Reinstates Migrant Protection Protocols, Allowing Officials to Return Applicants to Neighboring Countries*, DEP'T OF HOMELAND SEC. (Jan. 21, 2025), https://www.dhs.gov/news/2025/01/21/dhs-reinstates-migrant-protection-protocols [https://perma.cc/2NFU-FACJ].

Considering this, both parties request the Court hold the case in abeyance for 180 days "while incoming leadership at the Department of Homeland Security (DHS) assesses this case and how to proceed." ECF No. 211 at 1. "No party will be prejudiced by this abeyance because MPP has been reimplemented and will be operational during this period. *Id.* at 2.

The Court construes the Brief as a Motion to Stay. The parties' Motion is **GRANTED**. *See In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation . . . ."); *Hammoud v. Ma'at*, 49 F.4th 874, 882 n.42 (5th Cir. 2022) (en banc) (citing "the cardinal principle of judicial restraint [that] if it is not necessary to decide more, it is necessary not to decide more" (quoting *PDK Labs, Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring))). The Court therefore **STAYS** all proceedings and deadlines in this case until **July 30, 2025**.

The parties are **ORDERED** to file a status report **on or before July 30, 2025**. The parties may refile and reargue any motions following the submission of their status report. The Court **DIRECTS** the Clerk of the Court to administratively close this case.

SO ORDERED.

February 5, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE