IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | |
| Plaintiffs, | |
| v. | 2:21-CV-067-Z |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court are Defendants' Status Report (ECF No. 233), filed November 28, 2025, and Plaintiffs' Request for Leave to File Supplemental Brief (ECF No. 234), filed December 1, 2025. The Court construes Defendants' Status Report as a Motion to lift the stay that is currently in place in this case. For the following reasons, Defendants' Motion is **DENIED** and Plaintiffs' Request is **GRANTED**.

The Court is perplexed by Defendants' Status Report. The Status Report dedicates nearly two pages to recounting this case's factual and procedural history—with which the Court is already intimately familiar—before concluding with a short paragraph addressing the status of this case. That paragraph reads in its entirety:

> The parties have reached an agreement and have been conferring regarding the language of a joint status report. However, by 11:55 p.m. Central Time, on November 28, 2025, Defendants have not received any response from Plaintiffs regarding the final draft. Accordingly, to meet the Court's deadline, Defendants file this status report and propose that the Court lift the stay and proceed to adjudicate the fully briefed motions for summary judgment.

ECF No. 233 at 2. The final sentence of this paragraph caused the Court to construe the Status Report as a Motion to Lift Stay. But that makes little sense in light of the first sentence, which notes that "[t]he parties have reached an agreement" to resolve this case.

*Id.*; *see also* ECF No. 223 at 1 ("The Parties are continuing to confer on a possible resolution of this case."). It would also be unwise for the Court to expend judicial resources "adjudicat[ing] the fully briefed motions for summary judgment" in a case in which the parties have reached a settlement.[1] ECF No. 233 at 2. Accordingly, Defendants' Motion is **DENIED**.

Plaintiffs' Request, filed three days later on Monday, December 1, makes Defendants' Status Report appear even less sensible. Plaintiffs write that they "agreed [with Defendants] on the Joint Status Report, except that Plaintiffs sought to include in the Joint Status Report a request to the Court to permit the parties to file Supplemental Briefs in light of the significant legal and factual developments relevant to this case since the parties completed their briefing in October 2023." ECF No. 234 at 1. Because "Defendants declined to include that request in the Joint Status Report," Plaintiffs "now make that request separately." *Id.* Plaintiffs contend that a "Supplemental Brief limited to legal and factual developments relevant to this case since the last briefs filed by the parties in October 2023 would be helpful to the Court in deciding this case" and accordingly "request leave to file such a Supplemental Brief on or before December 19, 2025." *Id.* at 2. Plaintiffs note that they "have no objection to Defendants having leave to file such a Supplemental Brief by the same date." *Id.* The Court **GRANTS** Plaintiffs' Request.

CONCLUSION

Defendants' Motion is **DENIED** and Plaintiffs' Request is **GRANTED**. Both parties

---

[1] In a footnote, Defendants also write that this Court's "Order stated, 'Friday, November 28, 2025,' but Friday is November 29, 2025, and Thursday, November 28, 2025, is Thanksgiving." ECF No. 233 at 1 n.1. Defendants appear to have relied on a 2024 calendar: Last year, November 29 did fall on a Friday, and November 28 was indeed Thanksgiving. This year, however, Thanksgiving was on November 27—a Thursday—and the following day was Friday, November 28. Counsel are encouraged to reference a calendar corresponding to the current year before attempting to correct the Court.

2

may file supplemental briefing limited to legal and factual developments since October 2023 on or before **December 19, 2025.**

SO ORDERED.

December 5, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE