**FILED**
**September 20, 2022**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, <br> STATE OF MISSOURI, <br><br> *Plaintiffs,* <br><br> v. <br><br> JOSEPH R. BIDEN, JR., <br> in his official capacity as <br> President of the United States, *et al.*, <br><br> *Defendants.* | Civil Action No. 2:21-cv-00067-Z |

### DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION
### TO POSTPONE THE EFFECTIVE DATE OF AGENCY ACTION

Plaintiffs' Reply in support of their motion to postpone the effective date of the October 29, 2021 memorandum ending the Migrant Protection Protocols ("MPP") raises several new arguments in favor of a stay. None of these arguments has merit.

First, Plaintiffs argue that "courts routinely grant stays under Section 705 of agency rules … after the effective date of the action." Reply at 10. Notably, however, Plaintiffs are unable to cite a single district court case granting such a stay. As Defendants noted in their response in opposition to the motion, Section 705 does not create any new remedies a district court can provide, and in particular provides no authorization for staying an agency action that has already gone into effect. Opp. at 6-10, 14-17. Section 705 merely codified existing remedies, including primarily the ability of a court of appeals to stay an agency action pending direct review authorized by statute, similar to how courts of appeals can in certain circumstances stay a district court decision pending direct review. *Id*. at 8-10. Each of the cases Plaintiffs cite granting a stay fits that scenario. *See* Reply at 10, *citing West Virginia v. EPA*, 577 U.S. 1126 (2016) (direct petitions for review of agency actions to the court of appeals under statute permitting such review); *Wages & White Lion Invs., LLC v. United States FDA*, 16 F.4th 1130 (5th Cir. 2021) (petition for review filed directly with court of appeals challenging Food and Drug Administration decision and seeking stay pending review); *Texas v. United States EPA*, 829 F.3d 405, 417 (5th Cir. 2016) (petition for review filed directly with court of appeals under Clean Air Act provision stating such challenges "may be filed only in the United States Court of Appeals for the appropriate circuit").

Plaintiffs also cite *BST Holdings, L.L.C. v. Occupational Safety & Health Admin., United States Dep't of Labor*, 17 F.4th 604 (5th Cir. 2021), but that decision granted a stay as "injunctive relief" and does not mention 5 U.S.C. § 705 at all as the basis for the stay. *Id.* at 610 n.7. And, in any event, that challenge to an Occupational Safety and Health Administration standard was similarly brought under a statute providing "for direct and immediate review in 'the United States court of

appeals.'" *Id*. (quoting 29 U.S.C. § 655(f)). Plaintiffs also cite *Ctr. for Biological Diversity v. Regan*, No. CV 21-119 (RDM), 2022 WL 971067, at *21 (D.D.C. Mar. 30, 2022), but that case did not involve a request that the district court stay an agency action. Moreover, to the extent the court discussed stays under Section 705, the court noted that the legislative history indicated that the "authority granted" by Section 705 "is equitable," and that Congress "contemplated that parties might seek the equivalent of a preliminary injunction." *Id*. at *19. Plaintiffs fall back on this point, arguing that district courts still have "inherent authority" and that "Courts should 'not construe a statute to displace courts' traditional equitable authority absent the clearest command.'" Reply at 10 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013)). The problem with this argument is that, to the extent Section 705 is read to preserve a district court's authority to grant equitable relief, Section 1252(f)(1) expressly removes that authority here, as the Supreme Court has held. Opp. at 6-8. Plaintiffs last cite *Nken v. Holder*, 556 U.S. 418, 426 (2009), which provided that a court of appeals could stay a removal order pending direct review, Reply at 11, but that case says nothing about Section 1252(f)(1) or a district court's authority to restrain agency action from taking effect pending review, and it is distinguishable from this case for the other reasons previously noted, Opp. at 11.

Even if the Court could, as Plaintiffs urge, grant a stay to preserve the status quo, the memorandum they challenge took effect long ago. The status quo therefore is that MPP has ended, and the guidance implementing MPP has been rescinded by the October 29, 2021 memorandum immediately directing that result. *See* Reply at 15. Any relief altering that status quo, and preventing the agency from discontinuing its use of MPP, would in effect be no different than granting injunctive relief, which is barred in this case by Section 1252(f)(1). Reply at 11-12. Plaintiffs argue that a stay would not violate Section 1252(f)(1)'s bar to relief that would "restrain" the agency's implementation of the covered provisions because the word restrain applies only to temporary restraining orders, Reply at 12, but as the Supreme Court has explained, the meaning of "restrain" is not so limited. Opp. at 12-13. Plaintiffs also argue that a stay "does not have a coercive effect" and leaves the agencies "free to

