IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS AND THE STATE OF MISSOURI, <br><br> *Plaintiffs,* <br><br> v. <br><br> DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants.* | CASE NO. 2:21-CV-00067-Z |

**BRIEF IN SUPPORT OF PLAINTIFFS' RE-URGED
MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's Order on December 31, 2025, ECF No. 238, Plaintiffs the State of Texas and the State of Missouri submit this motion to re-urge their Motion for Summary Judgment.

For completeness and convenience to the Court, Plaintiffs adopt by reference the following briefs previously filed by Plaintiffs, and incorporate the contents as if fully set forth herein:

- ECF No. 149, Plaintiffs' Motion to Postpone the Effective Date of Agency Action, originally filed 08/08/2022 (attached as Exhibit A).

- ECF No. 168, Plaintiffs' Motion to Postpone the Effective Date of Agency Action, originally filed 09/09/2022 (attached as Exhibit B).

- ECF No. 175, Plaintiffs' Sur-Surreply in Support of their Motion to Postpone the Effective Date of Agency Action, originally filed 09/20/2022 (attached as Exhibit C).

- ECF No. 204, Plaintiff States' Supplemental Brief, originally filed 09/15/2023 (attached as Exhibit D).

- ECF No. 206, Plaintiff States' Supplemental Response Brief, originally filed 10/06/2023 (attached as Exhibit E).

- ECF No. 237, Plaintiffs' Supplemental Brief Regarding Developments Since 2023, originally filed 12/19/2025 (attached as Exhibit F).

TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................................... iii

Introduction ..................................................................................................................................1

Background ..................................................................................................................................1

Argument ...................................................................................................................................... 4

    I.   Plaintiff States Had, and Still Have, Standing to Bring an APA Challenge to the October 29 Memoranda. .................................................................................................................... 4

    II.  The October 29 Memoranda Are Invalid Under the APA as Arbitrary and Capricious. .. 5

    III. Nationwide Vacatur of the October 29 Memoranda is an Appropriate Remedy for Arbitrary and Capricious Agency Action under § 706 of the APA. ........................................ 9

    IV. 8 U.S.C. § 1252(f)(1) Does Not Disturb This Court's Jurisdiction to Grant Relief Under the APA. ..............................................................................................................................10

Conclusion ................................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Biden v. Texas*,
  142 S. Ct. 2528 (2022) ..................................................................................................3, 5, 8

*Biden v. Texas*,
  142 S. Ct. 926 (2021) ................................................................................................................3

*Cargill v. Garland*,
  57 F.4th 447 (5th Cir. 2023) ...................................................................................................10

*Carr v. Alta Verde Indus., Inc.*,
  931 F.2d 1055 (5th Cir. 1991) ..................................................................................................5

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
  140 S. Ct. 1891 (2020) ............................................................................................................10

*Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*,
  47 F.4th 408 (5th Cir. 2022) .....................................................................................................5

*FCC v. Prometheus Radio Project*,
  141 S. Ct. 1150 (2021) ..............................................................................................................6

*First Baptist Church of Iowa v. Church Mut. Ins. Co.*,
  No. 24-30720, 2025 U.S. App. LEXIS 14824 (5th Cir. 2025) ..................................................5

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024) .........................................................................................................6, 7, 9

*Lujan v. Defs. Of Wildlife*,
  504 U.S. 555 (1992) ..................................................................................................................4

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
  463 U.S. 29 (1983) ....................................................................................................................6

*Sw. Elec. Power Co. v. EPA*,
  920 F.3d 999 (5th Cir. 2019) .....................................................................................................6

*Texas v. Biden*,
  10 F.4th 538 (5th Cir. 2021) (*per curiam*) .................................................................................3

*Texas v. Biden*,
  20 F.4th 928 (5th Cir. 2021) ............................................................................................3, 4, 5, 7

*Texas v. Biden*,
  646 F. Supp. 3d 753 (N.D. Tex. 2022) ..........................................................................1, 3, 4, 5

*Texas v. United States*,
    123 F.4th 392 (5th Cir. 2025) ................................................................................................ 11

*Texas v. United States*,
    126 F.4th 392 (5th Cir. 2025) .................................................................................................. 5

*Texas v. United States*,
    40 F.4th 205 (5th Cir. 2022) .................................................................................................. 10

*Texas v. United States*,
    50 F.4th 498 (5th Cir. 2022) .................................................................................................. 10

*Trump v. CASA, Inc.*,
    606 U.S. 831 (2025) .............................................................................................................. 10

*United States v. Matthews*,
    312 F.3d 652 (5th Cir. 2002). .................................................................................................. 5

*Univ. of Tex. M.D. Anderson Cancer Ctr. v. HHS*,
    985 F.3d 472 (5th Cir. 2021) ................................................................................................... 6

*V.I. Tel. Corp. v. FCC*,
    444 F.3d 666 (D.C. Cir. 2006) .............................................................................................. 10

**Statutes**

5 U.S.C. § 706(2) ......................................................................................................................6, 10

5 U.S.C. § 706(2)(A) ...................................................................................................................... 9

8 U.S.C. § 1225(b)(2)(A) ............................................................................................................... 2

8 U.S.C. § 1225(b)(2)(C) ............................................................................................................... 2

**Rules & Regulations**

86 Fed. Reg. 8269 (2021) ............................................................................................................... 2

## INTRODUCTION

As of December 15, 2022, this Court has ordered a stay of the Biden-era October 29 Memoranda, which were intended to terminate the Migrant Protection Protocols (MPP) established under President Trump, and this Court's stay of those memoranda has remained in effect to this day. *See* Opinion and Order 35, ECF No. 178; *Texas v. Biden*, 646 F. Supp. 3d 753 (N.D. Tex. 2022).

The parties have previously filed briefs (ECF Nos. 149, 163, 168, 173, and 175) which this Court had chosen to construe as summary judgment briefing (*see* ECF No. 201), and later, the parties briefs supplementing those previously filed motions (ECF Nos. 203, 204, 205, 206). Subsequently, in light of the changing administration at DHS reinstating the MPP, the case was administratively closed on February 5, 2025. Order 1–2, ECF No. 213. Because this closure had left the Court with no motions pending before it, the Court has requested the parties to reurge their motions for summary judgment. Order 1–2, ECF No. 238.

Pursuant to this request, Plaintiff States now file this motion to reurge summary judgment in favor of Plaintiffs, and ask this Court to hold that the October 29 Memoranda are arbitrary and capricious, and therefore, subject to vacatur under Section 706 of the Administrative Procedure Act. To reduce duplicate writing, and for the convenience of the Court, Plaintiffs attach the previous motions mentioned above as exhibits, and incorporate them by reference as if fully set forth herein, for the purposes of summary judgment.

## BACKGROUND

A full recounting of the complex and winding history of this case from this Court to the Fifth Circuit, up to the Supreme Court, and back to this Court (as this Court describes it: "there and back again") can be found in this Court's December 15, 2022 Opinion and Order. Opinion and Order 1, ECF No. 178; *see also Texas v. Biden*, 646 F. Supp. 3d 753 (N.D. Tex. 2022) (same). Plaintiffs likewise provided such background in their first motion to be treated as part of the

Summary Judgment proceedings before this Court. ECF No. 149 at 6–11 (Ex. A). The following is a low-resolution summary of the most critical events leading to the present.

On December 20, 2018, the Department of Homeland Security announced the Migrant Protection Protocols (MPP), a program created in response to an immigration surge at the southern border of the United States, which in turn had resulted in a humanitarian and border security crisis. ECF No. 94 at 7. Because federal immigration officials were then encountering approximately two-thousand inadmissible aliens each day, MPP provided that certain non-Mexican nationals entering the U.S. from Mexico by land would be returned to Mexico to await the outcome of their removal proceedings under 8 U.S.C. § 1229a, and Mexico agreed to cooperate in the administration of the program temporarily. ECF No. 94 at 8.

MPP is expressly authorized by congress in the Immigration and Nationality Act (INA): "[i]n the case of an alien . . . who is arriving on land (whether or not at a designated port of arrival) from a foreign territory contiguous to the United States, the Attorney General may return the alien to that territory pending a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(C). The INA likewise provides that if "an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A).

Despite the success and clear statutory validity of MPP, following the election and inauguration of President Biden, the Acting Secretary of DHS attempted to terminate MPP, writing that "[e]ffective January 21, 2021, the Department will suspend new enrollments in [MPP] pending further review of the program. Aliens who are not already enrolled in MPP should be processed under other existing legal authorities." ECF No. 94 at 15. Additionally, President Biden's Executive Order No. 14010 directed the new Secretary of Homeland Security, Alejandro N. Mayorkas, to "promptly review and determine whether to terminate or modify the [MPP] program." 86 Fed. Reg. 8269 (2021). Secretary Mayorkas issued a memorandum officially terminating MPP, noting "that MPP [d]oes not adequately or sustainably enhance border

2

management in such a way as to justify the program's extensive operational burdens and other shortfalls." ECF No. 94 at 16. Plaintiffs, the States of Texas and Missouri, brought the present lawsuit to challenge the suspension of MPP. ECF No. 1. This was amended to challenge the later June memorandum which sought to terminate MPP entirely. ECF No. 48. This Court vacated Defendants' decision to terminate MPP as arbitrary and capricious, as well as being contrary to the detention requirements of 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). ECF No. 94 at 34–42, *Texas v. Biden*, 646 F. Supp. 3d 753. Defendants appealed for a stay to the Fifth Circuit, and then the Supreme Court, both of which were denied. *See Texas v. Biden*, 10 F.4th 538, 543–561 (5th Cir. 2021) (*per curiam*); *Biden v. Texas*, 142 S. Ct. 926, 926 (2021) (denying stay).

Then, only two days before merits argument before the Fifth Circuit, DHS issued two memoranda which became known in this case as the "October 29 Memoranda," which both declared the termination of MPP and purported to justify this action. ECF No. 149 at 8. The Fifth Circuit rejected the argument that the October 29 Memoranda mooted this case, and also affirmed this Court's ruling on the merits. *Id.*; *Texas v. Biden*, 20 F.4th 928, 956–66, 998–1000 (5th Cir. 2021) ("*Biden II*"). The Supreme Court held on appeal that the permanent injunction granted by this Court was barred under 8 U.S.C. § 1252(f)(1), and that the termination of MPP did not itself violate the mandatory detention requirements of 8 U.S.C. § 1225(b)(2)(A). *Biden v. Texas*, 142 S. Ct. 2528, 2539, 2542 (2022) ("*Biden III*"). The Court also found that the October 29 Memoranda constituted final agency action which superseded the June 1 Memorandum. *Id.* at 2544. Importantly, however, the Supreme Court did not foreclose a challenge to the October 29 Memoranda under the APA as arbitrary and capricious agency action; Justice Kavanaugh, in a concurrence, stated that "[o]n remand, the District Court should consider in the first instance whether the October 29 Memoranda comply with section 706 of the APA." *Id.* at 2549 (Kavanaugh, J., concurring). So, Plaintiffs brought such a challenge. ECF No. 149 at 10.

This Court, in reviewing Plaintiff States' Motion to Postpone the Effective Date of Agency Action (ECF No. 149, attached hereto as Ex. A), granted the Plaintiff States' Motion and stayed

3

the October 29 Memoranda. Opinion and Order 1, ECF No. 178; *see also Texas v. Biden*, 646 F. Supp. 3d 753 (N.D. Tex. 2022) (same).

As recapitulated in Plaintiffs' Supplemental Brief Regarding Developments Since 2023, in its order the staying the October 29 Memoranda, this Court found 1) that Plaintiffs have standing; 2) Plaintiffs asserted a valid cause of action; 3) 8 U.S.C. § 1252(f)(1) does not bar jurisdiction; 4) Plaintiffs are likely to prevail on the merits; 5) the balance of the equities are in the Plaintiff States' favor and relief is in the public interest; and 6) the court's remedy need not be geographically limited. *See* Plaintiffs' Supplemental Brief Regarding Developments Since 2023 at 1–2, ECF No. 237 (*citing Texas v. Biden*, 646 F. Supp. 3d 753 (N.D. Tex. 2022)).

## ARGUMENT

Plaintiffs request that this Court grant summary judgment in favor of Plaintiff States and vacate the October 29 memoranda under Section 706 of the Administrative Procedure Act.

### I. Plaintiff States Had, and Still Have, Standing to Bring an APA Challenge to the October 29 Memoranda.

In this case, courts including this Court, the Fifth Circuit, and the Supreme Court have all found that Plaintiff States retain standing to challenge the October 29 Memoranda, even following new developments. *See, e.g., Texas v. Biden*, 20 F.4th 928, 955-56 (5th Cir. 2021) (rejecting Defendants' theory that final agency action could be un-finalized by subsequent events, and thus deprive plaintiffs of standing). Plaintiff States have made their case for standing in full in ECF No. 149 at 21 (Ex. A), ECF No. 168 at 8–10 (Ex. B), ECF No. 204 at 9–14 (Ex. D), ECF No. 206 at 3–9 (Ex. E), and ECF No. 237 at 2–4 (Ex. F).

Plaintiff States meet the traditional elements of standing of 1) a concrete and particularized injury in fact; 2) an injury fairly traceable to the challenged action of the defendant; 3) that is likely to be redressed by a favorable decision. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (detailing the elements of standing); ECF No. 94 at 21–26 (explaining Plaintiffs' meeting requirements for standing).

This Court, as well as the Fifth Circuit, have already determined that Plaintiff States have standing to challenge the October 29 Memoranda several times over, and this finding was not overruled by the Supreme Court. *Biden II*, 20 F.4th 928, 946; *Biden III*, 142 S. Ct. at 2546. This previous standing determination is the "law of the case." *Texas v. Biden*, 646 F. Supp. 3d 753 (ECF No. 94) at 8; *see also Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 47 F.4th 408, 416 (5th Cir. 2022).

Additionally, "standing is determined as of the date of the filing of the complaint, and subsequent events do not deprive the court of its jurisdiction." *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991). This is further bolstered by the Fifth Circuit's decision in the DACA case, *Texas v. United States*, 126 F.4th 392 (5th Cir. 2025), wherein the Court found that injuries affirmed in a previous ruling were law of the case unless the Supreme Court made a finding to the contrary. *Id.* at 405–06 & n.12.

Moreover, the "mandate rule" compels the finding that the Plaintiff States have standing. Here, the Supreme Court remanded the present case with instructions for remand to consider "whether the October 29 Memoranda compl[ies] with Section 706 of the APA," (*Biden III*, 142 S. Ct. 2528, 2548 (2022)) and notably, did not order this Court to reexamine standing. The mandate rule "requires a district court on remand to effect [the] mandate and do nothing else." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). And the Fifth Circuit has reaffirmed the mandate rule alongside law of the case as recently as 2025. *See First Baptist Church of Iowa v. Church Mut. Ins. Co.*, No. 24-30720, 2025 U.S. App. LEXIS 14824, at *6–7 (5th Cir. 2025).

Since neither the Fifth Circuit nor the Supreme Court have disturbed this Court's previous findings of standing, this Court should once more find that the Plaintiff States have standing.

## II. The October 29 Memoranda Are Invalid Under the APA as Arbitrary and Capricious.

The October 29 Memoranda constitute arbitrary and capricious agency action under the Administrative Procedure Act. Plaintiffs have forwarded this argument in various forms in ECF No. 149 at 12–21 (Ex. A), ECF No. 204 at 22–30 (Ex. D), ECF No. 206 at 10–11 (Ex. E), and ECF

5

No. 237 at 7–9 (Ex. F). Note that, while some of the arguments in ECF No. 149 were successfully made in pursuit of the remedy of postponing the effective date of agency action (under Section 705 of the APA, rather than Section 706), the same arguments may still be applied in pursuit of the remedy of vacatur—and this Court has already elected to treat those arguments in such a manner. *See* ECF No. 201 ("The Court will consider the parties' previously filed briefs related to Plaintiffs' Motion to Postpone the Effective Date of Agency Action . . . as summary judgment briefing."). And, indeed, the Court already found that the Plaintiffs were likely to succeed on the merits, finding that the October 29 Memoranda were likely arbitrary and capricious on each of the five bases argued by the State Plaintiffs, and subsequently, ordered a stay of the October 29 Memoranda previously. ECF No. 178 at 35. A summary of the arguments in favor of vacating the October 29 Memoranda is laid out below.

      A court's review of whether agency action was arbitrary and capricious "is not toothless." *Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1013 (5th Cir. 2019). Courts have a duty to "hold unlawful and set aside agency action[s]" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). While a reviewing court should not "substitute" its "own policy for that of the agency" and must review agency action with some deference, the agency action must still "be reasonable and reasonably explained." *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021). Agencies must examine data which are relevant, and provide satisfactory explanations which demonstrate a "rational connection between the facts found and the choice made."' *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). And courts "must set aside any action premised on reasoning that fails to account for relevant factors or evinces a clear error of judgment." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. HHS*, 985 F.3d 472, 475 (5th Cir. 2021) (quotation omitted).

      Importantly, with the overturning of "*Chevron* Deference" in 2024, courts must exercise their authority to determine whether an agency's action is within the statutory boundaries established for it. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024). And, with the

overturning of Chevron, courts are no longer required to defer to agency interpretations when a statute is ambiguous. *Id.* Because this Court found previously that the October 29 Memoranda were arbitrary and capricious even where it applied then-standing *Chevron* Deference, such as when examining the October 29 Memoranda's interpretation of 8 U.S.C. § 1182(d)(5)(A), the overturning of *Chevron* in favor of less judicial deference only further urges a ruling in favor of Plaintiff States. *See* ECF No. 178 at 22–26 (using *Chevron* to assess the October 29 Memoranda's interpretation of DHS parole authority under 8 U.S.C. § 1182(d)(5)(A)).

First, the Defendants failed to adequately consider how using their contiguous-territory return authority would allow them to avoid violating the INA's detention mandate. Under 8 U.S.C. § 1225(b)(2)(A), aliens "seeking admission [who are] not clearly and beyond a doubt entitled to be admitted . . . shall be detained for a proceeding under section 1229a of this title." This Court has already determined that Section 1225's detention language constitutes a mandatory requirement. ECF No. 94 at 42–44. The Fifth Circuit has likewise determined that the "shall be detained" language is "obviously a mandatory statutory command—not a commitment to agency discretion." *Biden II*, 20 F.4th 928, 978 (2021). Because the October 29 Memoranda, in terminating MPP, failed to account for DHS no longer being able to meet the requirements of Section 1225, and misinterpreted the requirement, this Court previously found that the termination of MPP was arbitrary and capricious. ECF No. 178 at 20–22.

Second, Defendants failed to account for MPP's deterrent effect of reducing the number of attempted illegal border crossings, as well as reducing unmeritorious asylum claims seen under the MPP. While Defendants conceded in the October 29 Memoranda that MPP was effective in decreasing the flow of migration, the memoranda failed to consider the hardships faced by aliens while making the journey to the Southern Border, and instead relied on the presumptions and intuitions of the Secretary of State. ECF No. 178 at 26–27. Likewise, Defendants failed to consider MPP's impact on human trafficking, instead relying on tangential data to downplay the benefits of

7

MPP. *Id.* at 18. This Court therefore found that the agency action was arbitrary, failing to make a "rational connection between the facts found and the choices made." *Id.* at 27–28.

Third, the Defendants failed to adequately justify their changed factual determinations regarding *in absentia* removal orders. The October 29 Memoranda insufficiently explained their interpretation of the statistics they examined: observing that a far greater percentage of aliens enrolled in MPP were subject to *in absentia* orders than those not processed through MPP, Defendants simply asserted that MPP was deterring too many meritorious claims, but failed to consider the benefit of deterring meritless claims, and failed to provide proper evidence to support this claim. ECF No. 178 at 29. This Court found that a failure to conduct an appropriate cost-benefit analysis of MPP indicated a failure to make a reasoned determination in the memoranda to terminate MPP. *Id.* at 30.

Fourth, Defendants failed to adequately examine whether DHS's recission of MPP had caused it to violate the limits upon its parole authority. While it is true that the INA expressly authorizes DHS to process applicants by paroling them, the Supreme Court noted in this case that such "authority is not unbounded: DHS may exercise its discretion to parole applicants 'only on a case-by-case basis for urgent humanitarian reasons or significant public benefit.'" *Biden III*, 142 S. Ct. at 2543 (quoting 8 U.S.C. § 1182(d)(5)(A)). The Court added that such discretion under the APA must be reasonable and reasonably explained, given the statutory framework of the INA. *Id.* (citing *State Farm*, 463 U.S. 29). This Court has previously determined that the termination of MPP had forced Defendants to "release and parole aliens into the United States because [Defendants] simply do not have the resources to detain aliens as mandated by statute. ECF No. 94 at 17. And this Court also found that the October 29 Memoranda's purported justification for allowing parole as being limitless was insufficient to justify determining that the government was in fact making parole determinations on a case-by-case basis as required. ECF No. 178 at 22–26. Even after applying the *more* deferential and now-overruled *Chevron* deference to the October 29 Memoranda's interpretation of parole authority under 8 U.S.C. § 1182(d)(5)(A), this Court found

8

that the agency could not rest upon past practice on an incorrect interpretation, and that "[a]pplying *Chevron* deference does not change Section 1182(d)(5)(A)'s requirements." *Id.* at 24–26; *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024) (holding that "*Chevron* is overruled" and establishing a less deferential standard for courts reviewing agency action under the APA.). Ultimately, the Court found the memoranda arbitrary and capricious in regard to its interpretation of the limits of its parole authority, and that "the October 29 Memoranda likely fail to adequately consider the relevant costs and benefits of MPP." ECF No. 178 at 26.

Finally, Defendants failed to adequately consider the costs to States and their reliance interests when terminating MPP. This Court found that the memoranda "devote[d] little consideration of the cost to States and their reliance interests." ECF No. 178 at 30 (*citing* ECF No. 162 at 46–48). This Court took notice of the absence of considerations of the short- and long-term impacts on the states that would result from terminating MPP, such as by cost-benefit analysis. *Id.* at 30–31. Likewise, the argument that termination of MPP is permissible because MPP was discretionary is not persuasive; agencies must also consider reliance interests, such as those of the States, before terminating programs. *Id.* at 31–32. The Court further found that the Plaintiff States, and Texas in particular, "shoulder much of the burden of unlawful immigration," further bolstering Plaintiffs' reliance interest in MPP's continuation. *Id.* at 32. As such, the Court found that the October 29 Memoranda's "[f]ailure to adequately consider the costs imposed on States and their reliance interests likely constitutes arbitrary and capricious decisionmaking." *Id.* at 33.

### III. Nationwide Vacatur of the October 29 Memoranda is an Appropriate Remedy for Arbitrary and Capricious Agency Action under § 706 of the APA.

This Court may properly provide remedy to Plaintiff States by vacating the October 29 Memoranda as arbitrary and capricious action. This has been discussed at greater length in ECF No. 204 at 22–30 (Ex. D), ECF No. 206 at 10–11 (Ex. E), and ECF No. 237 at 9 (Ex. F).

To begin, the Administrative Procedure Act itself provides that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

9

Courts are able to "hold unlawful and set aside agency action" by vacatur. 5 U.S.C. § 706(2); *see also V.I. Tel. Corp. v. FCC*, 444 F.3d 666, 671 (D.C. Cir. 2006) ("'[s]et aside' usually means 'vacate.'"). "[V]acatur of an agency action is the default rule in this Circuit." *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (en banc). Consistent with this, the Supreme Court has affirmed lower court decisions which have vacated administrative action. *See, e.g., Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1901 & 1916 n.7 (2020).

Critically, the Supreme Court's recent ruling in *Trump v. CASA*, 606 U. S. 831 (2025), does nothing to limit this Court's ability to provide the remedy of nationwide vacatur. The court explicitly states that the limitations upon nationwide injunctions recognized in the case *does not* apply to APA vacatur: "Nothing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action. *See* 5 U.S.C. § 706(2) (authorizing courts to "hold unlawful and set aside agency action")." *Trump v. CASA, Inc.*, 606 U.S. 831, 847 n.10 (2025). As such, vacatur of agency action remains an appropriate remedy when a court finds the action to be unlawful or arbitrary and capricious, even after *CASA*. As such, this Court should find the October 29 Memoranda to be unlawful under the APA, and vacate the memoranda.

### IV. 8 U.S.C. § 1252(f)(1) Does Not Disturb This Court's Jurisdiction to Grant Relief Under the APA.

To quickly dismiss arguments to the contrary, Plaintiffs note that 8 U.S.C. § 1252(f)(1) does not deprive this Court of jurisdiction to grant the relief requested (vacatur of the MPP under the APA). It is true that 8 U.S.C. § 1252(f)(1) would disallow this Court from issuing an *injunction*. However, an injunction and vacatur are different in many critical ways: injunctions operate *in personam*, vacatur does not; injunctions are extraordinary remedies, vacatur is not, and requires lesser showings. *See* ECF No. 204 at 27–29 (Ex. D) (discussing the difference between injunction and vacatur). And, critically, the Court has previously concluded that Section 1252(f)(1) does not prohibit vacatur under Section 706, as the Fifth Circuit decided in *Texas v. United States*, 40 F.4th 205, 219–20 (5th Cir. 2022) and *Texas v. United States*, 50 F.4th 498, 528 (5th Cir. 2022) ("As an

10

initial matter, § 1252(f)(1) does not apply to vacatur."). Further, the Fifth Circuit has reaffirmed its holding regarding § 1252(f)(1), reiterating that the theory that this section could prevent vacatur has already been rejected. *Texas v. United States,* 123 F.4th 392, 419 (5th Cir. 2025). So, 8 U.S.C. § 1252(f)(1) does nothing to prevent this Court from granting vacatur of the MPP under the APA.

## CONCLUSION

The Court should grant summary judgment in favor of Plaintiff States' claim that the October 29 Memoranda terminating MPP are arbitrary and capricious, and should issue declaratory relief to that effect vacating the October 29 Memoranda.

Date: January 16, 2026 　　　　　　　　　　　Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division

*/s/ David Bryant*
**DAVID BRYANT**
*Attorney-in-Charge*
Senior Special Counsel
Texas Bar No. 03281500

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
David.bryant@oag.texas.gov
Munera.al-fuhaid@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

**CATHERINE HANAWAY**
Attorney General of Missouri

**LOUIS J. CAPOZZI III**
Solicitor General

/s/ Joseph Kiernan
**JOSEPH KIERNAN**
Assistant Solicitor General
Texas Bar No. 24144241

**MISSOURI ATTORNEY GENERAL'S OFFICE**
815 Olive St, Suite 200
St. Louis, MO 63101
Phone: (314) 340-7366
joseph.kiernan@ago.mo.gov

**COUNSEL FOR THE STATE OF MISSOURI**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 16, 2026 and that all counsel of record were served by CM/ECF.

　　　　　　　　　　　　　　　　　　　　　*/s/ David Bryant*
　　　　　　　　　　　　　　　　　　　　　**DAVID BRYANT**