IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STATE OF TEXAS, *et al.*,

    Plaintiffs,

v.

                                    2:21-CV-067-Z

DONALD J. TRUMP, *et al.*,

    Defendants.

## FINAL JUDGMENT

Before the Court are Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Motion") (ECF No. 247), filed January 16, 2026, and Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 245), filed the same date. For the following reasons, the Court **GRANTS** Plaintiffs' Motion and **DENIES** Defendants' Motion. The October 29 Memoranda are **VACATED**.

### BACKGROUND

In its December 15, 2022 Order granting Plaintiffs' Motion to Postpone the Effective Date of Agency Action, the Court recounted this case's "complex procedural history." *Texas v. Biden*, 646 F. Supp. 3d 753, 761 (N.D. Tex. 2022); *see also id.* at 761–64 (describing this case's background). In sum, the Court found that "Plaintiffs satisf[ied] all four" Section 705 stay factors and accordingly granted Plaintiffs' motion to stay the October 29 Memoranda, two letters in which Department of Homeland Security Secretary Alejandro Mayorkas purported to "terminat[e]" the Migrant Protection Protocols ("MPP"). *Id.* at 763, 771. Since then, the October 29 Memoranda have remained stayed—or, in APA parlance, "the effective date of [this] agency action" has remained "postponed." 5 U.S.C. § 705.

In the intervening three-and-a-half years, the White House changed hands. But unlike other high-profile litigation, this case finds the Trump administration *defending*—if half-heartedly[1]—the Biden administration's decision to terminate MPP.

ANALYSIS

For the reasons stated in the Court's December 15, 2022 Order, the Court finds that Plaintiffs have demonstrated success on the merits of their claims. Plaintiffs' Motion is therefore **GRANTED**, and the October 29 Memoranda are **VACATED** to the extent the Court found the Memoranda to be unlawful in its prior Order. 5 U.S.C. § 706(2) (authorizing federal courts to "hold unlawful and set aside agency action").

Further, because the Fifth Circuit has held that "APA vacatur is 'not party-restricted,'" Defendants may not apply the [October 29 Memoranda] to anyone—including individuals and organizations who are not parties to this case."[2] *Texas v. ATF*, No. 2:24-CV-089, 2026 WL

---

[1] The Biden-era Department of Justice first filed an interlocutory appeal on February 13, 2023. ECF No. 184. Five months later, on July 17, 2023, the Fifth Circuit granted DOJ's unopposed motion to dismiss that appeal. ECF No. 200. Then in late January 2025—now nearly eighteen months ago—the parties asked the Court to "hold this case in abeyance for 180 days" after the Trump administration's "announcement of the reinstatement of the Migrant Protection Protocols." ECF No. 211 at 1. The Court agreed, staying this case until July 30, 2025. ECF No. 213.

Since then, the Court has granted a series of motions to continue the stay in this case. ECF Nos. 227, 230, 232. Even after the Court lifted the stay on December 31, 2025, DOJ simply recycled their summary judgment brief from September 2023, *see* ECF No. 245 (duplicating ECF No. 203), and declined to file a response to Plaintiffs' re-urged motion for summary judgment. *See* ECF No. 253 at 2 ("Defendants did not file an additional response to Plaintiffs' reurged motion for summary judgment because Defendants rested on the previously filed summary judgment briefs.").

[2] The Ninth Circuit reached the opposite conclusion in *Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972 (9th Cir. 2025) [hereinafter *ImmDef*]. There, Chief Judge Murguia temporarily blocked MPP's reinstatement as to "ImmDef's [current and future] clients" under Section 705, while recognizing that "the Supreme Court's recent *Trump v. CASA, Inc.* decision explicitly declined to extend its holding to the APA context." 145 F.4th at 995 (citing 606 U.S. 831 (2025)); *see also CASA*, 606 U.S. at 847 n.10 ("Nothing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action." (citing 5 U.S.C. § 706(2)). The Ninth Circuit held that relief should be limited to the parties due to the "informative guidance" *CASA* supposedly provided for Section 705 stays, "because the factors used to determine whether to issue a § 705 stay under the APA are the same equitable factors used to consider whether to issue a preliminary injunction." *Id.* (citation modified).

2

1734866, at *2 (N.D. Tex. June 12, 2026) (Kacsmaryk, J.) (first quoting *Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024); then citing *Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 1 n.1 (Mem) (2023) (Kavanaugh, J., concurring in denial of application for stay)); *see also id.* (noting a split of authority at the Supreme Court concerning the proper scope of APA vacatur, with Justice Kavanaugh arguing its effect is universal while several other Justices have suggested the remedy should be limited "to the parties in each case" (quoting *United States v. Texas*, 599 U.S. 670, 695 (2023) (Gorsuch, Thomas, and Barrett, JJ., concurring in the judgment))).

Judgment is rendered accordingly.

**SO ORDERED.**

July **10**, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

This Court is bound by Fifth Circuit precedent, which takes the opposite view. But in the lone paragraph dedicated to *CASA*'s supposed implications for Section 705, the *ImmDef* court failed to account for the fact that Section 705 and the Judiciary Act of 1789 (the statute at issue in *CASA*, which endows federal courts with their equitable powers) are not the same statute, have virtually nothing in common, and were passed nearly two centuries apart. Nor does *ImmDef* acknowledge that the relief each statute authorizes runs against different entities (injunctions against parties and Section 705 stays against the government), or that the Supreme Court "has never explained what standard guides its issuance of § 705 relief." Note, *Halting Administrative Action in the Supreme Court*, 137 HARV. L. REV. 2016, 2017 (2024). Contrary to *ImmDef*'s assumption that the scope of Section 705 relief should be identical to injunctive relief simply because the same factors inform both analyses, courts have applied the preliminary-injunction factors to Section 705 stays because the two forms of relief have "some functional overlap," in that both preserve the status quo pending merits adjudication—*not* because it is a foregone conclusion that all cases dealing with equitable relief necessarily apply with equal force to Section 705 of the APA. 646 F. Supp. 3d at 769 n.3. In other words, unlike courts' equitable powers, all signs point to both temporary (Section 705 stays) and permanent (Section 706 vacatur) relief under the APA having universal effect.