2

undertake the identical action anew." Reply at 13. But they do not dispute that a stay would prevent the agency from relying on the October 29 memorandum, which is practically equivalent to an injunction compelling the agency to rescind or stop implementing the memorandum. Thus, even if it were appropriate to expand Section 705 authority to permit stays of programmatic policy decisions rather than agency adjudications, those stays can have coercive effect, and thus fall under Section 1252(f). *See Garland v. Aleman Gonzalez*, 142 S. Ct. 2057, 2063 (2022) (explaining that Section 1252(f)(1) reaches orders that would "check, hold back, or prevent" agency "from some course of action" or "prevent" agency "from doing something" or "inhibit" particular actions).[1]

Finally, there is no merit to Plaintiffs' new argument that the effective date of the October 29 memorandum has not yet passed because it has not been published in the Federal Register. Reply 11-12. Plaintiffs cite 5 U.S.C. § 553(c)-(d), but Section 553 governs the publication of proposed rules undergoing notice-and-comment rulemaking. The October 29 memorandum was not a product of notice-and-comment rulemaking, nor was such rulemaking required, as Plaintiffs implicitly concede by not asserting notice-and-comment claims, so these provisions are irrelevant here. *See, e.g.*, *Innovation Law Lab v. McAleenan*, 924 F.3d 503, 509 (9th Cir. 2019) (describing MPP as general statement of policy exempt from the notice-and-comment requirements under 5 U.S.C. § 553(b)(A)). Moreover, Plaintiffs' argument proves too much. If Plaintiffs were correct that the October 29 memorandum ending MPP has not gone into effect because it is a substantive

---

[1] To the extent the Court disagrees, some courts have found, at least in the context of stays of agency actions—like a removal order—authority to issue sanctions or hold in contempt a party that violates a stay order. *See, e.g.*, *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018) (noting possibility of sanctioning DHS for taking action that would violate order temporarily staying such action); *Vasquez v. Aviles*, 639 F. App'x 898, 902-03 (3d Cir. 2016) (discussing civil contempt in the context of an argument that an agency violated a stay of removal); *see also* Order, *Guerra-Castaneda v. Barr*, No. 19-1736 (1st Cir. Sept. 14, 2019) (ordering government to brief why it "should not be held in contempt" for violating court's "stay order"). Defendants disagree that contempt sanctions are permissible in this context, but the fact that some courts have considered such sanctions lends further support to the conclusion that stays have coercive effect and are prohibited by Section 1252(f)(1).

rule that is subject to the publication and other rulemaking requirements of Section 553(d), then MPP itself, which never went through notice-and-comment rulemaking under Section 553, also never went into effect, eliminating the basis for all of Plaintiffs' claims. And Plaintiffs' argument that statements of policy have no effect until 30 days after publication in the Federal Register would mean that thousands of such statements would have no legal effect because of lack of publication under Section 553 even though they are specifically exempt from that section. *See* 5 U.S.C. § 553(d)(2) (exempting "interpretive rules and statements of policy" from Section 553's publication requirements); *see also* § 553(b)(A).[2]

---

[2] Plaintiffs also cite cases for the proposition that the date an agency action takes effect may be different than the effective date for purposes of postponing the "effective date" under Section 705, but those cases dealt with specific statutory provisions that are not at issue here, and, in any event, under that line of cases the "effective date" remains the date of "issuance," even if the agency action does not become operative until some later date. *See, e.g.*, *Liesegang v. Sec'y of Veterans Affs.*, 312 F.3d 1368, 1376 (Fed. Cir. 2002).

Dated: September 16, 2022　　　　　Respectfully submitted,

CHAD E. MEACHAM　　　　　　　　BRIAN M. BOYNTON
*United States Attorney*　　　　　　　*Principal Deputy Assistant Attorney General*

BRIAN W. STOLTZ　　　　　　　　　WILLIAM C. PEACHEY
*Assistant United States Attorney*　　　*Director*
　　　　　　　　　　　　　　　　　　Office of Immigration Litigation
　　　　　　　　　　　　　　　　　　District Court Section

　　　　　　　　　　　　　　　　　　EREZ REUVENI
　　　　　　　　　　　　　　　　　　*Assistant Director*

　　　　　　　　　　　　　　　　　　JOSEPH A. DARROW
　　　　　　　　　　　　　　　　　　*Trial Attorney*

　　　　　　　　　　　　　　　　　　/s/ *Brian C. Ward*
　　　　　　　　　　　　　　　　　　BRIAN C. WARD
　　　　　　　　　　　　　　　　　　*Senior Litigation Counsel*
　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　Office of Immigration Litigation
　　　　　　　　　　　　　　　　　　District Court Section
　　　　　　　　　　　　　　　　　　P.O. Box 868, Ben Franklin Station
　　　　　　　　　　　　　　　　　　Washington, DC 20044
　　　　　　　　　　　　　　　　　　Tel.: (202) 616-9121
　　　　　　　　　　　　　　　　　　Email: brian.c.ward@usdoj.gov


　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I electronically filed this document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice